# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ALTRIA CLIENT SERVICES LLC and U.S. SMOKELESS TOBACCO COMPANY LLC,<br><br>              Plaintiffs,<br><br>v.<br><br>R.J. REYNOLDS VAPOR COMPANY<br><br>              Defendant. | **Case No.: 1:20-cv-00472 (NCT/JLW)** |
| R.J. REYNOLDS VAPOR COMPANY<br><br>              Counterclaim Plaintiff,<br><br>v.<br><br>ALTRIA CLIENT SERVICES LLC and U.S. SMOKELESS TOBACCO COMPANY LLC,<br><br>              Counterclaim Defendants. | |

## R.J. REYNOLDS VAPOR CO.'S
## ANSWER AND COUNTERCLAIMS

Defendant R.J. Reynolds Vapor Co. ("RJRV" or "Defendant") answers Plaintiffs Altria Client Services LLC and U.S. Smokeless Tobacco Co. LLC's (collectively referred to herein as "Altria" or "Plaintiffs") Complaint for Patent Infringement (ECF No. 1; "Complaint") as follows. RJRV admits that Plaintiffs' pleading purports to be a complaint for patent infringement, but denies that RJRV has infringed any valid and enforceable patent claim or that Plaintiffs are entitled to any relief. Except as expressly stated, RJRV

denies each and every allegation in Plaintiffs' Complaint. RJRV's specific responses to the numbered allegations are set forth below.[1]

## NATURE OF THE ACTION

1.      RJRV admits that the Complaint purports to be an action for infringement of United States Patent Nos. 7,798,319; 8,458,996; 8,556,070; 10,143,242; 10,264,824; 10,299,517; 10,485,269; 10,492,541; and 10,588,357 (collectively, "the Asserted Patents") under the United States Patent Laws, 35 U.S.C. § 100 *et seq*.  RJRV denies that it has infringed any valid and enforceable patent claim or that Plaintiffs are entitled to any relief.

2.      Denied.

## THE PARTIES

3.      RJRV is informed and believes that Altria Client Services LLC is a Virginia corporation with a principal place of business located at 6601 West Broad Street, Richmond, Virginia 23230.

4.      RJRV is informed and believes that U.S. Smokeless Tobacco Company LLC is a Virginia corporation with a principal place of business located at 6603 West Broad Street, Richmond, Virginia 23230.

5.      Admitted.

---

[1] For convenience only, this Answer includes some of headings used in Plaintiffs' Complaint.  To the extent that a heading contains any allegation(s) made by Plaintiffs, RJRV denies all such allegation(s).

6. RJRV admits that it is an indirect, wholly owned subsidiary of Reynolds American Inc., and that Reynolds American Inc. is an indirect, wholly owned subsidiary of British American Tobacco, p.l.c., a publicly-traded company on the London Stock Exchange headquartered in London, England. Except as expressly stated, RJRV denies the remaining allegations of Paragraph 6 of the Complaint.

## JURISDICTION AND VENUE

7. RJRV admits that the action purportedly arises under the patent laws of the United States, Title 35 of the United States Code, and that federal courts have subject matter jurisdiction over such cases pursuant to 28 U.S.C. §§ 1331 and 1338(a). RJRV denies that it has committed any acts that give rise to Plaintiffs' causes of action under 28 U.S.C. § 1338(a).

8. RJRV admits that it is incorporated in North Carolina, has its principal place of business in this District, and that this Court has personal jurisdiction over RJRV in this action. RJRV denies that it has committed infringing acts within this District.

9. RJRV admits that it resides in this District, has its principal place of business in this District, and has a regular and established place of business in this District. RJRV admits that venue is proper in this District for the claims that Plaintiffs have asserted in their Complaint under 28 U.S.C. § 1400(b). RJRV denies that it has committed infringing acts within this District.

3

## THE ASSERTED PATENTS

10.    RJRV admits that Exhibit A to the Complaint purports to be a copy of U.S. Patent No. 7,798,319, the content of which speaks for itself. RJRV denies that the 319 Patent was duly and legally issued. Except as expressly stated, RJRV is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 10 of the Complaint and, on that basis, denies them.

11.    RJRV is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint and, on that basis, denies them.

12.    Denied.

13.    RJRV admits that Exhibit B to the Complaint purports to be a copy of U.S. Patent No. 8,458,996, the content of which speaks for itself. RJRV denies that the 996 Patent was duly and legally issued. Except as expressly stated, RJRV is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 13 of the Complaint and, on that basis, denies them.

14.    RJRV is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint and, on that basis, denies them.

15.    Denied.

16.    RJRV admits that Exhibit C to the Complaint purports to be a copy of U.S. Patent No. 8,556,070, the content of which speaks for itself. RJRV denies that the 070

Patent was duly and legally issued. Except as expressly stated, RJRV is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 16 of the Complaint and, on that basis, denies them.

17.     RJRV is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint and, on that basis, denies them.

18.     Denied.

19.     RJRV admits that Exhibit D to the Complaint purports to be a copy of U.S. Patent No. 10,143,242, the content of which speaks for itself. RJRV denies that the 242 Patent was duly and legally issued. Except as expressly stated, RJRV is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 19 of the Complaint and, on that basis, denies them.

20.     RJRV is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint and, on that basis, denies them.

21.     Denied.

22.     RJRV admits that Exhibit E purports to be a copy of U.S. Patent No. 10,264,824, the content of which speaks for itself. RJRV denies that the 824 Patent was duly and legally issued. Except as expressly stated, RJRV is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 22 of the Complaint and, on that basis, denies them.

23. RJRV is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint and, on that basis, denies them.

24. Denied.

25. RJRV admits that Exhibit F to the Complaint purports to be a copy of U.S. Patent No. 10,299,517, the content of which speaks for itself. RJRV denies that the 517 Patent was duly and legally issued. Except as expressly stated, RJRV is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 25 of the Complaint and, on that basis, denies them.

26. RJRV is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint and, on that basis, denies them.

27. Denied.

28. RJRV admits that Exhibit G to the Complaint purports to be a copy of U.S. Patent No. 10,485,269, the content of which speaks for itself. RJRV denies that the 269 Patent was duly and legally issued. Except as expressly stated, RJRV is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 28 of the Complaint and, on that basis, denies them.

29. RJRV is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint and, on that basis, denies them.

30.     Denied.

31.     RJRV admits that Exhibit H to the Complaint purports to be a copy of U.S. Patent No. 10,492,541, the content of which speaks for itself. RJRV denies that the 541 Patent was duly and legally issued. Except as expressly stated, RJRV is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 31 of the Complaint and, on that basis, denies them.

32.     RJRV is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint and, on that basis, denies them.

33.     Denied.

34.     RJRV admits that Exhibit I to the Complaint purports to be a copy of U.S. Patent No. 10,588,357, the content of which speaks for itself. RJRV denies that the 357 Patent was duly and legally issued. Except as expressly stated, RJRV is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 34 of the Complaint and, on that basis, denies them.

35.     RJRV is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint and, on that basis, denies them.

36.     Denied.

## REYNOLDS VAPOR'S VUSE E-VAPOR PRODUCTS

37.     Denied.

38.     Denied.

39.     RJRV admits only that Plaintiffs have copied images in Paragraph 39 of the Complaint that purport to show some external portions of certain VUSE Alto products and associated packaging, but RJRV cannot confirm the source, accuracy, or completeness of these images. RJRV denies that any of the products that Plaintiffs refer to as "the Accused VUSE ALTO Products" infringe any of the Asserted Patents. Except as expressly stated, RJRV denies the remaining allegations of Paragraph 39 of the Complaint.

40.     In response to Paragraph 40, RJRV admits that it markets and sells the VUSE Alto Complete Kit, VUSE Alto Power Unit, and VUSE Alto Flavor Packs. The VUSE Alto Complete Kit includes the device, a USB charging cable, and two flavor pods. The VUSE Alto Power Unit comes with one device and one USB charging cable. The VUSE Alto Flavor Packs are sold in packages containing two flavor pods per package and are available in Menthol, Golden Tobacco, and Rich Tobacco flavors with approximately 1.8%, 2.4%, and 5.0% nicotine. Except as expressly stated, RJRV denies the remaining allegations of Paragraph 40 of the Complaint.

41.     RJRV admits only that Plaintiffs have copied images in Paragraph 41 of the Complaint that purport to show some external portions of certain VUSE Vibe products and associated packaging, but RJRV cannot confirm the source, accuracy, or completeness of these images. RJRV denies that any of the products that Plaintiffs refer to as "the Accused VUSE VIBE Products" infringe any of the Asserted Patents. Except as expressly stated, RJRV denies the remaining allegations of Paragraph 41 of the Complaint.

42.     In response to Paragraph 42, RJRV admits that it markets and sells the VUSE Vibe Complete Kit, VUSE Vibe Power Unit, and VUSE Vibe Flavor Packs.  The VUSE Vibe Complete Kit includes the device, a USB charging cable, and two flavor tanks.  The VUSE Vibe Power Unit comes with one device and one USB charging cable.  The VUSE Vibe Flavor Packs are sold in packages containing two flavor tanks per package and are available in Menthol and Original.  Except as expressly stated, RJRV denies the remaining allegations of Paragraph 42 of the Complaint.

43.     In response to Paragraph 43 of the Complaint, RJRV states that Plaintiffs' characterization that "[t]he Accused VUSE Vapor Products are strategically and economically important to Reynolds Vapor and its parent companies . . ." is vague as written and, on that basis, RJRV denies any allegations directed to RJRV contained therein.  RJRV admits that in 2013, the former president of RJRV used the words "game-changing product in the e-cigarette category" in reference to a VUSE product that is not accused of infringement in this case.  RJRV admits that it markets, advertises, and/or promotes its e-cigarettes to adult tobacco users through various media.  RJRV also admits that its marketing and promotion of e-cigarettes has been and is a legal activity in compliance with the statutes and regulations of the United States and all states and territories where its products are sold.  RJRV denies the last sentence in Paragraph 43 insofar as Plaintiffs have presented an incomplete and inaccurate characterization of the quoted language.  Except as expressly stated, RJRV is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 43 and, on that basis, denies them.

9

44.     Denied.

45.     RJRV denies the allegations in the first sentence of Paragraph 45. RJRV is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 45 and, on that basis, denies them.

46.     In response to Paragraph 46 of the Complaint, RJRV states that Plaintiffs' allegation that "[t]he Accused VUSE ALTO Products achieved wide success" is vague as written and, on that basis, denies it. RJRV is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 46 and, on that basis, denies them.

47.     RJRV is without knowledge or information sufficient to form a belief as to the truth of any allegations in Paragraph 47 and, on that basis, denies them.

48.     Denied.

## REYNOLDS VAPOR'S PMTA SUBMISSIONS

49.     In response to Paragraph 49 of the Complaint, RJRV admits that the Food and Drug Administration ("FDA") announced a "Comprehensive Plan for Tobacco and Nicotine Regulation" ("FDA Plan") in July 2017, the content of such plan (and the domain name cited in Paragraph 49) speaks for itself. Except as expressly stated, RJRV denies the remaining allegations of Paragraph 49 of the Complaint.

50.     The allegations of Paragraph 50 of the Complaint purport to characterize the FDA Plan and statements made by or on behalf of the FDA, which speak for themselves.

As such, the allegations require no response by RJRV. To the extent that Plaintiffs intend to make any allegations against RJRV in Paragraph 50, RJRV denies them.

51.     The allegations of Paragraph 51 of the Complaint purport to characterize statements made and actions taken by the FDA, which speak for themselves. As such, the allegations require no response by RJRV. To the extent that Plaintiffs intend to make any allegations against RJRV in Paragraph 51, RJRV denies them.

52.     The allegations of Paragraph 52 of the Complaint purport to characterize certain statements made by or on behalf of the FDA and the United States District Court for the District of Maryland, the content of which speak for themselves. As such, the allegations require no response by RJRV. To the extent that Plaintiffs intend to make any allegations against RJRV in Paragraph 52, RJRV denies them.

53.     The allegations of Paragraph 53 of the Complaint purport to characterize the requirements of the "PMTA pathway" and the Federal Food, Drug, and Cosmetic Act § 910(c)(4), the content of which speak for themselves. As such, the allegations require no response by RJRV. To the extent that Plaintiffs intend to make any allegations against RJRV in Paragraph 53, RJRV denies them.

54.     In response to Paragraph 54 of the Complaint, RJRV denies any allegation implying that it has been or is currently under any obligation to "withdraw" or stop selling the VUSE Alto or VUSE Vibe products by virtue of the "Order." RJRV admits that it has submitted a PMTA for the VUSE Vibe product. RJRV is without knowledge or

11

information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 54 and, on that basis, denies them.

55.     Denied.

## REYNOLDS VAPOR'S VELO PRODUCTS

56.     Denied.

57.     Denied.

58.     RJRV admits only that Plaintiffs have copied images in Paragraph 58 of the Complaint that purport to show some aspects of certain VELO products, but RJRV cannot confirm the source, accuracy, or completeness of these images.  RJRV denies that any of the products that Plaintiffs refer to as "the Accused VELO Products" infringe any of the Asserted Patents.  Except as expressly stated, RJRV denies the remaining allegations of Paragraph 58 of the Complaint.

59.     In response to Paragraph 59 of the Complaint, RJRV states that Plaintiffs' characterization that "the Accused VELO Products are strategically and economically important to Defendant and its parent companies . . ." is vague as written and, on that basis, RJRV denies any allegations directed to RJRV contained therein.  RJRV is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 59 and, on that basis, denies them.

60.     RJRV is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 and, on that basis, denies them.

12

61.     RJRV is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 and, on that basis, denies them.

62.     Denied.

63.     In response to Paragraph 63 of the Complaint, RJRV admits that it knows of the Asserted Patents because of Plaintiffs' Complaint. RJRV denies all other allegations in Paragraph 63.

64.     Denied.

65.     Denied.

## COUNT I
## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 10,143,242

66.     RJRV reasserts and incorporates by reference its responses set forth in the preceding Paragraphs.

67.     In response to Paragraph 67 of the Complaint, RJRV admits that it sells and offers to sell the Accused VUSE VIBE Products. RJRV specifically denies that it engages in any activity that directly infringes any claim of the 242 Patent, whether literally or under the doctrine of equivalents. Except as expressly stated, RJRV denies the remaining allegations of Paragraph 67 of the Complaint.

68.     In response to Paragraph 68 of the Complaint, RJRV denies that the Accused VUSE VIBE Products infringe any claim of the 242 Patent. The remaining statements in Paragraph 68 set forth Plaintiffs' purported characterization of their alleged claim and

rights and, as such, require no response from RJRV.  To the extent that Plaintiffs intend to make any other allegations against RJRV in Paragraph 68, RJRV denies them.

69.    RJRV cannot confirm the source, accuracy, or completeness of the images or annotations in Paragraph 69 of the Complaint and thus lacks knowledge or information sufficient to form a belief about the truth of any allegations contained therein and, on that basis, denies them.  RJRV further responds that Paragraph 69 contains legal conclusions to which no answer is required.  To the extent that an answer is required, RJRV further denies the statements and allegations in Paragraph 69 of the Complaint insofar as they purport to require an application of various terms of the patent claims (e.g., Paragraph 69 expressly refers to "Claim 1 An electronic vaping device comprising") and are therefore premature in light of the timetable provided in the Local Patent Rules and before the Court has provided its interpretation of the patent claims pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996).  To the extent that Plaintiffs intend to make any other allegations against RJRV in Paragraph 69, RJRV denies them.

70.    RJRV cannot confirm the source, accuracy, or completeness of the images or annotations in Paragraph 70 of the Complaint and thus lacks knowledge or information sufficient to form a belief about the truth of any allegations contained therein and, on that basis, denies them.  RJRV further responds that Paragraph 70 contains legal conclusions to which no answer is required.  To the extent that an answer is required, RJRV further denies the statements and allegations in Paragraph 70 of the Complaint insofar as they purport to require an application of various terms of the patent claims (e.g., Paragraph 70 expressly

14

refers to "a battery portion, the battery portion including a battery configured to provide power to the electronic vaping device") and are therefore premature in light of the timetable provided in the Local Patent Rules and before the Court has provided its interpretation of the patent claims pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996). To the extent that Plaintiffs intend to make any other allegations against RJRV in Paragraph 70, RJRV denies them.

71. RJRV cannot confirm the source, accuracy, or completeness of the image or annotation in Paragraph 71 of the Complaint and thus lacks knowledge or information sufficient to form a belief about the truth of any allegations contained therein and, on that basis, denies them. RJRV further responds that Paragraph 71 contains legal conclusions to which no answer is required. To the extent that an answer is required, RJRV further denies the statements and allegations in Paragraph 71 of the Complaint insofar as they purport to require an application of various terms of the patent claims (e.g., Paragraph 71 expressly refers to "the battery portion including an air-flow sensor") and are therefore premature in light of the timetable provided in the Local Patent Rules and before the Court has provided its interpretation of the patent claims pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996). To the extent that Plaintiffs intend to make any other allegations against RJRV in Paragraph 71, RJRV denies them.

72. RJRV cannot confirm the source, accuracy, or completeness of the image or annotations in Paragraph 72 of the Complaint and thus lacks knowledge or information sufficient to form a belief about the truth of any allegations contained therein and, on that

basis, denies them. RJRV further responds that Paragraph 72 contains legal conclusions to which no answer is required. To the extent that an answer is required, RJRV further denies the statements and allegations in Paragraph 72 of the Complaint insofar as they purport to require an application of various terms of the patent claims (e.g., Paragraph 72 expressly refers to "the battery portion including circuitry linked to the air-flow sensor") and are therefore premature in light of the timetable provided in the Local Patent Rules and before the Court has provided its interpretation of the patent claims pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996). To the extent that Plaintiffs intend to make any other allegations against RJRV in Paragraph 72, RJRV denies them.

73. RJRV cannot confirm the source, accuracy, or completeness of the images or annotation in Paragraph 73 of the Complaint and thus lacks knowledge or information sufficient to form a belief about the truth of any allegations contained therein and, on that basis, denies them. RJRV further responds that Paragraph 73 contains legal conclusions to which no answer is required. To the extent that an answer is required, RJRV further denies the statements and allegations in Paragraph 73 of the Complaint insofar as they purport to require an application of various terms of the patent claims (e.g., Paragraph 73 expressly refers to "the battery portion including one or more electronic chips") and are therefore premature in light of the timetable provided in the Local Patent Rules and before the Court has provided its interpretation of the patent claims pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996). To the extent that Plaintiffs intend to make any other allegations against RJRV in Paragraph 73, RJRV denies them.

Case 1:20-cv-00472-NCT-JLW   Document 21   Filed 07/22/20   Page 16 of 113

74. RJRV cannot confirm the source, accuracy, or completeness of the images in Paragraph 74 of the Complaint and thus lacks knowledge or information sufficient to form a belief about the truth of any allegations contained therein and, on that basis, denies them. RJRV further responds that Paragraph 74 contains legal conclusions to which no answer is required. To the extent that an answer is required, RJRV further denies the statements and allegations in Paragraph 74 of the Complaint insofar as they purport to require an application of various terms of the patent claims (e.g., Paragraph 74 expressly refers to "a cartridge configured to be coupled with the battery portion") and are therefore premature in light of the timetable provided in the Local Patent Rules and before the Court has provided its interpretation of the patent claims pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996). To the extent that Plaintiffs intend to make any other allegations against RJRV in Paragraph 74, RJRV denies them.

75. RJRV cannot confirm the source, accuracy, or completeness of the images or annotations in Paragraph 75 of the Complaint and thus lacks knowledge or information sufficient to form a belief about the truth of any allegations contained therein and, on that basis, denies them. RJRV further responds that Paragraph 75 contains legal conclusions to which no answer is required. To the extent that an answer is required, RJRV further denies the statements and allegations in Paragraph 75 of the Complaint insofar as they purport to require an application of various terms of the patent claims (e.g., Paragraph 75 expressly refers to "the cartridge configured to generate a dispersion that is added to air flow through the cartridge") and are therefore premature in light of the timetable provided in the Local

17

Patent Rules and before the Court has provided its interpretation of the patent claims pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996). To the extent that Plaintiffs intend to make any other allegations against RJRV in Paragraph 75, RJRV denies them.

76. RJRV cannot confirm the source, accuracy, or completeness of the images or annotations in Paragraph 76 of the Complaint and thus lacks knowledge or information sufficient to form a belief about the truth of any allegations contained therein and, on that basis, denies them. RJRV further responds that Paragraph 76 contains legal conclusions to which no answer is required. To the extent that an answer is required, RJRV further denies the statements and allegations in Paragraph 76 of the Complaint insofar as they purport to require an application of various terms of the patent claims (e.g., Paragraph 76 expressly refers to "the cartridge including a heating coil wrapped around a wick") and are therefore premature in light of the timetable provided in the Local Patent Rules and before the Court has provided its interpretation of the patent claims pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996). To the extent that Plaintiffs intend to make any other allegations against RJRV in Paragraph 76, RJRV denies them.

77. RJRV cannot confirm the source, accuracy, or completeness of the images or annotations in Paragraph 77 of the Complaint and thus lacks knowledge or information sufficient to form a belief about the truth of any allegations contained therein and, on that basis, denies them. RJRV further responds that Paragraph 77 contains legal conclusions to which no answer is required. To the extent that an answer is required, RJRV further denies

the statements and allegations in Paragraph 77 of the Complaint insofar as they purport to require an application of various terms of the patent claims (e.g., Paragraph 77 expressly refers to "the cartridge including an airflow tube and an outer housing") and are therefore premature in light of the timetable provided in the Local Patent Rules and before the Court has provided its interpretation of the patent claims pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996). To the extent that Plaintiffs intend to make any other allegations against RJRV in Paragraph 77, RJRV denies them.

78. RJRV cannot confirm the source, accuracy, or completeness of the images in Paragraph 78 of the Complaint and thus lacks knowledge or information sufficient to form a belief about the truth of any allegations contained therein and, on that basis, denies them. RJRV further responds that Paragraph 78 contains legal conclusions to which no answer is required. To the extent that an answer is required, RJRV further denies the statements and allegations in Paragraph 78 of the Complaint insofar as they purport to require an application of various terms of the patent claims (e.g., Paragraph 78 expressly refers to "[a] cartridge"; "an outer housing") and are therefore premature in light of the timetable provided in the Local Patent Rules and before the Court has provided its interpretation of the patent claims pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996). To the extent that Plaintiffs intend to make any other allegations against RJRV in Paragraph 78, RJRV denies them.

79. RJRV cannot confirm the source, accuracy, or completeness of the images or annotations in Paragraph 79 of the Complaint and thus lacks knowledge or information

19

sufficient to form a belief about the truth of any allegations contained therein and, on that basis, denies them. RJRV further responds that Paragraph 79 contains legal conclusions to which no answer is required. To the extent that an answer is required, RJRV further denies the statements and allegations in Paragraph 79 of the Complaint insofar as they purport to require an application of various terms of the patent claims (e.g., Paragraph 79 expressly refers to "the cartridge being filled with liquid") and are therefore premature in light of the timetable provided in the Local Patent Rules and before the Court has provided its interpretation of the patent claims pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996). To the extent that Plaintiffs intend to make any other allegations against RJRV in Paragraph 79, RJRV denies them.

80. RJRV cannot confirm the source, accuracy, or completeness of the images in Paragraph 80 of the Complaint and thus lacks knowledge or information sufficient to form a belief about the truth of any allegations contained therein and, on that basis, denies them. RJRV further responds that Paragraph 80 contains legal conclusions to which no answer is required. To the extent that an answer is required, RJRV further denies the statements and allegations in Paragraph 80 of the Complaint insofar as they purport to require an application of various terms of the patent claims (e.g., Paragraph 80 expressly refers to "a mouthpiece connected to the cartridge") and are therefore premature in light of the timetable provided in the Local Patent Rules and before the Court has provided its interpretation of the patent claims pursuant to *Markman v. Westview Instruments, Inc.*, 517

20

U.S. 370 (1996). To the extent that Plaintiffs intend to make any other allegations against RJRV in Paragraph 80, RJRV denies them.

81. RJRV cannot confirm the source, accuracy, or completeness of the image in Paragraph 81 of the Complaint and thus lacks knowledge or information sufficient to form a belief about the truth of any allegations contained therein and, on that basis, denies them. RJRV further responds that Paragraph 81 contains legal conclusions to which no answer is required. To the extent that an answer is required, RJRV further denies the statements and allegations in Paragraph 81 of the Complaint insofar as they purport to require an application of various terms of the patent claims (e.g., Paragraph 81 expressly refers to "the mouthpiece being attached to an outer surface of the cartridge") and are therefore premature in light of the timetable provided in the Local Patent Rules and before the Court has provided its interpretation of the patent claims pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996). To the extent that Plaintiffs intend to make any other allegations against RJRV in Paragraph 81, RJRV denies them.

82. RJRV cannot confirm the source, accuracy, or completeness of the image in Paragraph 82 of the Complaint and thus lacks knowledge or information sufficient to form a belief about the truth of any allegations contained therein and, on that basis, denies them. RJRV further responds that Paragraph 82 contains legal conclusions to which no answer is required. To the extent that an answer is required, RJRV further denies the statements and allegations in Paragraph 82 of the Complaint insofar as they purport to require an application of various terms of the patent claims (e.g., Paragraph 82 expressly refers to "an

end region of the cartridge extending into the mouthpiece such that the mouthpiece surrounds at least a portion of the end region of the cartridge") and are therefore premature in light of the timetable provided in the Local Patent Rules and before the Court has provided its interpretation of the patent claims pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996). To the extent that Plaintiffs intend to make any other allegations against RJRV in Paragraph 82, RJRV denies them.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

## COUNT II
## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 10,264,824

89. RJRV reasserts and incorporates by reference its responses set forth in the preceding Paragraphs.

90. In response to Paragraph 90 of the Complaint, RJRV admits that it sells and offers to sell Accused VUSE VIBE Products. RJRV specifically denies that it engages in any activity that directly infringes any claim of the 824 Patent, whether literally or under the doctrine of equivalents. Except as expressly stated, RJRV denies the remaining allegations of Paragraph 90 of the Complaint.

22

91.     In response to Paragraph 91 of the Complaint, RJRV denies that the Accused VUSE VIBE Products infringe any claim of the 824 Patent.  The remaining statements in Paragraph 91 set forth Plaintiffs' purported characterization of their alleged claim and rights and, as such, require no response from RJRV.  To the extent that Plaintiffs intend to make any other allegations against RJRV in Paragraph 91, RJRV denies them.

92.     RJRV responds that Paragraph 92 contains legal conclusions to which no answer is required.  To the extent that an answer is required, RJRV denies the statements and allegations in Paragraph 92 of the Complaint insofar as they purport to require an application of various terms of the patent claims (e.g., Paragraph 92 expressly refers to "Claim 1 A cartridge assembly for coupling to a battery portion of an electronic vaping device, the cartridge assembly comprising") and are therefore premature in light of the timetable provided in the Local Patent Rules and before the Court has provided its interpretation of the patent claims pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996).  To the extent that Plaintiffs intend to make any other allegations against RJRV in Paragraph 92, RJRV denies them.

93.     RJRV cannot confirm the source, accuracy, or completeness of the images or annotations in Paragraph 93 of the Complaint and thus lacks knowledge or information sufficient to form a belief about the truth of any allegations contained therein and, on that basis, denies them.  RJRV further responds that Paragraph 93 contains legal conclusions to which no answer is required.  To the extent that an answer is required, RJRV further denies the statements and allegations in Paragraph 93 of the Complaint insofar as they purport to

23

require an application of various terms of the patent claims (e.g., Paragraph 93 expressly refers to "an electronic vaping device") and are therefore premature in light of the timetable provided in the Local Patent Rules and before the Court has provided its interpretation of the patent claims pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996). To the extent that Plaintiffs intend to make any other allegations against RJRV in Paragraph 93, RJRV denies them.

94.     RJRV cannot confirm the source, accuracy, or completeness of the images or annotations in Paragraph 94 of the Complaint and thus lacks knowledge or information sufficient to form a belief about the truth of any allegations contained therein and, on that basis, denies them.  RJRV further responds that Paragraph 94 contains legal conclusions to which no answer is required.  To the extent that an answer is required, RJRV further denies the statements and allegations in Paragraph 94 of the Complaint insofar as they purport to require an application of various terms of the patent claims (e.g., Paragraph 94 expressly refers to "[a] cartridge assembly"; "a battery portion") and are therefore premature in light of the timetable provided in the Local Patent Rules and before the Court has provided its interpretation of the patent claims pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996).  To the extent that Plaintiffs intend to make any other allegations against RJRV in Paragraph 94, RJRV denies them.

95.     RJRV cannot confirm the source, accuracy, or completeness of the images or annotations in Paragraph 95 of the Complaint and thus lacks knowledge or information sufficient to form a belief about the truth of any allegations contained therein and, on that

basis, denies them. RJRV further responds that Paragraph 95 contains legal conclusions to which no answer is required. To the extent that an answer is required, RJRV further denies the statements and allegations in Paragraph 95 of the Complaint insofar as they purport to require an application of various terms of the patent claims (e.g., Paragraph 95 expressly refers to "a cartridge portion") and are therefore premature in light of the timetable provided in the Local Patent Rules and before the Court has provided its interpretation of the patent claims pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996). To the extent that Plaintiffs intend to make any other allegations against RJRV in Paragraph 95, RJRV denies them.

96.     RJRV cannot confirm the source, accuracy, or completeness of the images or annotations in Paragraph 96 of the Complaint and thus lacks knowledge or information sufficient to form a belief about the truth of any allegations contained therein and, on that basis, denies them. RJRV further responds that Paragraph 96 contains legal conclusions to which no answer is required. To the extent that an answer is required, RJRV further denies the statements and allegations in Paragraph 96 of the Complaint insofar as they purport to require an application of various terms of the patent claims (e.g., Paragraph 96 expressly refers to "the cartridge portion being configured to generate a dispersion that is added to air flow through the cartridge") and are therefore premature in light of the timetable provided in the Local Patent Rules and before the Court has provided its interpretation of the patent claims pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996).

25

To the extent that Plaintiffs intend to make any other allegations against RJRV in Paragraph 96, RJRV denies them.

97.     RJRV cannot confirm the source, accuracy, or completeness of the images or annotations in Paragraph 97 of the Complaint and thus lacks knowledge or information sufficient to form a belief about the truth of any allegations contained therein and, on that basis, denies them. RJRV further responds that Paragraph 97 contains legal conclusions to which no answer is required. To the extent that an answer is required, RJRV further denies the statements and allegations in Paragraph 97 of the Complaint insofar as they purport to require an application of various terms of the patent claims (e.g., Paragraph 97 expressly refers to "the cartridge portion including a heating coil wrapped around a wick") and are therefore premature in light of the timetable provided in the Local Patent Rules and before the Court has provided its interpretation of the patent claims pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996). To the extent that Plaintiffs intend to make any other allegations against RJRV in Paragraph 97, RJRV denies them.

98.     RJRV responds that Paragraph 98 contains legal conclusions to which no answer is required. To the extent that an answer is required, RJRV denies the statements and allegations in Paragraph 98 of the Complaint insofar as they purport to require an application of various terms of the patent claims (e.g., Paragraph 98 expressly refers to "the cartridge portion including an airflow tube and an outer housing") and are therefore premature in light of the timetable provided in the Local Patent Rules and before the Court has provided its interpretation of the patent claims pursuant to *Markman v. Westview*

26

*Instruments, Inc.*, 517 U.S. 370 (1996). To the extent that Plaintiffs intend to make any other allegations against RJRV in Paragraph 98, RJRV denies them.

99. RJRV cannot confirm the source, accuracy, or completeness of the images or annotations in Paragraph 99 of the Complaint and thus lacks knowledge or information sufficient to form a belief about the truth of any allegations contained therein and, on that basis, denies them. RJRV further responds that Paragraph 99 contains legal conclusions to which no answer is required. To the extent that an answer is required, RJRV further denies the statements and allegations in Paragraph 99 of the Complaint insofar as they purport to require an application of various terms of the patent claims (e.g., Paragraph 99 expressly refers to "[a] cartridge portion"; "an airflow tube") and are therefore premature in light of the timetable provided in the Local Patent Rules and before the Court has provided its interpretation of the patent claims pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996). To the extent that Plaintiffs intend to make any other allegations against RJRV in Paragraph 99, RJRV denies them.

100. RJRV cannot confirm the source, accuracy, or completeness of the images in Paragraph 100 of the Complaint and thus lacks knowledge or information sufficient to form a belief about the truth of any allegations contained therein and, on that basis, denies them. RJRV further responds that Paragraph 100 contains legal conclusions to which no answer is required. To the extent that an answer is required, RJRV further denies the statements and allegations in Paragraph 100 of the Complaint insofar as they purport to require an application of various terms of the patent claims (e.g., Paragraph 100 expressly refers to

27

"[a] cartridge portion"; "an outer housing") and are therefore premature in light of the timetable provided in the Local Patent Rules and before the Court has provided its interpretation of the patent claims pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996). To the extent that Plaintiffs intend to make any other allegations against RJRV in Paragraph 100, RJRV denies them.

101. RJRV cannot confirm the source, accuracy, or completeness of the images or annotations in Paragraph 101 of the Complaint and thus lacks knowledge or information sufficient to form a belief about the truth of any allegations contained therein and, on that basis, denies them. RJRV further responds that Paragraph 101 contains legal conclusions to which no answer is required. To the extent that an answer is required, RJRV further denies the statements and allegations in Paragraph 101 of the Complaint insofar as they purport to require an application of various terms of the patent claims (e.g., Paragraph 101 expressly refers to "the cartridge portion being filled with a liquid") and are therefore premature in light of the timetable provided in the Local Patent Rules and before the Court has provided its interpretation of the patent claims pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996). To the extent that Plaintiffs intend to make any other allegations against RJRV in Paragraph 101, RJRV denies them.

102. RJRV cannot confirm the source, accuracy, or completeness of the images in Paragraph 102 of the Complaint and thus lacks knowledge or information sufficient to form a belief about the truth of any allegations contained therein and, on that basis, denies them. RJRV further responds that Paragraph 102 contains legal conclusions to which no answer

is required. To the extent that an answer is required, RJRV further denies the statements and allegations in Paragraph 102 of the Complaint insofar as they purport to require an application of various terms of the patent claims (e.g., Paragraph 102 expressly refers to "a mouthpiece connected to the cartridge portion") and are therefore premature in light of the timetable provided in the Local Patent Rules and before the Court has provided its interpretation of the patent claims pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996). To the extent that Plaintiffs intend to make any other allegations against RJRV in Paragraph 102, RJRV denies them.

103. RJRV cannot confirm the source, accuracy, or completeness of the image in Paragraph 103 of the Complaint and thus lacks knowledge or information sufficient to form a belief about the truth of any allegations contained therein and, on that basis, denies them. RJRV further responds that Paragraph 103 contains legal conclusions to which no answer is required. To the extent that an answer is required, RJRV further denies the statements and allegations in Paragraph 103 of the Complaint insofar as they purport to require an application of various terms of the patent claims (e.g., Paragraph 103 expressly refers to "the mouthpiece being attached to an outer surface of the cartridge portion") and are therefore premature in light of the timetable provided in the Local Patent Rules and before the Court has provided its interpretation of the patent claims pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996). To the extent that Plaintiffs intend to make any other allegations against RJRV in Paragraph 103, RJRV denies them.

104. RJRV cannot confirm the source, accuracy, or completeness of the image in Paragraph 104 of the Complaint and thus lacks knowledge or information sufficient to form a belief about the truth of any allegations contained therein and, on that basis, denies them. RJRV further responds that Paragraph 104 contains legal conclusions to which no answer is required. To the extent that an answer is required, RJRV further denies the statements and allegations in Paragraph 104 of the Complaint insofar as they purport to require an application of various terms of the patent claims (e.g., Paragraph 104 expressly refers to "an end region of the cartridge portion extending into the mouthpiece such that the mouthpiece surrounds at least a portion of the end region of the cartridge portion") and are therefore premature in light of the timetable provided in the Local Patent Rules and before the Court has provided its interpretation of the patent claims pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996). To the extent that Plaintiffs intend to make any other allegations against RJRV in Paragraph 104, RJRV denies them.

105. Denied.

106. Denied.

107. Denied.

108. Denied.

109. Denied.

110. Denied.

## COUNT III
## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 10,299,517

111.     RJRV reasserts and incorporates by reference its responses set forth in the preceding Paragraphs.

112.     In response to Paragraph 112 of the Complaint, RJRV admits that it sells and offers to sell Accused VUSE ALTO Products.  RJRV specifically denies that it engages in any activity that directly infringes any claim of the 517 Patent, whether literally or under the doctrine of equivalents.   Except as expressly stated, RJRV denies the remaining allegations of Paragraph 112 of the Complaint.

113.     In response to Paragraph 113 of the Complaint, RJRV denies that the Accused VUSE ALTO Products infringe any claim of the 517 Patent.   The remaining statements in Paragraph 113 set forth Plaintiffs' purported characterization of their alleged claim and rights and, as such, require no response from RJRV.  To the extent that Plaintiffs intend to make any other allegations against RJRV in Paragraph 113, RJRV denies them.

114.     RJRV cannot confirm the source, accuracy, or completeness of the images or annotations in Paragraph 114 of the Complaint and thus lacks knowledge or information sufficient to form a belief about the truth of any allegations contained therein and, on that basis, denies them.  RJRV further responds that Paragraph 114 contains legal conclusions to which no answer is required.   To the extent that an answer is required, RJRV further denies the statements and allegations in Paragraph 114 of the Complaint insofar as they purport to require an application of various terms of the patent claims (e.g., Paragraph 114 expressly refers to "Claim 10 An e-vapor apparatus, comprising") and are therefore

31

premature in light of the timetable provided in the Local Patent Rules and before the Court has provided its interpretation of the patent claims pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996). To the extent that Plaintiffs intend to make any other allegations against RJRV in Paragraph 114, RJRV denies them.

115. RJRV cannot confirm the source, accuracy, or completeness of the images in Paragraph 115 of the Complaint and thus lacks knowledge or information sufficient to form a belief about the truth of any allegations contained therein and, on that basis, denies them. RJRV further responds that Paragraph 115 contains legal conclusions to which no answer is required. To the extent that an answer is required, RJRV further denies the statements and allegations in Paragraph 115 of the Complaint insofar as they purport to require an application of various terms of the patent claims (e.g., Paragraph 115 expressly refers to "a pod assembly including a plurality of external surfaces") and are therefore premature in light of the timetable provided in the Local Patent Rules and before the Court has provided its interpretation of the patent claims pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996). To the extent that Plaintiffs intend to make any other allegations against RJRV in Paragraph 115, RJRV denies them.

116. RJRV cannot confirm the source, accuracy, or completeness of the image or annotation in Paragraph 116 of the Complaint and thus lacks knowledge or information sufficient to form a belief about the truth of any allegations contained therein and, on that basis, denies them. RJRV further responds that Paragraph 116 contains legal conclusions to which no answer is required. To the extent that an answer is required, RJRV further

32

denies the statements and allegations in Paragraph 116 of the Complaint insofar as they purport to require an application of various terms of the patent claims (e.g., Paragraph 116 expressly refers to "a liquid compartment") and are therefore premature in light of the timetable provided in the Local Patent Rules and before the Court has provided its interpretation of the patent claims pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996). To the extent that Plaintiffs intend to make any other allegations against RJRV in Paragraph 116, RJRV denies them.

117. RJRV cannot confirm the source, accuracy, or completeness of the image or annotation in Paragraph 117 of the Complaint and thus lacks knowledge or information sufficient to form a belief about the truth of any allegations contained therein and, on that basis, denies them. RJRV further responds that Paragraph 117 contains legal conclusions to which no answer is required. To the extent that an answer is required, RJRV further denies the statements and allegations in Paragraph 117 of the Complaint insofar as they purport to require an application of various terms of the patent claims (e.g., Paragraph 117 expressly refers to "a vaporizer compartment") and are therefore premature in light of the timetable provided in the Local Patent Rules and before the Court has provided its interpretation of the patent claims pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996). To the extent that Plaintiffs intend to make any other allegations against RJRV in Paragraph 117, RJRV denies them.

118. RJRV cannot confirm the source, accuracy, or completeness of the image or annotation in Paragraph 118 of the Complaint and thus lacks knowledge or information

33

sufficient to form a belief about the truth of any allegations contained therein and, on that basis, denies them. RJRV further responds that Paragraph 118 contains legal conclusions to which no answer is required. To the extent that an answer is required, RJRV further denies the statements and allegations in Paragraph 118 of the Complaint insofar as they purport to require an application of various terms of the patent claims (e.g., Paragraph 118 expressly refers to "a vapor channel") and are therefore premature in light of the timetable provided in the Local Patent Rules and before the Court has provided its interpretation of the patent claims pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996). To the extent that Plaintiffs intend to make any other allegations against RJRV in Paragraph 118, RJRV denies them.

119. RJRV cannot confirm the source, accuracy, or completeness of the image or annotation in Paragraph 119 of the Complaint and thus lacks knowledge or information sufficient to form a belief about the truth of any allegations contained therein and, on that basis, denies them. RJRV further responds that Paragraph 119 contains legal conclusions to which no answer is required. To the extent that an answer is required, RJRV further denies the statements and allegations in Paragraph 119 of the Complaint insofar as they purport to require an application of various terms of the patent claims (e.g., Paragraph 119 expressly refers to "and a plurality of electrical contacts") and are therefore premature in light of the timetable provided in the Local Patent Rules and before the Court has provided its interpretation of the patent claims pursuant to *Markman v. Westview Instruments, Inc.*,

34

517 U.S. 370 (1996). To the extent that Plaintiffs intend to make any other allegations against RJRV in Paragraph 119, RJRV denies them.

120. RJRV cannot confirm the source, accuracy, or completeness of the images in Paragraph 120 of the Complaint and thus lacks knowledge or information sufficient to form a belief about the truth of any allegations contained therein and, on that basis, denies them. RJRV further responds that Paragraph 120 contains legal conclusions to which no answer is required. To the extent that an answer is required, RJRV further denies the statements and allegations in Paragraph 120 of the Complaint insofar as they purport to require an application of various terms of the patent claims (e.g., Paragraph 120 expressly refers to "the plurality of external surfaces including a front face, a rear face opposite the front face, a first side face between the front face and the rear face, a second side face opposite the first side face, a downstream end face, and an upstream end face opposite the downstream end face") and are therefore premature in light of the timetable provided in the Local Patent Rules and before the Court has provided its interpretation of the patent claims pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996). To the extent that Plaintiffs intend to make any other allegations against RJRV in Paragraph 120, RJRV denies them.

121. RJRV cannot confirm the source, accuracy, or completeness of the images or annotations in Paragraph 121 of the Complaint and thus lacks knowledge or information sufficient to form a belief about the truth of any allegations contained therein and, on that basis, denies them. RJRV further responds that Paragraph 121 contains legal conclusions to which no answer is required. To the extent that an answer is required, RJRV further

denies the statements and allegations in Paragraph 121 of the Complaint insofar as they purport to require an application of various terms of the patent claims (e.g., Paragraph 121 expressly refers to "a portion of at least the front face or the rear face being transparent") and are therefore premature in light of the timetable provided in the Local Patent Rules and before the Court has provided its interpretation of the patent claims pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996). To the extent that Plaintiffs intend to make any other allegations against RJRV in Paragraph 121, RJRV denies them.

122. RJRV cannot confirm the source, accuracy, or completeness of the image or annotation in Paragraph 122 of the Complaint and thus lacks knowledge or information sufficient to form a belief about the truth of any allegations contained therein and, on that basis, denies them. RJRV further responds that Paragraph 122 contains legal conclusions to which no answer is required. To the extent that an answer is required, RJRV further denies the statements and allegations in Paragraph 122 of the Complaint insofar as they purport to require an application of various terms of the patent claims (e.g., Paragraph 122 expressly refers to "the downstream end face defining an outlet") and are therefore premature in light of the timetable provided in the Local Patent Rules and before the Court has provided its interpretation of the patent claims pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996). To the extent that Plaintiffs intend to make any other allegations against RJRV in Paragraph 122, RJRV denies them.

123. RJRV cannot confirm the source, accuracy, or completeness of the images or annotations in Paragraph 123 of the Complaint and thus lacks knowledge or information

36

sufficient to form a belief about the truth of any allegations contained therein and, on that basis, denies them. RJRV further responds that Paragraph 123 contains legal conclusions to which no answer is required. To the extent that an answer is required, RJRV further denies the statements and allegations in Paragraph 123 of the Complaint insofar as they purport to require an application of various terms of the patent claims (e.g., Paragraph 123 expressly refers to "the liquid compartment configured to hold a liquid formulation such that the liquid formulation is visible through at least the front face or the rear face") and are therefore premature in light of the timetable provided in the Local Patent Rules and before the Court has provided its interpretation of the patent claims pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996). To the extent that Plaintiffs intend to make any other allegations against RJRV in Paragraph 123, RJRV denies them.

124. RJRV cannot confirm the source, accuracy, or completeness of the images or annotations in Paragraph 124 of the Complaint and thus lacks knowledge or information sufficient to form a belief about the truth of any allegations contained therein and, on that basis, denies them. RJRV further responds that Paragraph 124 contains legal conclusions to which no answer is required. To the extent that an answer is required, RJRV further denies the statements and allegations in Paragraph 124 of the Complaint insofar as they purport to require an application of various terms of the patent claims (e.g., Paragraph 124 expressly refers to "the vaporizer compartment in fluidic communication with the liquid compartment") and are therefore premature in light of the timetable provided in the Local Patent Rules and before the Court has provided its interpretation of the patent claims

pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996). To the extent that Plaintiffs intend to make any other allegations against RJRV in Paragraph 124, RJRV denies them.

125. RJRV cannot confirm the source, accuracy, or completeness of the images or annotations in Paragraph 125 of the Complaint and thus lacks knowledge or information sufficient to form a belief about the truth of any allegations contained therein and, on that basis, denies them. RJRV further responds that Paragraph 125 contains legal conclusions to which no answer is required. To the extent that an answer is required, RJRV further denies the statements and allegations in Paragraph 125 of the Complaint insofar as they purport to require an application of various terms of the patent claims (e.g., Paragraph 125 expressly refers to "the vaporizer"; "liquid compartment"; "fluidic communication") and are therefore premature in light of the timetable provided in the Local Patent Rules and before the Court has provided its interpretation of the patent claims pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996). To the extent that Plaintiffs intend to make any other allegations against RJRV in Paragraph 125, RJRV denies them.

126. RJRV cannot confirm the source, accuracy, or completeness of the image or annotations in Paragraph 126 of the Complaint and thus lacks knowledge or information sufficient to form a belief about the truth of any allegations contained therein and, on that basis, denies them. RJRV further responds that Paragraph 126 contains legal conclusions to which no answer is required. To the extent that an answer is required, RJRV further denies the statements and allegations in Paragraph 126 of the Complaint insofar as they

38

purport to require an application of various terms of the patent claims (e.g., Paragraph 126 expressly refers to "the vaporizer compartment being adjacent to the upstream end face") and are therefore premature in light of the timetable provided in the Local Patent Rules and before the Court has provided its interpretation of the patent claims pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996). To the extent that Plaintiffs intend to make any other allegations against RJRV in Paragraph 126, RJRV denies them.

127.    RJRV cannot confirm the source, accuracy, or completeness of the images or annotations in Paragraph 127 of the Complaint and thus lacks knowledge or information sufficient to form a belief about the truth of any allegations contained therein and, on that basis, denies them. RJRV further responds that Paragraph 127 contains legal conclusions to which no answer is required. To the extent that an answer is required, RJRV further denies the statements and allegations in Paragraph 127 of the Complaint insofar as they purport to require an application of various terms of the patent claims (e.g., Paragraph 127 expressly refers to "the vaporizer compartment configured to heat the liquid formulation, the vaporizer compartment including a heater and a wick") and are therefore premature in light of the timetable provided in the Local Patent Rules and before the Court has provided its interpretation of the patent claims pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996). To the extent that Plaintiffs intend to make any other allegations against RJRV in Paragraph 127, RJRV denies them.

128.    RJRV cannot confirm the source, accuracy, or completeness of the images or annotations in Paragraph 128 of the Complaint and thus lacks knowledge or information

39

sufficient to form a belief about the truth of any allegations contained therein and, on that basis, denies them. RJRV further responds that Paragraph 128 contains legal conclusions to which no answer is required. To the extent that an answer is required, RJRV further denies the statements and allegations in Paragraph 128 of the Complaint insofar as they purport to require an application of various terms of the patent claims (e.g., Paragraph 128 expressly refers to "the vapor channel extending from the vaporizer compartment, through a center of the liquid compartment, and to the outlet") and are therefore premature in light of the timetable provided in the Local Patent Rules and before the Court has provided its interpretation of the patent claims pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996). To the extent that Plaintiffs intend to make any other allegations against RJRV in Paragraph 128, RJRV denies them.

129. RJRV cannot confirm the source, accuracy, or completeness of the image or annotation in Paragraph 129 of the Complaint and thus lacks knowledge or information sufficient to form a belief about the truth of any allegations contained therein and, on that basis, denies them. RJRV further responds that Paragraph 129 contains legal conclusions to which no answer is required. To the extent that an answer is required, RJRV further denies the statements and allegations in Paragraph 129 of the Complaint insofar as they purport to require an application of various terms of the patent claims (e.g., Paragraph 129 expressly refers to "the vapor channel being visible through at least the front face or the rear face") and are therefore premature in light of the timetable provided in the Local Patent Rules and before the Court has provided its interpretation of the patent claims pursuant to

40

*Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996). To the extent that Plaintiffs intend to make any other allegations against RJRV in Paragraph 129, RJRV denies them.

130. RJRV cannot confirm the source, accuracy, or completeness of the image or annotation in Paragraph 130 of the Complaint and thus lacks knowledge or information sufficient to form a belief about the truth of any allegations contained therein and, on that basis, denies them. RJRV further responds that Paragraph 130 contains legal conclusions to which no answer is required. To the extent that an answer is required, RJRV further denies the statements and allegations in Paragraph 130 of the Complaint insofar as they purport to require an application of various terms of the patent claims (e.g., Paragraph 130 expressly refers to "the plurality of electrical contacts having respective planar surface at the upstream end face and electrically connected to the heater in the vaporizer compartment") and are therefore premature in light of the timetable provided in the Local Patent Rules and before the Court has provided its interpretation of the patent claims pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996). To the extent that Plaintiffs intend to make any other allegations against RJRV in Paragraph 130, RJRV denies them.

131. RJRV cannot confirm the source, accuracy, or completeness of the image or annotation in Paragraph 131 of the Complaint and thus lacks knowledge or information sufficient to form a belief about the truth of any allegations contained therein and, on that basis, denies them. RJRV further responds that Paragraph 131 contains legal conclusions to which no answer is required. To the extent that an answer is required, RJRV further

41

denies the statements and allegations in Paragraph 131 of the Complaint insofar as they purport to require an application of various terms of the patent claims (e.g., Paragraph 131 expressly refers to "electrical contacts"; "electrically connected to the heater in the vaporizer compartment") and are therefore premature in light of the timetable provided in the Local Patent Rules and before the Court has provided its interpretation of the patent claims pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996). To the extent that Plaintiffs intend to make any other allegations against RJRV in Paragraph 131, RJRV denies them.

132. RJRV cannot confirm the source, accuracy, or completeness of the image or annotation in Paragraph 132 of the Complaint and thus lacks knowledge or information sufficient to form a belief about the truth of any allegations contained therein and, on that basis, denies them. RJRV further responds that Paragraph 132 contains legal conclusions to which no answer is required. To the extent that an answer is required, RJRV further denies the statements and allegations in Paragraph 132 of the Complaint insofar as they purport to require an application of various terms of the patent claims (e.g., Paragraph 132 expressly refers to "the vapor channel being between the outlet and the plurality of electrical contacts") and are therefore premature in light of the timetable provided in the Local Patent Rules and before the Court has provided its interpretation of the patent claims pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996). To the extent that Plaintiffs intend to make any other allegations against RJRV in Paragraph 132, RJRV denies them.

133.    RJRV cannot confirm the source, accuracy, or completeness of the images or annotations in Paragraph 133 of the Complaint and thus lacks knowledge or information sufficient to form a belief about the truth of any allegations contained therein and, on that basis, denies them.  RJRV further responds that Paragraph 133 contains legal conclusions to which no answer is required.  To the extent that an answer is required, RJRV further denies the statements and allegations in Paragraph 133 of the Complaint insofar as they purport to require an application of various terms of the patent claims (e.g., Paragraph 133 expressly refers to "a device body defining a pod compartment having") and are therefore premature in light of the timetable provided in the Local Patent Rules and before the Court has provided its interpretation of the patent claims pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996).  To the extent that Plaintiffs intend to make any other allegations against RJRV in Paragraph 133, RJRV denies them.

134.    RJRV cannot confirm the source, accuracy, or completeness of the images in Paragraph 134 of the Complaint and thus lacks knowledge or information sufficient to form a belief about the truth of any allegations contained therein and, on that basis, denies them.  RJRV further responds that Paragraph 134 contains legal conclusions to which no answer is required.  To the extent that an answer is required, RJRV further denies the statements and allegations in Paragraph 134 of the Complaint insofar as they purport to require an application of various terms of the patent claims (e.g., Paragraph 134 expressly refers to "a first compartment side wall, a second compartment side wall opposite the first compartment side wall, a third compartment side wall between the first compartment side

43

wall and the second compartment side wall, and a fourth compartment side wall opposite the third compartment side wall") and are therefore premature in light of the timetable provided in the Local Patent Rules and before the Court has provided its interpretation of the patent claims pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996). To the extent that Plaintiffs intend to make any other allegations against RJRV in Paragraph 134, RJRV denies them.

135. RJRV cannot confirm the source, accuracy, or completeness of the images in Paragraph 135 of the Complaint and thus lacks knowledge or information sufficient to form a belief about the truth of any allegations contained therein and, on that basis, denies them. RJRV further responds that Paragraph 135 contains legal conclusions to which no answer is required. To the extent that an answer is required, RJRV further denies the statements and allegations in Paragraph 135 of the Complaint insofar as they purport to require an application of various terms of the patent claims (e.g., Paragraph 135 expressly refers to "the pod assembly configured to engage with the first compartment side wall and the second compartment side wall when received by the device body") and are therefore premature in light of the timetable provided in the Local Patent Rules and before the Court has provided its interpretation of the patent claims pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996). To the extent that Plaintiffs intend to make any other allegations against RJRV in Paragraph 135, RJRV denies them.

136. RJRV cannot confirm the source, accuracy, or completeness of the image or annotation in Paragraph 136 of the Complaint and thus lacks knowledge or information

sufficient to form a belief about the truth of any allegations contained therein and, on that basis, denies them. RJRV further responds that Paragraph 136 contains legal conclusions to which no answer is required. To the extent that an answer is required, RJRV further denies the statements and allegations in Paragraph 136 of the Complaint insofar as they purport to require an application of various terms of the patent claims (e.g., Paragraph 136 expressly refers to "the vapor channel of the pod assembly coinciding with a central longitudinal axis of the device body") and are therefore premature in light of the timetable provided in the Local Patent Rules and before the Court has provided its interpretation of the patent claims pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996). To the extent that Plaintiffs intend to make any other allegations against RJRV in Paragraph 136, RJRV denies them.

137. RJRV cannot confirm the source, accuracy, or completeness of the images or annotation in Paragraph 137 of the Complaint and thus lacks knowledge or information sufficient to form a belief about the truth of any allegations contained therein and, on that basis, denies them. RJRV further responds that Paragraph 137 contains legal conclusions to which no answer is required. To the extent that an answer is required, RJRV further denies the statements and allegations in Paragraph 137 of the Complaint insofar as they purport to require an application of various terms of the patent claims (e.g., Paragraph 137 expressly refers to "the device body including a magnet") and are therefore premature in light of the timetable provided in the Local Patent Rules and before the Court has provided its interpretation of the patent claims pursuant to *Markman v. Westview Instruments, Inc.*,

45

517 U.S. 370 (1996). To the extent that Plaintiffs intend to make any other allegations against RJRV in Paragraph 137, RJRV denies them.

138. RJRV cannot confirm the source, accuracy, or completeness of the images or annotations in Paragraph 138 of the Complaint and thus lacks knowledge or information sufficient to form a belief about the truth of any allegations contained therein and, on that basis, denies them. RJRV further responds that Paragraph 138 contains legal conclusions to which no answer is required. To the extent that an answer is required, RJRV further denies the statements and allegations in Paragraph 138 of the Complaint insofar as they purport to require an application of various terms of the patent claims (e.g., Paragraph 138 expressly refers to "the device body including a battery configured to supply power to the heater") and are therefore premature in light of the timetable provided in the Local Patent Rules and before the Court has provided its interpretation of the patent claims pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996). To the extent that Plaintiffs intend to make any other allegations against RJRV in Paragraph 138, RJRV denies them.

139. Denied.

140. Denied.

141. Denied.

142. Denied.

143. Denied.

144. Denied.

## COUNT IV
## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 10,485,269

145.    RJRV reasserts and incorporates by reference its responses set forth in the preceding Paragraphs.

146.    In response to Paragraph 146 of the Complaint, RJRV admits that it sells and offers to sell the Accused VUSE ALTO Products.  RJRV specifically denies that it engages in any activity that directly infringes any claim of the 269 Patent, whether literally or under the doctrine of equivalents.   Except as expressly stated, RJRV denies the remaining allegations of Paragraph 146 of the Complaint.

147.    In response to Paragraph 147 of the Complaint, RJRV denies that the Accused VUSE ALTO Products infringe any claim of the 269 Patent.  The remaining statements in Paragraph 147 set forth Plaintiffs' purported characterization of their alleged claim and rights and, as such, require no response from RJRV.  To the extent that Plaintiffs intend to make any other allegations against RJRV in Paragraph 147, RJRV denies them.

148.    RJRV cannot confirm the source, accuracy, or completeness of the images or annotations in Paragraph 148 of the Complaint and thus lacks knowledge or information sufficient to form a belief about the truth of any allegations contained therein and, on that basis, denies them.  RJRV further responds that Paragraph 148 contains legal conclusions to which no answer is required.  To the extent that an answer is required, RJRV further denies the statements and allegations in Paragraph 148 of the Complaint insofar as they purport to require an application of various terms of the patent claims (e.g., Paragraph 148 expressly refers to "Claim 19 A pod assembly for an e-vapor apparatus, comprising") and

47

are therefore premature in light of the timetable provided in the Local Patent Rules and before the Court has provided its interpretation of the patent claims pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996). To the extent that Plaintiffs intend to make any other allegations against RJRV in Paragraph 148, RJRV denies them.

149. RJRV cannot confirm the source, accuracy, or completeness of the images in Paragraph 149 of the Complaint and thus lacks knowledge or information sufficient to form a belief about the truth of any allegations contained therein and, on that basis, denies them. RJRV further responds that Paragraph 149 contains legal conclusions to which no answer is required. To the extent that an answer is required, RJRV further denies the statements and allegations in Paragraph 149 of the Complaint insofar as they purport to require an application of various terms of the patent claims (e.g., Paragraph 149 expressly refers to "[a] pod assembly") and are therefore premature in light of the timetable provided in the Local Patent Rules and before the Court has provided its interpretation of the patent claims pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996). To the extent that Plaintiffs intend to make any other allegations against RJRV in Paragraph 149, RJRV denies them.

150. RJRV cannot confirm the source, accuracy, or completeness of the image or annotations in Paragraph 150 of the Complaint and thus lacks knowledge or information sufficient to form a belief about the truth of any allegations contained therein and, on that basis, denies them. RJRV further responds that Paragraph 150 contains legal conclusions to which no answer is required. To the extent that an answer is required, RJRV further

48

denies the statements and allegations in Paragraph 150 of the Complaint insofar as they purport to require an application of various terms of the patent claims (e.g., Paragraph 150 expressly refers to "a vapor precursor compartment configured to hold a vapor precursor") and are therefore premature in light of the timetable provided in the Local Patent Rules and before the Court has provided its interpretation of the patent claims pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996). To the extent that Plaintiffs intend to make any other allegations against RJRV in Paragraph 150, RJRV denies them.

151. RJRV cannot confirm the source, accuracy, or completeness of the images in Paragraph 151 of the Complaint and thus lacks knowledge or information sufficient to form a belief about the truth of any allegations contained therein and, on that basis, denies them. RJRV further responds that Paragraph 151 contains legal conclusions to which no answer is required. To the extent that an answer is required, RJRV further denies the statements and allegations in Paragraph 151 of the Complaint insofar as they purport to require an application of various terms of the patent claims (e.g., Paragraph 151 expressly refers to "the vapor precursor compartment including a front face and a rear face opposite the front face, the front face and the rear face including transparent portions") and are therefore premature in light of the timetable provided in the Local Patent Rules and before the Court has provided its interpretation of the patent claims pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996). To the extent that Plaintiffs intend to make any other allegations against RJRV in Paragraph 151, RJRV denies them.

152.     RJRV cannot confirm the source, accuracy, or completeness of the image or annotations in Paragraph 152 of the Complaint and thus lacks knowledge or information sufficient to form a belief about the truth of any allegations contained therein and, on that basis, denies them.  RJRV further responds that Paragraph 152 contains legal conclusions to which no answer is required.  To the extent that an answer is required, RJRV further denies the statements and allegations in Paragraph 152 of the Complaint insofar as they purport to require an application of various terms of the patent claims (e.g., Paragraph 152 expressly refers to "a device compartment upstream from the vapor precursor compartment") and are therefore premature in light of the timetable provided in the Local Patent Rules and before the Court has provided its interpretation of the patent claims pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996).  To the extent that Plaintiffs intend to make any other allegations against RJRV in Paragraph 152, RJRV denies them.

153.     RJRV responds that Paragraph 153 contains legal conclusions to which no answer is required.  To the extent that an answer is required, RJRV denies the statements and allegations in Paragraph 153 of the Complaint insofar as they purport to require an application of various terms of the patent claims (e.g., Paragraph 153 expressly refers to "the device compartment configured to heat the vapor precursor to produce a vapor") and are therefore premature in light of the timetable provided in the Local Patent Rules and before the Court has provided its interpretation of the patent claims pursuant to *Markman*

50

*v. Westview Instruments, Inc.*, 517 U.S. 370 (1996). To the extent that Plaintiffs intend to make any other allegations against RJRV in Paragraph 153, RJRV denies them.

154. RJRV cannot confirm the source, accuracy, or completeness of the images or annotations in Paragraph 154 of the Complaint and thus lacks knowledge or information sufficient to form a belief about the truth of any allegations contained therein and, on that basis, denies them. RJRV further responds that Paragraph 154 contains legal conclusions to which no answer is required. To the extent that an answer is required, RJRV further denies the statements and allegations in Paragraph 154 of the Complaint insofar as they purport to require an application of various terms of the patent claims (e.g., Paragraph 154 expressly refers to "[a] device compartment"; "configured [to] heat the liquid formulation"; "pod assembly") and are therefore premature in light of the timetable provided in the Local Patent Rules and before the Court has provided its interpretation of the patent claims pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996). To the extent that Plaintiffs intend to make any other allegations against RJRV in Paragraph 154, RJRV denies them.

155. RJRV cannot confirm the source, accuracy, or completeness of the image or annotation in Paragraph 155 of the Complaint and thus lacks knowledge or information sufficient to form a belief about the truth of any allegations contained therein and, on that basis, denies them. RJRV further responds that Paragraph 155 contains legal conclusions to which no answer is required. To the extent that an answer is required, RJRV further denies the statements and allegations in Paragraph 155 of the Complaint insofar as they

purport to require an application of various terms of the patent claims (e.g., Paragraph 155 expressly refers to "a vapor channel extending through the vapor precursor compartment, the vapor channel being visible through the transparent portions of the vapor precursor compartment") and are therefore premature in light of the timetable provided in the Local Patent Rules and before the Court has provided its interpretation of the patent claims pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996). To the extent that Plaintiffs intend to make any other allegations against RJRV in Paragraph 155, RJRV denies them.

156. Denied.

157. Denied.

158. Denied.

159. Denied.

160. Denied.

161. Denied.

## COUNT V
## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 10,492,541

162. RJRV reasserts and incorporates by reference its responses set forth in the preceding Paragraphs.

163. In response to Paragraph 163 of the Complaint, RJRV admits that it sells and offers to sell Accused VUSE ALTO Products. RJRV specifically denies that it engages in any activity that directly infringes any claim of the 541 Patent, whether literally or under

the doctrine of equivalents. Except as expressly stated, RJRV denies the remaining allegations of Paragraph 163 of the Complaint.

164. In response to Paragraph 164 of the Complaint, RJRV denies that the Accused VUSE ALTO Products infringe any claim of the 541 Patent. The remaining statements in Paragraph 164 set forth Plaintiffs' purported characterization of their alleged claim and rights and, as such, require no response from RJRV. To the extent that Plaintiffs intend to make any other allegations against RJRV in Paragraph 164, RJRV denies them.

165. RJRV cannot confirm the source, accuracy, or completeness of the images or annotations in Paragraph 165 of the Complaint and thus lacks knowledge or information sufficient to form a belief about the truth of any allegations contained therein and, on that basis, denies them. RJRV further responds that Paragraph 165 contains legal conclusions to which no answer is required. To the extent that an answer is required, RJRV further denies the statements and allegations in Paragraph 165 of the Complaint insofar as they purport to require an application of various terms of the patent claims (e.g., Paragraph 165 expressly refers to "Claim 24 A pod assembly for an e-vapor apparatus, comprising") and are therefore premature in light of the timetable provided in the Local Patent Rules and before the Court has provided its interpretation of the patent claims pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996). To the extent that Plaintiffs intend to make any other allegations against RJRV in Paragraph 165, RJRV denies them.

166. RJRV cannot confirm the source, accuracy, or completeness of the images in Paragraph 166 of the Complaint and thus lacks knowledge or information sufficient to form

53

a belief about the truth of any allegations contained therein and, on that basis, denies them. RJRV further responds that Paragraph 166 contains legal conclusions to which no answer is required. To the extent that an answer is required, RJRV further denies the statements and allegations in Paragraph 166 of the Complaint insofar as they purport to require an application of various terms of the patent claims (e.g., Paragraph 166 expressly refers to "[a] pod assembly") and are therefore premature in light of the timetable provided in the Local Patent Rules and before the Court has provided its interpretation of the patent claims pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996). To the extent that Plaintiffs intend to make any other allegations against RJRV in Paragraph 166, RJRV denies them.

167. RJRV cannot confirm the source, accuracy, or completeness of the images in Paragraph 167 of the Complaint and thus lacks knowledge or information sufficient to form a belief about the truth of any allegations contained therein and, on that basis, denies them. RJRV further responds that Paragraph 167 contains legal conclusions to which no answer is required. To the extent that an answer is required, RJRV further denies the statements and allegations in Paragraph 167 of the Complaint insofar as they purport to require an application of various terms of the patent claims (e.g., Paragraph 167 expressly refers to "a plurality of external surfaces including a front face, a rear face opposite the front face, a first side face between the front face and the rear face, a second side face opposite the first side face, a downstream end face, and an upstream end face opposite the downstream end face") and are therefore premature in light of the timetable provided in the Local Patent

54

Rules and before the Court has provided its interpretation of the patent claims pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996). To the extent that Plaintiffs intend to make any other allegations against RJRV in Paragraph 167, RJRV denies them.

168. RJRV cannot confirm the source, accuracy, or completeness of the image or annotations in Paragraph 168 of the Complaint and thus lacks knowledge or information sufficient to form a belief about the truth of any allegations contained therein and, on that basis, denies them. RJRV further responds that Paragraph 168 contains legal conclusions to which no answer is required. To the extent that an answer is required, RJRV further denies the statements and allegations in Paragraph 168 of the Complaint insofar as they purport to require an application of various terms of the patent claims (e.g., Paragraph 168 expressly refers to "a pre-vapor formulation compartment configured to hold a pre-vapor formulation such that the pre-vapor formulation is visible through at least the front face") and are therefore premature in light of the timetable provided in the Local Patent Rules and before the Court has provided its interpretation of the patent claims pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996). To the extent that Plaintiffs intend to make any other allegations against RJRV in Paragraph 168, RJRV denies them.

169. RJRV cannot confirm the source, accuracy, or completeness of the image or annotations in Paragraph 169 of the Complaint and thus lacks knowledge or information sufficient to form a belief about the truth of any allegations contained therein and, on that basis, denies them. RJRV further responds that Paragraph 169 contains legal conclusions to which no answer is required. To the extent that an answer is required, RJRV further

denies the statements and allegations in Paragraph 169 of the Complaint insofar as they purport to require an application of various terms of the patent claims (e.g., Paragraph 169 expressly refers to "a device compartment upstream from the pre-vapor formulation compartment") and are therefore premature in light of the timetable provided in the Local Patent Rules and before the Court has provided its interpretation of the patent claims pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996). To the extent that Plaintiffs intend to make any other allegations against RJRV in Paragraph 169, RJRV denies them.

170. RJRV responds that Paragraph 170 contains legal conclusions to which no answer is required. To the extent that an answer is required, RJRV denies the statements and allegations in Paragraph 170 of the Complaint insofar as they purport to require an application of various terms of the patent claims (e.g., Paragraph 170 expressly refers to "the device compartment configured to heat the pre-vapor formulation to produce a vapor") and are therefore premature in light of the timetable provided in the Local Patent Rules and before the Court has provided its interpretation of the patent claims pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996). To the extent that Plaintiffs intend to make any other allegations against RJRV in Paragraph 170, RJRV denies them.

171. RJRV cannot confirm the source, accuracy, or completeness of the images or annotations in Paragraph 171 of the Complaint and thus lacks knowledge or information sufficient to form a belief about the truth of any allegations contained therein and, on that basis, denies them. RJRV further responds that Paragraph 171 contains legal conclusions

56

to which no answer is required.  To the extent that an answer is required, RJRV further denies the statements and allegations in Paragraph 171 of the Complaint insofar as they purport to require an application of various terms of the patent claims (e.g., Paragraph 171 expressly refers to "[a] device compartment"; "configured [to] heat the liquid formulation"; "pod assembly") and are therefore premature in light of the timetable provided in the Local Patent Rules and before the Court has provided its interpretation of the patent claims pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996).  To the extent that Plaintiffs intend to make any other allegations against RJRV in Paragraph 171, RJRV denies them.

172.   RJRV cannot confirm the source, accuracy, or completeness of the image or annotation in Paragraph 172 of the Complaint and thus lacks knowledge or information sufficient to form a belief about the truth of any allegations contained therein and, on that basis, denies them.  RJRV further responds that Paragraph 172 contains legal conclusions to which no answer is required.  To the extent that an answer is required, RJRV further denies the statements and allegations in Paragraph 172 of the Complaint insofar as they purport to require an application of various terms of the patent claims (e.g., Paragraph 172 expressly refers to "a vapor channel extending through the pre-vapor formulation compartment, the vapor channel being visible through at least the front face") and are therefore premature in light of the timetable provided in the Local Patent Rules and before the Court has provided its interpretation of the patent claims pursuant to *Markman v.*

57

*Westview Instruments, Inc.*, 517 U.S. 370 (1996).  To the extent that Plaintiffs intend to make any other allegations against RJRV in Paragraph 172, RJRV denies them.

173.    Denied.

174.    Denied.

175.    Denied.

176.    Denied.

177.    Denied.

178.    Denied.

<u>COUNT VI</u>
<u>ALLEGED INFRINGEMENT OF U.S. PATENT NO. 10,588,357</u>

179.    RJRV reasserts and incorporates by reference its responses set forth in the preceding Paragraphs.

180.    In response to Paragraph 180 of the Complaint, RJRV admits that it sells and offers to sell Accused VUSE ALTO Products.  RJRV specifically denies that it engages in any activity that directly infringes any claim of the 357 Patent, whether literally or under the doctrine of equivalents.  Except as expressly stated, RJRV denies the remaining allegations of Paragraph 180 of the Complaint.

181.    In response to Paragraph 181 of the Complaint, RJRV denies that the Accused VUSE ALTO Products infringe any claim of the 357 Patent.  The remaining statements in Paragraph 181 set forth Plaintiffs' purported characterization of their alleged

58

claim and rights and, as such, require no response from RJRV. To the extent that Plaintiffs intend to make any other allegations against RJRV in Paragraph 181, RJRV denies them.

182. RJRV cannot confirm the source, accuracy, or completeness of the images or annotations in Paragraph 182 of the Complaint and thus lacks knowledge or information sufficient to form a belief about the truth of any allegations contained therein and, on that basis, denies them. RJRV further responds that Paragraph 182 contains legal conclusions to which no answer is required. To the extent that an answer is required, RJRV further denies the statements and allegations in Paragraph 182 of the Complaint insofar as they purport to require an application of various terms of the patent claims (e.g., Paragraph 182 expressly refers to "Claim 10 An e-vapor apparatus comprising") and are therefore premature in light of the timetable provided in the Local Patent Rules and before the Court has provided its interpretation of the patent claims pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996). To the extent that Plaintiffs intend to make any other allegations against RJRV in Paragraph 182, RJRV denies them.

183. RJRV cannot confirm the source, accuracy, or completeness of the images in Paragraph 183 of the Complaint and thus lacks knowledge or information sufficient to form a belief about the truth of any allegations contained therein and, on that basis, denies them. RJRV further responds that Paragraph 183 contains legal conclusions to which no answer is required. To the extent that an answer is required, RJRV further denies the statements and allegations in Paragraph 183 of the Complaint insofar as they purport to require an application of various terms of the patent claims (e.g., Paragraph 183 expressly refers to "a

59

pod assembly including a plurality of external surfaces") and are therefore premature in light of the timetable provided in the Local Patent Rules and before the Court has provided its interpretation of the patent claims pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996). To the extent that Plaintiffs intend to make any other allegations against RJRV in Paragraph 183, RJRV denies them.

184. RJRV cannot confirm the source, accuracy, or completeness of the image or annotation in Paragraph 184 of the Complaint and thus lacks knowledge or information sufficient to form a belief about the truth of any allegations contained therein and, on that basis, denies them. RJRV further responds that Paragraph 184 contains legal conclusions to which no answer is required. To the extent that an answer is required, RJRV further denies the statements and allegations in Paragraph 184 of the Complaint insofar as they purport to require an application of various terms of the patent claims (e.g., Paragraph 184 expressly refers to "a liquid compartment") and are therefore premature in light of the timetable provided in the Local Patent Rules and before the Court has provided its interpretation of the patent claims pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996). To the extent that Plaintiffs intend to make any other allegations against RJRV in Paragraph 184, RJRV denies them.

185. RJRV cannot confirm the source, accuracy, or completeness of the image or annotation in Paragraph 185 of the Complaint and thus lacks knowledge or information sufficient to form a belief about the truth of any allegations contained therein and, on that basis, denies them. RJRV further responds that Paragraph 185 contains legal conclusions

to which no answer is required.  To the extent that an answer is required, RJRV further denies the statements and allegations in Paragraph 185 of the Complaint insofar as they purport to require an application of various terms of the patent claims (e.g., Paragraph 185 expressly refers to "a vaporizer compartment") and are therefore premature in light of the timetable provided in the Local Patent Rules and before the Court has provided its interpretation of the patent claims pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996).  To the extent that Plaintiffs intend to make any other allegations against RJRV in Paragraph 185, RJRV denies them.

186.    RJRV cannot confirm the source, accuracy, or completeness of the image or annotation in Paragraph 186 of the Complaint and thus lacks knowledge or information sufficient to form a belief about the truth of any allegations contained therein and, on that basis, denies them.  RJRV further responds that Paragraph 186 contains legal conclusions to which no answer is required.  To the extent that an answer is required, RJRV further denies the statements and allegations in Paragraph 186 of the Complaint insofar as they purport to require an application of various terms of the patent claims (e.g., Paragraph 186 expressly refers to "and a vapor channel") and are therefore premature in light of the timetable provided in the Local Patent Rules and before the Court has provided its interpretation of the patent claims pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996).  To the extent that Plaintiffs intend to make any other allegations against RJRV in Paragraph 186, RJRV denies them.

187. RJRV cannot confirm the source, accuracy, or completeness of the images in Paragraph 187 of the Complaint and thus lacks knowledge or information sufficient to form a belief about the truth of any allegations contained therein and, on that basis, denies them. RJRV further responds that Paragraph 187 contains legal conclusions to which no answer is required. To the extent that an answer is required, RJRV further denies the statements and allegations in Paragraph 187 of the Complaint insofar as they purport to require an application of various terms of the patent claims (e.g., Paragraph 187 expressly refers to "the plurality of external surfaces including a front face, a rear face, a first side face, a second side face, a downstream end face, and an upstream end face") and are therefore premature in light of the timetable provided in the Local Patent Rules and before the Court has provided its interpretation of the patent claims pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996). To the extent that Plaintiffs intend to make any other allegations against RJRV in Paragraph 187, RJRV denies them.

188. RJRV cannot confirm the source, accuracy, or completeness of the images or annotations in Paragraph 188 of the Complaint and thus lacks knowledge or information sufficient to form a belief about the truth of any allegations contained therein and, on that basis, denies them. RJRV further responds that Paragraph 188 contains legal conclusions to which no answer is required. To the extent that an answer is required, RJRV further denies the statements and allegations in Paragraph 188 of the Complaint insofar as they purport to require an application of various terms of the patent claims (e.g., Paragraph 188 expressly refers to "a portion of at least the front face or the rear face being transparent")

and are therefore premature in light of the timetable provided in the Local Patent Rules and before the Court has provided its interpretation of the patent claims pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996). To the extent that Plaintiffs intend to make any other allegations against RJRV in Paragraph 188, RJRV denies them.

189. RJRV cannot confirm the source, accuracy, or completeness of the images or annotations in Paragraph 189 of the Complaint and thus lacks knowledge or information sufficient to form a belief about the truth of any allegations contained therein and, on that basis, denies them. RJRV further responds that Paragraph 189 contains legal conclusions to which no answer is required. To the extent that an answer is required, RJRV further denies the statements and allegations in Paragraph 189 of the Complaint insofar as they purport to require an application of various terms of the patent claims (e.g., Paragraph 189 expressly refers to "the liquid compartment configured to hold a liquid formulation such that the liquid formulation is visible through at least the front face or the rear face") and are therefore premature in light of the timetable provided in the Local Patent Rules and before the Court has provided its interpretation of the patent claims pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996). To the extent that Plaintiffs intend to make any other allegations against RJRV in Paragraph 189, RJRV denies them.

190. RJRV cannot confirm the source, accuracy, or completeness of the image or annotation in Paragraph 190 of the Complaint and thus lacks knowledge or information sufficient to form a belief about the truth of any allegations contained therein and, on that basis, denies them. RJRV further responds that Paragraph 190 contains legal conclusions

63

to which no answer is required. To the extent that an answer is required, RJRV further denies the statements and allegations in Paragraph 190 of the Complaint insofar as they purport to require an application of various terms of the patent claims (e.g., Paragraph 190 expressly refers to "the vapor channel surrounded by the liquid compartment, the vapor channel being visible through at least the front face or the rear face") and are therefore premature in light of the timetable provided in the Local Patent Rules and before the Court has provided its interpretation of the patent claims pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996). To the extent that Plaintiffs intend to make any other allegations against RJRV in Paragraph 190, RJRV denies them.

191. RJRV cannot confirm the source, accuracy, or completeness of the images or annotations in Paragraph 191 of the Complaint and thus lacks knowledge or information sufficient to form a belief about the truth of any allegations contained therein and, on that basis, denies them. RJRV further responds that Paragraph 191 contains legal conclusions to which no answer is required. To the extent that an answer is required, RJRV further denies the statements and allegations in Paragraph 191 of the Complaint insofar as they purport to require an application of various terms of the patent claims (e.g., Paragraph 191 expressly refers to "a device body including a magnet and defining a pod compartment") and are therefore premature in light of the timetable provided in the Local Patent Rules and before the Court has provided its interpretation of the patent claims pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996). To the extent that Plaintiffs intend to make any other allegations against RJRV in Paragraph 191, RJRV denies them.

192.     RJRV cannot confirm the source, accuracy, or completeness of the images in Paragraph 192 of the Complaint and thus lacks knowledge or information sufficient to form a belief about the truth of any allegations contained therein and, on that basis, denies them. RJRV further responds that Paragraph 192 contains legal conclusions to which no answer is required.  To the extent that an answer is required, RJRV further denies the statements and allegations in Paragraph 192 of the Complaint insofar as they purport to require an application of various terms of the patent claims (e.g., Paragraph 192 expressly refers to "configured to receive the pod assembly so as to produce an audible click") and are therefore premature in light of the timetable provided in the Local Patent Rules and before the Court has provided its interpretation of the patent claims pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996).  To the extent that Plaintiffs intend to make any other allegations against RJRV in Paragraph 192, RJRV denies them.

193.     Denied.

194.     Denied.

195.     Denied.

196.     Denied.

197.     Denied.

198.     Denied.

## COUNT VII
## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,798,319

199.    RJRV reasserts and incorporates by reference its responses set forth in the preceding Paragraphs.

200.    In response to Paragraph 200 of the Complaint, RJRV admits that it sells and offers to sell Accused VELO Products.  RJRV specifically denies that it engages in any activity that directly infringes any claim of the 319 Patent, whether literally or under the doctrine of equivalents.  Except as expressly stated, RJRV denies the remaining allegations of Paragraph 200 of the Complaint.

201.    In response to Paragraph 201 of the Complaint, RJRV denies that the Accused VELO Products infringe any claim of the 319 Patent.  The remaining statements in Paragraph 201 set forth Plaintiffs' purported characterization of their alleged claim and rights and, as such, require no response from RJRV.  To the extent that Plaintiffs intend to make any other allegations against RJRV in Paragraph 201, RJRV denies them.

202.    RJRV admits that Plaintiffs have copied an image in Paragraph 202 of the Complaint that purports to show some aspects of a certain VELO product, but RJRV cannot confirm the source, accuracy, or completeness of that image.  RJRV further responds that Paragraph 202 contains legal conclusions to which no answer is required.  To the extent that an answer is required, RJRV further denies the statements and allegations in Paragraph 202 of the Complaint insofar as they purport to require an application of various terms of the patent claims (e.g., Paragraph 202 expressly refers to "Claim 17 A tobacco product package device, comprising") and are therefore premature in light of the timetable provided

66

in the Local Patent Rules and before the Court has provided its interpretation of the patent claims pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996). To the extent that Plaintiffs intend to make any other allegations against RJRV in Paragraph 202, RJRV denies them.

203. RJRV admits that Plaintiffs have copied an image in Paragraph 203 of the Complaint that purports to show some aspects of a certain VELO product, but RJRV cannot confirm the source, accuracy, or completeness of that image. RJRV further responds that Paragraph 203 contains legal conclusions to which no answer is required. To the extent that an answer is required, RJRV further denies the statements and allegations in Paragraph 203 of the Complaint insofar as they purport to require an application of various terms of the patent claims (e.g., Paragraph 203 expressly refers to "a container defining an interior space and having a bottom wall") and are therefore premature in light of the timetable provided in the Local Patent Rules and before the Court has provided its interpretation of the patent claims pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996). To the extent that Plaintiffs intend to make any other allegations against RJRV in Paragraph 203, RJRV denies them.

204. RJRV admits that Plaintiffs have copied an image in Paragraph 204 of the Complaint that purports to show some aspects of a certain VELO product, but RJRV cannot confirm the source, accuracy, or completeness of that image. RJRV further responds that Paragraph 204 contains legal conclusions to which no answer is required. To the extent that an answer is required, RJRV further denies the statements and allegations in Paragraph

67

204 of the Complaint insofar as they purport to require an application of various terms of the patent claims (e.g., Paragraph 204 expressly refers to "a generally cylindrical side wall that extends from the bottom wall toward a connection rim") and are therefore premature in light of the timetable provided in the Local Patent Rules and before the Court has provided its interpretation of the patent claims pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996). To the extent that Plaintiffs intend to make any other allegations against RJRV in Paragraph 204, RJRV denies them.

205. RJRV admits that Plaintiffs have copied an image in Paragraph 205 of the Complaint that purports to show some aspects of a certain VELO product, but RJRV cannot confirm the source, accuracy, or completeness of that image. RJRV further responds that Paragraph 205 contains legal conclusions to which no answer is required. To the extent that an answer is required, RJRV further denies the statements and allegations in Paragraph 205 of the Complaint insofar as they purport to require an application of various terms of the patent claims (e.g., Paragraph 205 expressly refers to "a tobacco product for oral consumption arranged in the interior space of the container") and are therefore premature in light of the timetable provided in the Local Patent Rules and before the Court has provided its interpretation of the patent claims pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996). RJRV admits that the domain name cited in Paragraph 205 contains this statement: "Velo Nicotine Pouches are tobacco products because they contain nicotine extracted from the tobacco plant. The Food and Drug Administration (FDA) has issued regulations deeming products that contain nicotine

68

extracted from the tobacco plant to be tobacco products." Except as expressly stated, RJRV denies the remaining allegations of Paragraph 205 of the Complaint.

206. RJRV admits that Plaintiffs have copied images in Paragraph 206 of the Complaint that purport to show some aspects of certain VELO products, but RJRV cannot confirm the source, accuracy, or completeness of those images. RJRV further responds that Paragraph 206 contains legal conclusions to which no answer is required. To the extent that an answer is required, RJRV further denies the statements and allegations in Paragraph 206 of the Complaint insofar as they purport to require an application of various terms of the patent claims (e.g., Paragraph 206 expressly refers to "a lid that encloses the tobacco product in the interior space of the container") and are therefore premature in light of the timetable provided in the Local Patent Rules and before the Court has provided its interpretation of the patent claims pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996). To the extent that Plaintiffs intend to make any other allegations against RJRV in Paragraph 206, RJRV denies them.

207. RJRV admits that Plaintiffs have copied images in Paragraph 207 of the Complaint that purport to show some aspects of certain VELO products, but RJRV cannot confirm the source, accuracy, or completeness of those images. RJRV further responds that Paragraph 207 contains legal conclusions to which no answer is required. To the extent that an answer is required, RJRV further denies the statements and allegations in Paragraph 207 of the Complaint insofar as they purport to require an application of various terms of the patent claims (e.g., Paragraph 207 expressly refers to "the lid including a lid wall that

69

is integral with a skirt, wherein the skirt is releasably engaged with the connection rim")
and are therefore premature in light of the timetable provided in the Local Patent Rules and
before the Court has provided its interpretation of the patent claims pursuant to *Markman
v. Westview Instruments, Inc.*, 517 U.S. 370 (1996). To the extent that Plaintiffs intend to
make any other allegations against RJRV in Paragraph 207, RJRV denies them.

208. RJRV admits that Plaintiffs have copied an image in Paragraph 208 of the
Complaint that purports to show some aspects of a certain VELO product, but RJRV cannot
confirm the source, accuracy, or completeness of that image. RJRV further responds that
Paragraph 208 contains legal conclusions to which no answer is required. To the extent
that an answer is required, RJRV further denies the statements and allegations in Paragraph
208 of the Complaint insofar as they purport to require an application of various terms of
the patent claims (e.g., Paragraph 208 expressly refers to "a resilient gasket in engagement
with an interior surface of the lid wall to provide a moisture barrier and a non-hermetic seal
between the lid and the container when the lid is secured to the container, the resilient
gasket abutting with the connection rim of the container when the lid is secured to the
container, wherein the moisture barrier inhibits the migration of moisture to and from the
container when the lid is secured to the container, and wherein the non-hermetic seal
permits gas exchange between ambient air and the interior space when the lid is secured to
the container") and are therefore premature in light of the timetable provided in the Local
Patent Rules and before the Court has provided its interpretation of the patent claims
pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996). To the extent

70

that Plaintiffs intend to make any other allegations against RJRV in Paragraph 208, RJRV denies them.

209.     RJRV admits that Plaintiffs have copied an image in Paragraph 209 of the Complaint that purports to show some aspects of a certain VELO product, but RJRV cannot confirm the source, accuracy, or completeness of that image.  RJRV further responds that Paragraph 209 contains legal conclusions to which no answer is required.  To the extent that an answer is required, RJRV further denies the statements and allegations in Paragraph 209 of the Complaint insofar as they purport to require an application of various terms of the patent claims (e.g., Paragraph 209 expressly refers to "resilient gasket"; "provides a moisture barrier and a non-hermetic seal between the lid and the container"; "wherein the moisture barrier inhibits the migration of moisture to and from the container when the lid is secured to the container, and wherein the non-hermetic seal permits gas exchange between ambient air and the interior space when the lid is secured to the container") and are therefore premature in light of the timetable provided in the Local Patent Rules and before the Court has provided its interpretation of the patent claims pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996).  To the extent that Plaintiffs intend to make any other allegations against RJRV in Paragraph 209, RJRV denies them.

210.     Denied.

211.     Denied.

212.     Denied.

213.     Denied.

71

214.   Denied.

215.   Denied.

## COUNT VIII
## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 8,458,996

216.   RJRV reasserts and incorporates by reference its responses set forth in the preceding Paragraphs.

217.   RJRV admits that the cited domain name includes the statement "Velo Nicotine Pouches are manufactured in Winston-Salem, N.C." Except as expressly stated, RJRV denies the remaining allegations of Paragraph 217 of the Complaint.

218.   In response to Paragraph 218 of the Complaint, RJRV denies that the Accused VELO Products infringe any claim of the 996 Patent. The remaining statements in Paragraph 218 set forth Plaintiffs' purported characterization of their alleged claim and rights and, as such, require no response from RJRV. To the extent that Plaintiffs intend to make any other allegations against RJRV in Paragraph 218, RJRV denies them.

219.   RJRV admits that Plaintiffs have copied images in Paragraph 219 of the Complaint that purport to show some aspects of certain VELO products, but RJRV cannot confirm the source, accuracy, or completeness of those images. RJRV further responds that Paragraph 219 contains legal conclusions to which no answer is required. To the extent that an answer is required, RJRV further denies the statements and allegations in Paragraph 219 of the Complaint insofar as they purport to require an application of various terms of the patent claims (e.g., Paragraph 219 expressly refers to "Claim 1 A method of packaging

72

a tobacco product, comprising forming a tobacco product container") and are therefore premature in light of the timetable provided in the Local Patent Rules and before the Court has provided its interpretation of the patent claims pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996). RJRV admits that the domain name cited in Paragraph 219 contains this statement: "Velo Nicotine Pouches are tobacco products because they contain nicotine extracted from the tobacco plant. The Food and Drug Administration (FDA) has issued regulations deeming products that contain nicotine extracted from the tobacco plant to be tobacco products." Except as expressly stated, RJRV denies the remaining allegations of Paragraph 219 of the Complaint.

220. RJRV admits that Plaintiffs have copied an image in Paragraph 220 of the Complaint that purports to show some aspects of a certain VELO product, but RJRV cannot confirm the source, accuracy, or completeness of that image. RJRV further responds that Paragraph 220 contains legal conclusions to which no answer is required. To the extent that an answer is required, RJRV further denies the statements and allegations in Paragraph 220 of the Complaint insofar as they purport to require an application of various terms of the patent claims (e.g., Paragraph 220 expressly refers to "having an interior space that is at least partially defined by a bottom wall, a side wall including an outwardly curved exterior surface portion, and a top opening") and are therefore premature in light of the timetable provided in the Local Patent Rules and before the Court has provided its interpretation of the patent claims pursuant to *Markman v. Westview Instruments, Inc.*, 517

U.S. 370 (1996). To the extent that Plaintiffs intend to make any other allegations against RJRV in Paragraph 220, RJRV denies them.

221. RJRV admits that Plaintiffs have copied images in Paragraph 221 of the Complaint that purport to show some aspects of certain VELO products, but RJRV cannot confirm the source, accuracy, or completeness of those images. RJRV further responds that Paragraph 221 contains legal conclusions to which no answer is required. To the extent that an answer is required, RJRV further denies the statements and allegations in Paragraph 221 of the Complaint insofar as they purport to require an application of various terms of the patent claims (e.g., Paragraph 221 expressly refers to "forming a lid that includes lid wall integral with a skirt, the skirt providing a releasable engagement with a connection rim of the tobacco product container when the lid is releasably engaged with the tobacco product container") and are therefore premature in light of the timetable provided in the Local Patent Rules and before the Court has provided its interpretation of the patent claims pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996). To the extent that Plaintiffs intend to make any other allegations against RJRV in Paragraph 221, RJRV denies them.

222. RJRV admits that Plaintiffs have copied an image in Paragraph 222 of the Complaint that purports to show some aspects of a certain VELO product, but RJRV cannot confirm the source, accuracy, or completeness of that image. RJRV further responds that Paragraph 222 contains legal conclusions to which no answer is required. To the extent that an answer is required, RJRV further denies the statements and allegations in Paragraph

222 of the Complaint insofar as they purport to require an application of various terms of the patent claims (e.g., Paragraph 222 expressly refers to "affixing a resilient gasket to an interior surface of the lid wall proximate to the skirt") and are therefore premature in light of the timetable provided in the Local Patent Rules and before the Court has provided its interpretation of the patent claims pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996). To the extent that Plaintiffs intend to make any other allegations against RJRV in Paragraph 222, RJRV denies them.

223. RJRV admits that Plaintiffs have copied an image in Paragraph 223 of the Complaint that purports to show some aspects of a certain VELO product, but RJRV cannot confirm the source, accuracy, or completeness of that image. RJRV further responds that Paragraph 223 contains legal conclusions to which no answer is required. To the extent that an answer is required, RJRV further denies the statements and allegations in Paragraph 223 of the Complaint insofar as they purport to require an application of various terms of the patent claims (e.g., Paragraph 223 expressly refers to "depositing a predetermined amount of an orally consumable tobacco product in the interior space of the tobacco product container") and are therefore premature in light of the timetable provided in the Local Patent Rules and before the Court has provided its interpretation of the patent claims pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996). RJRV admits that the domain name cited in Paragraph 223 contains this statement: "Velo Nicotine Pouches are tobacco products because they contain nicotine extracted from the tobacco plant. The Food and Drug Administration (FDA) has issued regulations deeming products

75

that contain nicotine extracted from the tobacco plant to be tobacco products." Except as expressly stated, RJRV denies the remaining allegations of Paragraph 223 of the Complaint.

224.    RJRV admits that Plaintiffs have copied images in Paragraph 224 of the Complaint that purport to show some aspects of certain VELO products, but RJRV cannot confirm the source, accuracy, or completeness of those images. RJRV further responds that Paragraph 224 contains legal conclusions to which no answer is required. To the extent that an answer is required, RJRV further denies the statements and allegations in Paragraph 224 of the Complaint insofar as they purport to require an application of various terms of the patent claims (e.g., Paragraph 224 expressly refers to "securing the lid to the connection rim of the tobacco product container so that the resilient gasket abuts the connection rim between the lid and the container to form a moisture barrier and a non-hermetic seal for the orally consumable tobacco product enclosed in the interior space, wherein the lid releasably engages to the connection rim of the tobacco product container so that the resilient gasket provides the non-hermetic seal between the lid and the container, and wherein the non-hermetic seal permits venting of byproduct gases from the container when the lid is releasably engaged with the container") and are therefore premature in light of the timetable provided in the Local Patent Rules and before the Court has provided its interpretation of the patent claims pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996). To the extent that Plaintiffs intend to make any other allegations against RJRV in Paragraph 224, RJRV denies them.

76

225. RJRV admits that Plaintiffs have copied an image in Paragraph 225 of the Complaint that purports to show some aspects of a certain VELO product, but RJRV cannot confirm the source, accuracy, or completeness of that image. RJRV further responds that Paragraph 225 contains legal conclusions to which no answer is required. To the extent that an answer is required, RJRV further denies the statements and allegations in Paragraph 225 of the Complaint insofar as they purport to require an application of various terms of the patent claims (e.g., Paragraph 225 expressly refers to "resilient gasket"; "abuts the connection rim"; "forms a moisture barrier and a non-hermetic seal for the orally consumable tobacco product enclosed in the interior space"; "provides the non-hermetic seal between the lid and the container"; "permits venting of byproduct gases from the container") and are therefore premature in light of the timetable provided in the Local Patent Rules and before the Court has provided its interpretation of the patent claims pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996). To the extent that Plaintiffs intend to make any other allegations against RJRV in Paragraph 225, RJRV denies them.

226. Denied.

227. Denied.

228. Denied.

229. Denied.

230. Denied.

## COUNT IX
## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 8,556,070

231. RJRV reasserts and incorporates by reference its responses set forth in the preceding Paragraphs.

232. In response to Paragraph 232 of the Complaint, RJRV admits that it sells and offers to sell the Accused VELO Products. RJRV specifically denies that it engages in any activity that directly infringes any claim of the 070 Patent, whether literally or under the doctrine of equivalents. Except as expressly stated, RJRV denies the remaining allegations of Paragraph 232 of the Complaint.

233. In response to Paragraph 233 of the Complaint, RJRV denies that the Accused VELO Products infringe any claim of the 070 Patent. The remaining statements in Paragraph 233 set forth Plaintiffs' purported characterization of their alleged claim and rights and, as such, require no response from RJRV. To the extent that Plaintiffs intend to make any other allegations against RJRV in Paragraph 233, RJRV denies them.

234. RJRV admits that Plaintiffs have copied an image in Paragraph 234 of the Complaint that purports to show some aspects of a certain VELO product, but RJRV cannot confirm the source, accuracy, or completeness of that image. RJRV further responds that Paragraph 234 contains legal conclusions to which no answer is required. To the extent that an answer is required, RJRV further denies the statements and allegations in Paragraph 234 of the Complaint insofar as they purport to require an application of various terms of the patent claims (e.g., Paragraph 234 expressly refers to "Claim 1 A tobacco product package device, comprising") and are therefore premature in light of the timetable provided

78

in the Local Patent Rules and before the Court has provided its interpretation of the patent claims pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996). RJRV admits that the domain name cited in Paragraph 234 contains this statement: "Velo Nicotine Pouches are tobacco products because they contain nicotine extracted from the tobacco plant. The Food and Drug Administration (FDA) has issued regulations deeming products that contain nicotine extracted from the tobacco plant to be tobacco products." Except as expressly stated, RJRV denies the remaining allegations of Paragraph 234 of the Complaint.

235. RJRV admits that Plaintiffs have copied an image in Paragraph 235 of the Complaint that purports to show some aspects of a certain VELO product, but RJRV cannot confirm the source, accuracy, or completeness of that image. RJRV further responds that Paragraph 235 contains legal conclusions to which no answer is required. To the extent that an answer is required, RJRV further denies the statements and allegations in Paragraph 235 of the Complaint insofar as they purport to require an application of various terms of the patent claims (e.g., Paragraph 235 expressly refers to "a container having a bottom wall") and are therefore premature in light of the timetable provided in the Local Patent Rules and before the Court has provided its interpretation of the patent claims pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996). To the extent that Plaintiffs intend to make any other allegations against RJRV in Paragraph 235, RJRV denies them.

236. RJRV admits that Plaintiffs have copied an image in Paragraph 236 of the Complaint that purports to show some aspects of a certain VELO product, but RJRV cannot

confirm the source, accuracy, or completeness of that image. RJRV further responds that Paragraph 236 contains legal conclusions to which no answer is required. To the extent that an answer is required, RJRV further denies the statements and allegations in Paragraph 236 of the Complaint insofar as they purport to require an application of various terms of the patent claims (e.g., Paragraph 236 expressly refers to "a side wall that extends in an axial direction from the bottom wall toward a connection rim") and are therefore premature in light of the timetable provided in the Local Patent Rules and before the Court has provided its interpretation of the patent claims pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996). To the extent that Plaintiffs intend to make any other allegations against RJRV in Paragraph 236, RJRV denies them.

237. RJRV admits that Plaintiffs have copied an image in Paragraph 237 of the Complaint that purports to show some aspects of a certain VELO product, but RJRV cannot confirm the source, accuracy, or completeness of that image. RJRV further responds that Paragraph 237 contains legal conclusions to which no answer is required. To the extent that an answer is required, RJRV further denies the statements and allegations in Paragraph 237 of the Complaint insofar as they purport to require an application of various terms of the patent claims (e.g., Paragraph 237 expressly refers to "a top opening that is at least partially defined by the connection rim") and are therefore premature in light of the timetable provided in the Local Patent Rules and before the Court has provided its interpretation of the patent claims pursuant to *Markman v. Westview Instruments, Inc.*, 517

U.S. 370 (1996). To the extent that Plaintiffs intend to make any other allegations against RJRV in Paragraph 237, RJRV denies them.

238. RJRV admits that Plaintiffs have copied an image in Paragraph 238 of the Complaint that purports to show some aspects of a certain VELO product, but RJRV cannot confirm the source, accuracy, or completeness of that image. RJRV further responds that Paragraph 238 contains legal conclusions to which no answer is required. To the extent that an answer is required, RJRV further denies the statements and allegations in Paragraph 238 of the Complaint insofar as they purport to require an application of various terms of the patent claims (e.g., Paragraph 238 expressly refers to "the container defining an interior space that is in communication with the top opening") and are therefore premature in light of the timetable provided in the Local Patent Rules and before the Court has provided its interpretation of the patent claims pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996). To the extent that Plaintiffs intend to make any other allegations against RJRV in Paragraph 238, RJRV denies them.

239. RJRV admits that Plaintiffs have copied an image in Paragraph 239 of the Complaint that purports to show some aspects of a certain VELO product, but RJRV cannot confirm the source, accuracy, or completeness of that image. RJRV further responds that Paragraph 239 contains legal conclusions to which no answer is required. To the extent that an answer is required, RJRV further denies the statements and allegations in Paragraph 239 of the Complaint insofar as they purport to require an application of various terms of the patent claims (e.g., Paragraph 239 expressly refers to "at least a portion of the side wall

being outwardly convexly curved away from the interior space") and are therefore premature in light of the timetable provided in the Local Patent Rules and before the Court has provided its interpretation of the patent claims pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996). To the extent that Plaintiffs intend to make any other allegations against RJRV in Paragraph 239, RJRV denies them.

240. RJRV admits that Plaintiffs have copied an image in Paragraph 240 of the Complaint that purports to show some aspects of a certain VELO product, but RJRV cannot confirm the source, accuracy, or completeness of that image. RJRV further responds that Paragraph 240 contains legal conclusions to which no answer is required. To the extent that an answer is required, RJRV further denies the statements and allegations in Paragraph 240 of the Complaint insofar as they purport to require an application of various terms of the patent claims (e.g., Paragraph 240 expressly refers to "a tobacco product arranged in the interior space of the container") and are therefore premature in light of the timetable provided in the Local Patent Rules and before the Court has provided its interpretation of the patent claims pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996). RJRV admits that the domain name cited in Paragraph 240 contains this statement: "Velo Nicotine Pouches are tobacco products because they contain nicotine extracted from the tobacco plant. The Food and Drug Administration (FDA) has issued regulations deeming products that contain nicotine extracted from the tobacco plant to be tobacco products." Except as expressly stated, RJRV denies the remaining allegations of Paragraph 240 of the Complaint.

241.     RJRV admits that Plaintiffs have copied images in Paragraph 241 of the Complaint that purport to show some aspects of certain VELO products, but RJRV cannot confirm the source, accuracy, or completeness of those images.  RJRV further responds that Paragraph 241 contains legal conclusions to which no answer is required.  To the extent that an answer is required, RJRV further denies the statements and allegations in Paragraph 241 of the Complaint insofar as they purport to require an application of various terms of the patent claims (e.g., Paragraph 241 expressly refers to "a metallic lid that releasably engages the container to enclose the tobacco product in the interior space") and are therefore premature in light of the timetable provided in the Local Patent Rules and before the Court has provided its interpretation of the patent claims pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996).  To the extent that Plaintiffs intend to make any other allegations against RJRV in Paragraph 241, RJRV denies them.

242.     RJRV admits that Plaintiffs have copied images in Paragraph 242 of the Complaint that purport to show some aspects of certain VELO products, but RJRV cannot confirm the source, accuracy, or completeness of those images.  RJRV further responds that Paragraph 242 contains legal conclusions to which no answer is required.  To the extent that an answer is required, RJRV further denies the statements and allegations in Paragraph 242 of the Complaint insofar as they purport to require an application of various terms of the patent claims (e.g., Paragraph 242 expressly refers to "the metallic lid including a lid wall that is integral with a skirt, wherein the skirt provides a releasable engagement with the connection rim") and are therefore premature in light of the timetable provided in the

Local Patent Rules and before the Court has provided its interpretation of the patent claims pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996). To the extent that Plaintiffs intend to make any other allegations against RJRV in Paragraph 242, RJRV denies them.

243. RJRV admits that Plaintiffs have copied an image in Paragraph 243 of the Complaint that purports to show some aspects of a certain VELO product, but RJRV cannot confirm the source, accuracy, or completeness of that image. RJRV further responds that Paragraph 243 contains legal conclusions to which no answer is required. To the extent that an answer is required, RJRV further denies the statements and allegations in Paragraph 243 of the Complaint insofar as they purport to require an application of various terms of the patent claims (e.g., Paragraph 243 expressly refers to "a resilient gasket affixed to an interior surface of the lid wall proximate to the skirt to provide a moisture barrier and a non-hermetic seal between the metallic lid and the container when the metallic lid is releasably engaged with the container, wherein the resilient gasket comprises a strip of polymer material affixed directly onto a perimeter channel of the lid wall, and wherein the non-hermetic seal permits venting of byproduct gases from the container when the metallic lid is releasably engaged with the container") and are therefore premature in light of the timetable provided in the Local Patent Rules and before the Court has provided its interpretation of the patent claims pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996). To the extent that Plaintiffs intend to make any other allegations against RJRV in Paragraph 243, RJRV denies them.

244.   RJRV admits that Plaintiffs have copied an image in Paragraph 244 of the Complaint that purports to show some aspects of a certain VELO product, but RJRV cannot confirm the source, accuracy, or completeness of that image.  RJRV further responds that Paragraph 244 contains legal conclusions to which no answer is required.  To the extent that an answer is required, RJRV further denies the statements and allegations in Paragraph 244 of the Complaint insofar as they purport to require an application of various terms of the patent claims (e.g., Paragraph 244 expressly refers to "resilient gasket"; "provides a moisture barrier and a non-hermetic seal between the metallic lid and the container when the metallic lid is releasably engaged with the container"; "the non-hermetic seal permits venting of byproduct gases from the container when the metallic lid is releasably engaged with the container") and are therefore premature in light of the timetable provided in the Local Patent Rules and before the Court has provided its interpretation of the patent claims pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996).  To the extent that Plaintiffs intend to make any other allegations against RJRV in Paragraph 244, RJRV denies them.

245.   Denied.

246.   Denied.

247.   Denied.

248.   Denied.

249.   Denied.

250.   Denied.

85

## PRAYER FOR RELIEF

RJRV denies all the allegations and prayers for relief contained in Paragraphs (a) through (h) of Plaintiffs' prayer for relief, and requests that the Court deny all such relief to Plaintiffs with prejudice.

## JURY DEMAND

RJRV admits that Plaintiffs have requested trial by jury on all issues so triable.

## DENIAL OF ANY REMAINING ALLEGATIONS

Except as specifically admitted herein, RJRV denies any remaining allegations in Plaintiffs' Complaint.

## AFFIRMATIVE DEFENSES

Subject to the responses above, RJRV alleges and asserts the following defenses in response to the allegations in Plaintiffs' Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (No Infringement)

RJRV does not infringe any valid and enforceable claim of the 319 Patent, 996 Patent, 070 Patent, 242 Patent, 824 Patent, 517 Patent, 269 Patent, 541 Patent, or 357 Patent, literally or under the doctrine of equivalents, directly or indirectly, willfully or

86

otherwise. RJRV has not performed any act and is not proposing to perform any act in violation of any rights validly belonging to Plaintiffs.

## THIRD AFFIRMATIVE DEFENSE
## (Invalidity)

The asserted claims of the 319 Patent, 996 Patent, 070 Patent, 242 Patent, 824 Patent, 517 Patent, 269 Patent, 541 Patent, and 357 Patent are invalid for failure to satisfy the requirements of 35 U.S.C. §§ 101 *et seq.*, including, but not limited to, one or more of the following: 35 U.S.C. §§ 101, 102, 103, and/or 112.

## FOURTH AFFIRMATIVE DEFENSE
## (Prosecution History Estoppel and Disclaimer)

Plaintiffs' claims are barred, in whole or in part, based on statements, representations, and admissions made to the United States Patent and Trademark Office during prosecution of the patent applications resulting in the issuance of the Asserted Patents or related patent applications, from asserting any interpretation of any valid, enforceable claim of the Asserted Patents that would be broad enough to cover or otherwise include any Accused Product alleged to infringe the Asserted Patents, either literally or under the doctrine of equivalents.

## FIFTH AFFIRMATIVE DEFENSE
## (Equitable Defenses)

Plaintiffs' attempted enforcement of the Asserted Patents against RJRV is barred by one or more of the equitable doctrines, such as estoppel, acquiescence, waiver, and unclean hands.

## SIXTH AFFIRMATIVE DEFENSE
## (Limitation on Damages)

Plaintiffs' claims for damages are statutorily limited by a failure to satisfy the requirements of 35 U.S.C. §§ 286 and 287.

## SEVENTH AFFIRMATIVE DEFENSE
## (Preclusion of Costs)

Plaintiffs are barred under 35 U.S.C. § 288 from recovering costs associated with their action.

## EIGHTH AFFIRMATIVE DEFENSE
## (Ensnarement)

Plaintiffs' claims are barred or limited in whole or in part by the doctrine of ensnarement.

## NINTH AFFIRMATIVE DEFENSE
## (No Injunctive Relief)

Plaintiffs are not entitled to injunctive relief as they have, at a minimum, an adequate remedy at law upon any finding of infringement and have not suffered any immediate or irreparable injury.

## TENTH AFFIRMATIVE DEFENSE
## (No Willfulness)

Plaintiffs are barred from obtaining a finding of willfulness or receiving enhanced damages because Plaintiffs have not alleged any conduct that would warrant a finding of willfulness or an award of enhanced damages to Plaintiffs, and RJRV has not engaged in any such conduct.

## ELEVENTH AFFIRMATIVE DEFENSE
## (Extraterritorial Claims)

Plaintiffs' claims are barred, in whole or in part, to the extent they are founded on activities occurring outside the territorial reach of the patent laws of the United States.

## RESERVATION OF RIGHTS

RJRV hereby reserves the right to amend its Answer, Affirmative Defenses, and Counterclaims and reserves all defenses set out in Rule 8(c) of the Federal Rules of Civil Procedure, the patent laws of the United States, and any other defenses, at law or in equity,

which may now exist or in the future be available based on discovery or further factual investigation in this case.

## RJRV'S COUNTERCLAIMS

Pursuant to Federal Rule of Civil Procedure 13, Counterclaim Plaintiff R.J. Reynolds Vapor Co. ("RJRV" or "Counterclaim Plaintiff") hereby counterclaims and alleges against Counterclaim Defendants Altria Client Services LLC and U.S. Smokeless Tobacco Co. LLC (collectively referred to herein as "Altria" or "Counterclaim Defendants") as set forth below. The allegations provided below are exemplary and without prejudice to RJRV's non-infringement and invalidity contentions that will be provided pursuant to the Court's scheduling order and local rules. In providing these allegations, RJRV does not convey or imply any particular claim constructions or the precise scope of the claims of the Asserted Patents. RJRV's proposed claim constructions will be provided pursuant to the Court's scheduling order and local rules.

## NATURE OF THE ACTION

1. This is an action arising under the patent laws of the United States, 35 U.S.C. §§ 271 *et seq.*, to obtain a declaration that U.S. Patent Nos. 10,143,242 ("the 242 Patent"); 10,264,824 ("the 824 Patent"); 10,299,517 ("the 517 Patent"); 10,485,269 ("the 269 Patent"); 10,492,541 ("the 541 Patent"); 10,588,357 ("the 357 Patent") 7,798,319 ("the 319 Patent"); 8,458,996 ("the 996 Patent"); and 8,556,070 ("the 070 Patent") (collectively, "the Asserted Patents") are invalid and not infringed.

2.     In their Complaint, Counterclaim Defendants have incorrectly alleged that RJRV infringes the Asserted Patents.  RJRV does not infringe any valid and enforceable claim of the Asserted Patents.  RJRV therefore seeks a declaration that the asserted claims of the Asserted Patents are invalid and not infringed.

## THE PARTIES

3.     Upon information and belief, Counterclaim Defendant Altria Client Services LLC is a Virginia corporation with its principal place of business located at 6601 West Broad Street, Richmond, Virginia 23230.

4.     Upon information and belief, Counterclaim Defendant U.S. Smokeless Tobacco Co. LLC is a Virginia corporation with its principal place of business located at 6603 West Broad Street, Richmond, Virginia 23230.

5.     Counterclaim Plaintiff RJRV is a North Carolina corporation with its principal place of business located at 401 North Main Street, Winston-Salem, North Carolina 27101.

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 because this action arises under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.* and the Patent Act of the United States, 35 U.S.C. §§ 1 *et seq.*

7.     Personal jurisdiction is proper in this Court over Counterclaim Defendants because Counterclaim Defendants filed their Complaint for patent infringement in this Court.

91

8.    Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400 because Counterclaim Defendants filed their Complaint for patent infringement in this Court.

9.    In their Complaint, Counterclaim Defendants allege that RJRV infringes the Asserted Patents.  RJRV denies that it infringes any valid, enforceable claim of the Asserted Patents.  An actual controversy has thus arisen and now exists between RJRV and the Counterclaim Defendants.

## COUNTERCLAIM I: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE 242 PATENT

10.    Counterclaim Plaintiff RJRV reasserts and incorporates by reference its allegations set forth in the preceding Paragraphs.

11.    In their Complaint, Counterclaim Defendants allege that Altria Client Services LLC is the owner of the 242 Patent and contend that RJRV has infringed and is currently infringing, directly and indirectly, claims 1–6 and 8–9 of the 242 Patent.

12.    RJRV denies these claims of infringement and asserts that the Accused VUSE VIBE Products do not meet all the limitations of any valid and enforceable claim of the 242 Patent, either literally or under the doctrine of equivalents.

13.    For example, and at a minimum, the Accused VUSE VIBE Products fail to meet at least the limitations requiring "a mouthpiece connected to the cartridge"; "the mouthpiece being attached to an outer surface of the cartridge"; "an end region of the cartridge extending into the mouthpiece"; "such that the mouthpiece surrounds at least a portion of the end region of the cartridge."

14.    Therefore, for at least the reasons described above, an immediate, real, and justiciable controversy has arisen and exists between RJRV and Counterclaim Defendants concerning the alleged infringement of the 242 Patent and declaratory relief is appropriate to establish that RJRV does not infringe, directly or indirectly, any valid and enforceable claim of the 242 Patent under 35 U.S.C. § 271(a), (b), or (c).

15.    Pursuant to 28 U.S.C. §§ 2201 *et seq.*, RJRV is entitled to declaratory judgment from this Court that it does not infringe any valid and enforceable claim of the 242 Patent.

## COUNTERCLAIM II: DECLARATORY JUDGMENT OF INVALIDITY OF THE 242 PATENT

16.    Counterclaim Plaintiff RJRV reasserts and incorporates by reference its allegations set forth in the preceding Paragraphs.

17.    In their Complaint, Counterclaim Defendants allege that Altria Client Services LLC is the owner of the 242 Patent and contend that the claims of the 242 Patent are valid.

18.    RJRV denies that the 242 Patent is valid and asserts that it is invalid for failure to comply with the requirements of 35 U.S.C. §§ 101 *et seq*.

19.    For example, asserted claims of the 242 Patent are invalid under 35 U.S.C. §§ 102 and/or 103 based on U.S. Patent No. 8,205,622, U.S. Patent Publication No. 2010/0242974, U.S. Patent No. 8,794,231, U.S. Patent Publication No. 2009/0272379, U.S. Patent No. 9,078,474, U.S. Patent Publication No. 2013/0192617, U.S. Patent No.

93

9,022,026, U.S. Patent Publication No. US 2011/0011396, alone or in combination with one another.

20.     Therefore, for at least the reasons described above, an immediate, real, and justiciable controversy has arisen and exists between RJRV and Counterclaim Defendants concerning the alleged validity of the 242 Patent and declaratory relief is appropriate to establish that the claims of the 242 Patent are invalid.

21.     Pursuant to 28 U.S.C. §§ 2201 *et seq.*, RJRV is entitled to declaratory judgment from this Court that the claims of the 242 Patent are invalid.

## **COUNTERCLAIM III: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE 824 PATENT**

22.     Counterclaim Plaintiff RJRV reasserts and incorporates by reference its allegations set forth in the preceding Paragraphs.

23.     In their Complaint, Counterclaim Defendants allege that Altria Client Services LLC is the owner of the 824 Patent and contend that RJRV has infringed and is currently infringing, directly and indirectly, claims 1, 3–7, 9–10, 12–16, and 18 of the 824 Patent.

24.     RJRV denies these claims of infringement and asserts that the Accused VUSE VIBE Products do not meet all the limitations of any valid and enforceable claim of the 824 Patent, either literally or under the doctrine of equivalents.

25.     For example, and at a minimum, the Accused VUSE VIBE Products fail to meet at least the limitations requiring "a mouthpiece connected to the cartridge portion"; "the mouthpiece being attached to an outer surface of the cartridge portion"; "an end region

of the cartridge portion extending into the mouthpiece"; "such that the mouthpiece surrounds at least a portion of the end region of the cartridge portion"; "a mouthpiece connected to the housing"; "the mouthpiece being attached to an outer surface of the housing"; "the end region of the housing extending into the mouthpiece"; "such that the mouthpiece surrounds at least a portion of the end region of the housing."

26. Therefore, for at least the reasons described above, an immediate, real, and justiciable controversy has arisen and exists between RJRV and Counterclaim Defendants concerning the alleged infringement of the 824 Patent and declaratory relief is appropriate to establish that RJRV does not infringe, directly or indirectly, any valid and enforceable claim of the 824 Patent under 35 U.S.C. § 271(a), (b), or (c).

27. Pursuant to 28 U.S.C. §§ 2201 *et seq.*, RJRV is entitled to declaratory judgment from this Court that it does not infringe any valid and enforceable claim of the 824 Patent.

## COUNTERCLAIM IV: DECLARATORY JUDGMENT OF INVALIDITY OF THE 824 PATENT

28. Counterclaim Plaintiff RJRV reasserts and incorporates by reference its allegations set forth in the preceding Paragraphs.

29. In their Complaint, Counterclaim Defendants allege that Altria Client Services LLC is the owner of the 824 Patent and contend that the claims of the 824 Patent are valid.

30. RJRV denies that the 824 Patent is valid and asserts that it is invalid for failure to comply with the requirements of 35 U.S.C. §§ 101 *et seq.*

95

31.     For example, asserted claims of the 824 Patent are invalid under 35 U.S.C. §§ 102 and/or 103 based on U.S. Patent No. 8,205,622, U.S. Patent Publication No. 2010/0242974, U.S. Patent No. 8,794,231, U.S. Patent Publication No. 2009/0272379, U.S. Patent No. 9,078,474, U.S. Patent Publication No. 2013/0192617, U.S. Patent No. 9,022,026, U.S. Patent Publication No. US 2011/0011396, alone or in combination with one another.

32.     Therefore, for at least the reasons described above, an immediate, real, and justiciable controversy has arisen and exists between RJRV and Counterclaim Defendants concerning the alleged validity of the 824 Patent and declaratory relief is appropriate to establish that the claims of the 824 Patent are invalid.

33.     Pursuant to 28 U.S.C. §§ 2201 *et seq.*, RJRV is entitled to declaratory judgment from this Court that the claims of the 824 Patent are invalid.

<u>**COUNTERCLAIM V: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE 517 PATENT**</u>

34.     Counterclaim Plaintiff RJRV reasserts and incorporates by reference its allegations set forth in the preceding Paragraphs.

35.     In their Complaint, Counterclaim Defendants allege that Altria Client Services LLC is the owner of the 517 Patent and contend that RJRV has infringed and is currently infringing, directly and indirectly, claims 1–3, 5, 7–8, and 10 of the 517 Patent.

36.     RJRV denies these claims of infringement and asserts that the Accused VUSE ALTO Products do not meet all the limitations of any valid and enforceable claim of the 517 Patent, either literally or under the doctrine of equivalents.

96

37. For example, and at a minimum, the Accused VUSE ALTO Products fail to meet at least the limitations requiring "a liquid compartment configured to hold a liquid formulation such that the liquid formulation is visible through at least the front face or the rear face"; "a vapor channel extending from the vaporizer compartment, through a center of the liquid compartment, and to the outlet"; "the vapor channel being visible through at least the front face or the rear face"; "the vapor channel being between the outlet and the plurality of electrical contacts."

38. Therefore, for at least the reasons described above, an immediate, real, and justiciable controversy has arisen and exists between RJRV and Counterclaim Defendants concerning the alleged infringement of the 517 Patent and declaratory relief is appropriate to establish that RJRV does not infringe, directly or indirectly, any valid and enforceable claim of the 517 Patent under 35 U.S.C. § 271(a), (b), or (c).

39. Pursuant to 28 U.S.C. §§ 2201 *et seq.*, RJRV is entitled to declaratory judgment from this Court that it does not infringe any valid and enforceable claim of the 517 Patent.

## COUNTERCLAIM VI: DECLARATORY JUDGMENT OF INVALIDITY OF THE 517 PATENT

40. Counterclaim Plaintiff RJRV reasserts and incorporates by reference its allegations set forth in the preceding Paragraphs.

41. In their Complaint, Counterclaim Defendants allege that Altria Client Services LLC is the owner of the 517 Patent and contend that the claims of the 517 Patent are valid.

97

42.     RJRV denies that the 517 Patent is valid and asserts that it is invalid for failure to comply with the requirements of 35 U.S.C. §§ 101 *et seq*.

43.     For example, asserted claims of the 517 Patent are invalid under 35 U.S.C. §§ 102 and/or 103 based on U.S. Patent No. 8,528,569, U.S. Patent Publication No. 2013/0228191, U.S. Patent No. 10,039,321, U.S. Patent Publication No. 2015/0128971, U.S. Patent No. 10,058,124, U.S. Patent Publication No. 2015/0208729, U.S. Patent No. 6,772,757, alone or in combination with one another.

44.     Therefore, for at least the reasons described above, an immediate, real, and justiciable controversy has arisen and exists between RJRV and Counterclaim Defendants concerning the alleged validity of the 517 patent and declaratory relief is appropriate to establish that the claims of the 517 Patent are invalid.

45.     Pursuant to 28 U.S.C. §§ 2201 *et seq.*, RJRV is entitled to declaratory judgment from this Court that the claims of the 517 Patent are invalid.

## COUNTERCLAIM VII: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE 269 PATENT

46.     Counterclaim Plaintiff RJRV reasserts and incorporates by reference its allegations set forth in the preceding Paragraphs.

47.     In their Complaint, Counterclaim Defendants allege that Altria Client Services LLC is the owner of the 269 Patent and contend that RJRV has infringed and is currently infringing, directly and indirectly, claim 19 of the 269 Patent.

48.     RJRV denies these claims of infringement and asserts that the Accused VUSE ALTO Products do not meet all the limitations of any valid and enforceable claim of the 269 Patent, either literally or under the doctrine of equivalents.

49.     For example, and at a minimum, the Accused VUSE ALTO Products fail to meet at least the limitations requiring "a vapor channel extending through the vapor precursor compartment"; "the vapor channel being visible through the transparent portions of the vapor precursor compartment."

50.     Therefore, for at least the reasons described above, an immediate, real, and justiciable controversy has arisen and exists between RJRV and Counterclaim Defendants concerning the alleged infringement of the 269 Patent and declaratory relief is appropriate to establish that RJRV does not infringe, directly or indirectly, any valid and enforceable claim of the 269 Patent under 35 U.S.C. § 271(a), (b), or (c).

51.     Pursuant to 28 U.S.C. §§ 2201 *et seq.*, RJRV is entitled to declaratory judgment from this Court that it does not infringe any valid and enforceable claim of the 269 Patent.

## COUNTERCLAIM VIII: DECLARATORY JUDGMENT OF INVALIDITY OF THE 269 PATENT

52.     Counterclaim Plaintiff RJRV reasserts and incorporates by reference its allegations set forth in the preceding Paragraphs.

53.     In their Complaint, Counterclaim Defendants allege that Altria Client Services LLC is the owner of the 269 Patent and contend that the claims of the 269 Patent are valid.

99

54.     RJRV denies that the 269 Patent is valid and asserts that it is invalid for failure to comply with the requirements of 35 U.S.C. §§ 101 *et seq.*

55.     For example, asserted claims of the 269 Patent are invalid under 35 U.S.C. §§ 102 and/or 103 based on U.S. Patent No. 8,528,569, U.S. Patent Publication No. 2013/0228191, U.S. Patent No. 10,039,321, U.S. Patent Publication No. 2015/0128971, U.S. Patent No. 10,058,124, U.S. Patent Publication No. 2015/0208729, U.S. Patent No. 6,772,757, alone or in combination with one another.

56.     Therefore, for at least the reasons described above, an immediate, real, and justiciable controversy has arisen and exists between RJRV and Counterclaim Defendants concerning the alleged validity of the 269 Patent and declaratory relief is appropriate to establish that the claims of the 269 Patent are invalid.

57.     Pursuant to 28 U.S.C. §§ 2201 *et seq.*, RJRV is entitled to declaratory judgment from this Court that the claims of the 269 Patent are invalid.

## COUNTERCLAIM IX: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE 541 PATENT

58.     Counterclaim Plaintiff RJRV reasserts and incorporates by reference its allegations set forth in the preceding Paragraphs.

59.     In their Complaint, Counterclaim Defendants allege that Altria Client Services LLC is the owner of the 541 Patent and contend that RJRV has infringed and is currently infringing, directly and indirectly, claim 24 of the 541 Patent.

60.     RJRV denies these claims of infringement and asserts that the Accused VUSE ALTO Products do not meet all the limitations of any valid and enforceable claim of the 541 Patent, either literally or under the doctrine of equivalents.

61.     For example, and at a minimum, the Accused VUSE ALTO Products fail to meet at least the limitations requiring "a pre-vapor formulation compartment configured to hold a pre-vapor formulation such that the pre-vapor formulation is visible through at least the front face"; "a vapor channel extending through the pre-vapor formulation compartment"; "the vapor channel being visible through at least the front face."

62.     Therefore, for at least the reasons described above, an immediate, real, and justiciable controversy has arisen and exists between RJRV and Counterclaim Defendants concerning the alleged validity of the 541 Patent and declaratory relief is appropriate to establish that RJRV does not infringe, directly or indirectly, any valid and enforceable claim of the 541 Patent under 35 U.S.C. § 271(a), (b), or (c).

63.     Pursuant to 28 U.S.C. §§ 2201 *et seq.*, RJRV is entitled to declaratory judgment from this Court that it does not infringe any valid and enforceable claim of the 541 Patent.

## COUNTERCLAIM X: DECLARATORY JUDGMENT OF INVALIDITY OF THE 541 PATENT

64.     Counterclaim Plaintiff RJRV reasserts and incorporates by reference its allegations set forth in the preceding Paragraphs.

65.     In their Complaint, Counterclaim Defendants allege that Altria Client Services LLC is the owner of the 541 Patent and contend that the claims of the 541 Patent are valid.

66.     RJRV denies that the 541 Patent is valid and asserts that it is invalid for failure to comply with the requirements of 35 U.S.C. §§ 101 *et seq.*

67.     For example, asserted claims of the 541 Patent are invalid under 35 U.S.C. §§ 102 and/or 103 based on U.S. Patent No. 8,528,569, U.S. Patent Publication No. 2013/0228191, U.S. Patent No. 10,039,321, U.S. Patent Publication No. 2015/0128971, U.S. Patent No. 10,058,124, U.S. Patent Publication No. 2015/0208729, U.S. Patent No. 6,772,757, alone or in combination with one another.

68.     Therefore, for at least the reasons described above, an immediate, real, and justiciable controversy has arisen and exists between RJRV and Counterclaim Defendants concerning the alleged validity of the 541 Patent and declaratory relief is appropriate to establish that the claims of the 541 Patent are invalid.

69.     Pursuant to 28 U.S.C. §§ 2201 *et seq.*, RJRV is entitled to declaratory judgment from this Court that the claims of the 541 Patent are invalid.

## COUNTERCLAIM XI: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE 357 PATENT

70.     Counterclaim Plaintiff RJRV reasserts and incorporates by reference its allegations set forth in the preceding Paragraphs.

71.     In their Complaint, Counterclaim Defendants allege that Altria Client Services LLC is the owner of the 357 Patent and contend that RJRV has infringed and is

currently infringing, directly and indirectly, claims 1–3, 5, 7–8, and 10–15 of the 357 Patent.

72.     RJRV denies these claims of infringement and asserts that the Accused VUSE ALTO Products do not meet all the limitations of any valid and enforceable claim of the 357 Patent, either literally or under the doctrine of equivalents.

73.     For example, and at a minimum, the Accused VUSE ALTO Products fail to meet at least the limitations requiring "liquid compartment configured to hold a liquid formulation such that the liquid formulation is visible through at least the front face or the rear face"; "vapor channel surrounded by the liquid compartment"; "vapor channel being visible through at least the front face or the rear face"; "vapor channel being between the outlet and the plurality of electrical contacts."

74.     Therefore, for at least the reasons described above, an immediate, real, and justiciable controversy has arisen and exists between RJRV and Counterclaim Defendants concerning the alleged infringement of the 357 Patent and declaratory relief is appropriate to establish that RJRV does not infringe, directly or indirectly, any valid and enforceable claim of the 357 Patent under 35 U.S.C. § 271(a), (b), or (c).

75.     Pursuant to 28 U.S.C. §§ 2201 *et seq.*, RJRV is entitled to declaratory judgment from this Court that it does not infringe any valid and enforceable claim of the 357 Patent.

## COUNTERCLAIM XII: DECLARATORY JUDGMENT OF INVALIDITY OF THE 357 PATENT

76.     Counterclaim Plaintiff RJRV reasserts and incorporates by reference its allegations set forth in the preceding Paragraphs.

77.     In their Complaint, Counterclaim Defendants allege that Altria Client Services LLC is the owner of the 357 Patent and contend that the claims of the 357 Patent are valid.

78.     RJRV denies that the 357 Patent is valid and asserts that it is invalid for failure to comply with the requirements of 35 U.S.C. §§ 101 *et seq*.

79.     For example, asserted claims of the 357 Patent are invalid under 35 U.S.C. §§ 102 and/or 103 based on U.S. Patent No. 8,528,569, U.S. Patent Publication No. 2013/0228191, U.S. Patent No. 10,039,321, U.S. Patent Publication No. 2015/0128971, U.S. Patent No. 10,058,124, U.S. Patent Publication No. 2015/0208729, U.S. Patent No. 6,772,757, alone or in combination with one another.

80.     Therefore, for at least the reasons described above, an immediate, real, and justiciable controversy has arisen and exists between RJRV and Counterclaim Defendants concerning the alleged validity of the 357 Patent and declaratory relief is appropriate to establish that the claims of the 357 Patent are invalid.

81.     Pursuant to 28 U.S.C. §§ 2201 *et seq.*, RJRV is entitled to declaratory judgment from this Court that the claims of the 357 Patent are invalid.

## COUNTERCLAIM XIII: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE 319 PATENT

82. Counterclaim Plaintiff RJRV reasserts and incorporates by reference its allegations set forth in the preceding Paragraphs.

83. In their Complaint, Counterclaim Defendants allege that U.S. Smokeless Tobacco Co. LLC is the owner of the 319 Patent and contend that RJRV has infringed and is currently infringing, directly and indirectly, claims 17–20, 22–23, and 25–26 of the 319 Patent.

84. RJRV denies these claims of infringement and asserts that the Accused VELO Products do not meet all the limitations of any valid and enforceable claim of the 319 Patent, either literally or under the doctrine of equivalents.

85. For example, and at a minimum, the Accused VELO Products fail to meet at least the limitations requiring "a generally cylindrical side wall"; "connection rim"; "non-hermetic seal permits gas exchange between ambient air and the interior space when the lid is secured to the container."

86. Therefore, for at least the reasons described above, an immediate, real, and justiciable controversy has arisen and exists between RJRV and Counterclaim Defendants concerning the alleged infringement of the 319 Patent and declaratory relief is appropriate to establish that RJRV does not infringe, directly or indirectly, any valid and enforceable claim of the 319 Patent under 35 U.S.C. § 271(a), (b), or (c).

105

87.     Pursuant to 28 U.S.C. §§ 2201 *et seq.*, RJRV is entitled to declaratory judgment from this Court that it does not infringe any valid and enforceable claim of the 319 Patent.

## COUNTERCLAIM XIV: DECLARATORY JUDGMENT OF INVALIDITY OF THE 319 PATENT

88.     Counterclaim Plaintiff RJRV reasserts and incorporates by reference its allegations set forth in the preceding Paragraphs.

89.     In their Complaint, Counterclaim Defendants allege that U.S. Smokeless Tobacco Co. LLC is the owner of the 319 Patent and contend that the claims of the 319 Patent are valid.

90.     RJRV denies that the 319 Patent is valid and asserts that it is invalid for failure to comply with the requirements of 35 U.S.C. §§ 101 *et seq.*

91.     For example, asserted claims of the 319 Patent are invalid under 35 U.S.C. §§ 102 and/or 103 based on U.S. Patent No. 4,646,933, U.S. Patent No. 3,907,953, U.S. Patent No. 4,660,577, U.S. Patent No. 2,023,341, U.S. Patent No. 3,245,566, U.S. Design Patent No. D499,025, U.S. Patent Application Publication No. 2007/0012328, alone or in combination with one another.

92.     Therefore, for at least the reasons described above, an immediate, real, and justiciable controversy has arisen and exists between RJRV and Counterclaim Defendants concerning the alleged validity of the 319 Patent and declaratory relief is appropriate to establish that the claims of the 319 Patent are invalid.

93.     Pursuant to 28 U.S.C. §§ 2201 *et seq.*, RJRV is entitled to declaratory judgment from this Court that the claims of the 319 Patent are invalid.

## COUNTERCLAIM XV: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE 996 PATENT

94.     Counterclaim Plaintiff RJRV reasserts and incorporates by reference its allegations set forth in the preceding Paragraphs.

95.     In their Complaint, Counterclaim Defendants allege that U.S. Smokeless Tobacco Co. LLC is the owner of the 996 Patent and contend that RJRV has infringed and is currently infringing, directly and indirectly, claims 1, 4, and 5 of the 996 Patent.

96.     RJRV denies these claims of infringement and asserts that the Accused VELO Products do not meet any valid and enforceable claim of the 996 Patent, either literally or under the doctrine of equivalents.

97.     For example, and at a minimum, the Accused VELO Products fail to meet at least the limitations requiring "a side wall including an outwardly curved exterior surface portion"; "connection rim'"; "non-hermetic seal permits venting of byproduct gases from the container when the lid is releasably engaged with the container."

98.     Therefore, for at least the reasons described above, an immediate, real, and justiciable controversy has arisen and exists between RJRV and Counterclaim Defendants concerning the alleged infringement of the 996 Patent and declaratory relief is appropriate to establish that RJRV does not infringe, directly or indirectly, any valid and enforceable claim of the 996 Patent under 35 U.S.C. § 271(a), (b), or (c).

99.     Pursuant to 28 U.S.C. §§ 2201 *et seq.*, RJRV is entitled to declaratory judgment from this Court that it does not infringe any valid and enforceable claim of the 996 Patent.

## COUNTERCLAIM XVI: DECLARATORY JUDGMENT OF INVALIDITY OF THE 996 PATENT

100.     Counterclaim Plaintiff RJRV reasserts and incorporates by reference its allegations set forth in the preceding Paragraphs.

101.     In their Complaint, Counterclaim Defendants allege that U.S. Smokeless Tobacco Co. LLC is the owner of the 996 Patent and contend that the claims of the 996 Patent are valid.

102.     RJRV denies that the 996 Patent is valid and asserts that it is invalid for failure to comply with the requirements of 35 U.S.C. §§ 101 *et seq.*

103.     For example, asserted claims of the 996 Patent are invalid under 35 U.S.C. §§ 102 and/or 103 based on U.S. Patent No. 4,646,933, U.S. Patent No. 3,907,953, U.S. Patent No. 4,660,577, U.S. Patent No. 2,023,341, U.S. Patent No. 3,245,566, U.S. Design Patent No. D499,025, U.S. Patent Application Publication No. 2007/0012328, alone or in combination with one another.

104.     Therefore, for at least the reasons described above, an immediate, real, and justiciable controversy has arisen and exists between RJRV and Counterclaim Defendants concerning the alleged validity of the 996 Patent and declaratory relief is appropriate to establish that the claims of the 996 Patent are invalid.

105. Pursuant to 28 U.S.C. §§ 2201 *et seq.*, RJRV is entitled to declaratory judgment from this Court that the claims of the 996 Patent are invalid.

## COUNTERCLAIM XVII: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE 070 PATENT

106. Counterclaim Plaintiff RJRV reasserts and incorporates by reference its allegations set forth in the preceding Paragraphs.

107. In their Complaint, Counterclaim Defendants allege that U.S. Smokeless Tobacco Co. LLC is the owner of the 070 Patent and contend that RJRV has infringed and is currently infringing, directly and indirectly, claims 1–6, 8, 10–22, and 25–28 of the 070 Patent.

108. RJRV denies these claims of infringement and asserts that the Accused VELO Products do not meet any valid and enforceable claim of the 070 Patent, either literally or under the doctrine of equivalents.

109. For example, and at a minimum, the Accused VELO Products fail to meet at least the limitations requiring "a portion of the side wall being outwardly convexly curved away"; "connection rim"; "non-hermetic seal permits venting of byproduct gases from the container when the metallic lid is releasably engaged with the container"; "wherein the container includes one or more vent structures formed proximate the connection rim, the vent structures providing a path for gas exchange between ambient air and the interface between the gasket and the container"; "non-hermetic seal permits gas exchange between ambient air and the interior space when the lid is secured to the container."

Case 1:20-cv-00472-NCT-JLW   Document 21   Filed 07/22/20   Page 109 of 113

110.    Therefore, for at least the reasons described above, an immediate, real, and justiciable controversy has arisen and exists between RJRV and Counterclaim Defendants concerning the alleged infringement of the 070 Patent and declaratory relief is appropriate to establish that RJRV does not infringe, directly or indirectly, any valid and enforceable claim of the 070 Patent under 35 U.S.C. § 271(a), (b), or (c).

111.    Pursuant to 28 U.S.C. §§ 2201 *et seq*., RJRV is entitled to declaratory judgment from this Court that it does not infringe any valid and enforceable claim of the 070 Patent.

## COUNTERCLAIM XVIII: DECLARATORY JUDGMENT OF INVALIDITY OF THE 070 PATENT

112.    Counterclaim Plaintiff RJRV reasserts and incorporates by reference its allegations set forth in the preceding Paragraphs.

113.    In their Complaint, Counterclaim Defendants allege that U.S. Smokeless Tobacco Co. LLC is the owner of the 070 Patent and contend that the claims of the 070 Patent are valid.

114.    RJRV denies that the 070 Patent is valid and asserts that it is invalid for failure to comply with the requirements of 35 U.S.C. §§ 101 *et seq.*

115.    For example, asserted claims of the 070 Patent are invalid under 35 U.S.C. §§ 102 and/or 103 based on U.S. Patent No. 4,646,933, U.S. Patent No. 3,907,953, U.S. Patent No. 4,660,577, U.S. Patent No. 2,023,341, U.S. Patent No. 3,245,566, U.S. Design Patent No. D499,025, U.S. Patent Application Publication No. 2007/0012328, alone or in combination with one another.

Case 1:20-cv-00472-NCT-JLW   Document 21   Filed 07/22/20   Page 110 of 113

116.    Therefore, for at least the reasons described above, an immediate, real, and justiciable controversy has arisen and exists between RJRV and Counterclaim Defendants concerning the alleged validity of the 070 Patent and declaratory relief is appropriate to establish that the claims of the 070 Patent are invalid.

117.    Pursuant to 28 U.S.C. §§ 2201 *et seq.*, RJRV is entitled to declaratory judgment from this Court that the claims of the 070 Patent are invalid.

## DEMAND FOR JURY TRIAL

118.    RJRV hereby demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, RJRV requests that:

(A)    Plaintiffs take nothing by way of its Complaint;

(B)    The Court enter judgment in favor of RJRV and against Plaintiffs, thereby dismissing the Complaint in its entirety, with prejudice, and deny Plaintiffs all requested relief;

(C)    The Court find that Plaintiffs cannot recover any damages from RJRV for any infringement of the 242 Patent, 824 Patent, 517 Patent, 269 Patent, 541 Patent, 357 Patent, 319 Patent, 996 Patent, or 070 Patent and are not entitled to injunctive relief;

(D)    The Court declare that RJRV has not infringed, literally or under the doctrine of equivalents, directly or indirectly, willfully or otherwise, any valid and enforceable claim of the 242 Patent, 824 Patent, 517 Patent, 269 Patent, 541 Patent, 357 Patent, 319 Patent, 996 Patent, or 070 Patent;

111

(E)    The Court declare that the assert claims of the 242 Patent, 824 Patent, 517 Patent, 269 Patent, 541 Patent, 357 Patent, 319 Patent, 996 Patent, and 070 Patent are invalid and/or unenforceable;

(F)    The Court declare that this case is exceptional, entitling RJRV to its attorneys' fees under 35 U.S.C. § 285, and award RJRV its costs and reasonable attorneys' fees; and

(G)    The Court grant RJRV all other and further relief that the Court deems appropriate.


Dated:  July 22, 2020                    Respectfully submitted,

                                         /s/ *John F. Morrow, Jr.*
                                         John F. Morrow, Jr. (NC Bar No. 23382)
                                         WOMBLE BOND DICKINSON (US) LLP
                                         One West Fourth Street
                                         Winston-Salem, NC 27101
                                         Telephone: +1 (336) 721-3584
                                         Facsimile: +1 (336) 733-8429
                                         Email: John.Morrow@wbd-us.com

                                         Stephanie E. Parker (GA Bar No. 563250)*
                                         JONES DAY
                                         1420 Peachtree Street, N.E., Suite 800
                                         Atlanta, Georgia  30309-3053
                                         Telephone: + 1 (404) 521-3939
                                         Facsimile: + 1 (404) 581-8330
                                         Email: separker@jonesday.com

112

William E. Devitt (IL Bar No. 6229133)*
John A. Marlott (IL Bar No. 6230613)*
JONES DAY
77 West Wacker, Suite 3500
Chicago, Illinois  60601-1692
Telephone: + 1 (312) 782-3939
Facsimile: +1 (312) 782-8585
Email: wdevitt@jonesday.com
Email: jamarlott@jonesday.com

Emily J. Tait (MI Bar No. P74708)*
JONES DAY
150 West Jefferson Suite 2100
Detroit, Michigan  48226-4438
Telephone: + 1 (313) 733-3939
Facsimile: + 1 (313) 230-7997
Email: etait@jonesday.com

*Counsel for Defendant*
*R.J. Reynolds Vapor Company*

*\* Special Appearance Under Local Rule*
*83.1(d) in progress.*