# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ALTRIA CLIENT SERVICES LLC AND U.S. SMOKELESS TOBACCO COMPANY LLC,<br><br>    Plaintiffs and Counterclaim Defendants,<br><br>v.<br><br>R.J. REYNOLDS VAPOR COMPANY AND MODORAL BRANDS, INC.,<br><br>    Defendants and Counterclaim Plaintiffs. | **Case No. 1:20-cv-00472-NCT-JLW** |

## JOINT MOTION TO CONTINUE TRIAL

Through counsel and pursuant to Rule 16(b)(4) and Rule 40 of the Federal Rules of Civil Procedure and Local Rules 6.1(b) and 40.1, Plaintiffs Altria Client Services LLC and U.S. Smokeless Tobacco Company LLC ("Altria") and Defendants R.J. Reynolds Vapor Company and Modoral Brands, Inc. (collectively, "Reynolds"), respectfully request that the Court grant a continuance of the currently scheduled trial date of August 29, 2022 to September 19, 2022. Good cause exists for this short, three-week continuance, for two independent reasons—the first submitted by both parties and the second by Reynolds only (on which Altria takes no position). First, the parties continue to engage in discussions that may resolve the case without a need for trial. The parties have been making progress in their discussions—for example, they were able to resolve the claims between them in a recent patent case that was subsequently tried only as to a remaining non-settling party

1

(Philip Morris Products, S.A. which is not a party here). *See* Order on Stipulation of Dismissal, *RAI Strategic Holdings, Inc. v. Altria Client Services, LLC*, No. 1:20-cv-393 (E.D. Va. June 8, 2022) (Dkt. 1300). The parties respectfully submit, however, that the additional time requested between the Court's ruling on pretrial motions—currently scheduled for hearings from August 22 to August 24, 2022—and the start of trial may be decisive in the parties' ability to reach a resolution. The parties believe that this short extension of the trial date will allow the clients the time needed to adequately evaluate the case and consider various settlement options. Second, Reynolds (but not Altria) requests an extension of the current trial setting to accommodate a key witness for Reynolds—Dr. Floros, who is currently on a research sabbatical in Europe. In support of this Motion, Altria and Reynolds jointly submit the following:

1. On June 28, 2022, the Court set this matter for jury selection and trial beginning at 9:30 a.m. on August 29, 2022, with a final pretrial conference on August 22, 2022 (with the possibility of it extending through August 24, 2022). *See* Dkts. 291, 292.

2. Under the Court's pretrial scheduling order, pretrial motions are due no later than July 28, 2022, and the parties' trial briefs, jury instructions, and motions related to new discovery are due no later than August 4, 2022. Dkt. 295. This motion does not seek an extension of these deadlines.

3. Altria and Reynolds continue to engage in discussions with the potential to resolve this dispute without a trial. Despite significant progress, these discussions have not been successful, in part because of the uncertainty regarding the evidentiary issues in the case and the difference in how the parties evaluate the claims. Both parties believe that

settlement would be facilitated by the parties' meet-and-confer process related to the pretrial motions and by the Court's rulings on disputed issues that are submitted for adjudication. Those motions are currently set for hearing on August 22 to August 24, 2022.

4. Granting a short, three-week continuance of the trial date would provide adequate time for the Court to consider and rule on the pretrial motions and for the parties to incorporate those rulings into their evaluation of the case. Currently, there are only two to four business days between the final pretrial hearing and the start of trial. That period of time is unlikely to be sufficient for the parties to make a meaningful attempt at negotiating a resolution. And a belated resolution after the start of trial will create unnecessary burdens on the Court, its staff and prospective jurors. The parties respectfully submit that the requested continuance strikes the optimal balance between avoiding undue delay while minimizing the burdens on judicial resources.

5. The parties and their counsel are highly experienced at resolving complex cases like this one—as shown by their recent successful resolution of Altria's counterclaims against Reynolds in the Eastern District of Virginia patent litigation. *See* Order on Stipulation of Dismissal, *RAI Strategic Holdings, Inc. v. Altria Client Services, LLC*, No. 1:20-cv-393 (E.D. Va. June 8, 2022) (Dkt. 1300). Altria and Reynolds respectfully submit that for the best possibility of settlement, the parties should be given this brief additional period before trial to attempt to resolve the case with the benefit of the Court's rulings and the developed positions in the parties' pretrial motions, trial briefs, jury instructions, and verdict forms. Our experience—including in the Eastern District of Virginia, where the parties reached an agreement after motions practice and before trial—

3

is that this context and case posture provides the greatest likelihood of a successful resolution.

6. In addition, Reynolds independently requests a three-week extension to accommodate a key witness, Dr. John D. Floros. (Altria does not join in this part of the motion, and it takes no position on the availability of Dr. Floros or the relevance of his testimony.) Dr. Floros, Reynolds's expert witness on the Bried family of patents (U.S. Patent Nos. 7,798,319 and 8,556,070), is currently out of the country on a research sabbatical from his position as Professor of Food Science, Packaging and Engineering at New Mexico State University. Ex. 1, Floros Decl. ¶ 2–3. Reynolds plans to call Dr. Floros to testify at trial. His testimony is material to the case. Consistent with his expert reports, Dr. Floros will testify that the accused VELO product containers do not infringe the asserted Bried patents, that the asserted patents are invalid over the prior art, and that the claimed benefits of the patents do not support Altria Client Services LLC and U.S. Smokeless Tobacco Company LLC's ("Altria") request for damages.

7. Dr. Floros is currently in Greece, with plans to travel in Europe to meet with academics, researchers, and private industry there. *Id.* ¶ 3. The purpose of his visit is to develop an expert panel for a study or symposium addressing sustainable food and agricultural practices in arid and semi-arid regions, as related to his teaching and research functions at New Mexico State University. *Id.* He currently plans to return to the United States in mid-October. *Id.* ¶ 4.

8. Traveling from Greece to the United States for trial in late August and early September would interfere with the purpose of Dr. Floros's research sabbatical in Europe.

This is the time when his counterparts will be returning from their European summer holiday in August and available to schedule meetings and discussions. *Id.* ¶ 5. The requested continuance would provide time for Dr. Floros to make alternative arrangements for his research activities and travel schedule to accomplish his objectives during this most important period of his time in Europe. *Id.* ¶ 6.

9. Pursuant to Local Rule 6.1(b), the parties have conferred on the relief requested in this motion, and all parties join in the request for a short continuance.

10. Pursuant to Local Rule 40.1(b), signed certifications by Altria Client Services LLC and U.S. Smokeless Tobacco Company LLC are contained in Exhibit 2

11. Pursuant to Local Rule 40.1(b), signed certifications by R.J. Reynolds Vapor Company and Modoral Brands, LLC are contained in Exhibit 3.

12. In sum, there is good cause to grant the motion. The requested continuance is short—just three weeks. The current one-week period between the final pretrial hearing and the start of trial is insufficient for the parties to meaningfully engage in negotiations while they are focused on preparing for trial. A settlement is more likely to be successful following the final pretrial hearing and the Court's rulings (or expressed views) on the submitted motions. And, as urged by Reynolds, the continuance would minimize the disruption of Dr. Floros's research sabbatical. Finally, this motion is not made in bad faith or to unduly delay or prejudice the proceedings in this matter.

WHEREFORE, Altria and Reynolds jointly and respectfully request that the Court continue the trial date to September 19, 2022.

| | |
|---|---|
| Dated: July 19, 2022 | Respectfully submitted, |
| /s/ *Robert C. Van Arnam* | /s/ *John F. Morrow, Jr.* |
| Robert C. Van Arnam<br>N.C. Bar No. 28838<br>Andrew R. Shores<br>N.C. Bar No. 46600<br>WILLIAMS MULLEN<br>301 Fayetteville Street<br>Suite 1700<br>Raleigh, NC 27601<br>Tel: (919) 981-4055<br><br>Elizabeth S. Weiswasser*<br>Anish R. Desai*<br>WEIL, GOTSHAL & MANGES LLP<br>767 5th Avenue<br>New York, NY 10153<br>Tel: (212) 310-8000<br><br>W. Sutton Ansley*<br>Stephanie Adamakos*<br>WEIL, GOTSHAL & MANGES LLP<br>2001 M Street, NW, Suite 600<br>Washington, DC 20036<br>Tel: (202) 682-7000<br><br>Adrian C. Percer*<br>WEIL, GOTSHAL & MANGES LLP<br>201 Redwood Shores Parkway<br>Redwood Shores, CA 94065<br>Tel: (650) 802-3000<br><br>*\* Special Appearance Under Local Rule 83.1(d)*<br><br>*Counsel for Plaintiffs Altria Client Services LLC and U.S. Smokeless Tobacco Company LLC* | John F. Morrow, Jr. (NC Bar No. 23382)<br>WOMBLE BOND DICKINSON (US) LLP<br>One West Fourth Street<br>Winston-Salem, North Carolina 27101<br>Telephone: +1 (336) 721-3584<br>Facsimile: +1 (336) 733-8429<br>Email: John.Morrow@wbd-us.com<br><br>Stephanie E. Parker (GA Bar No. 563250)*<br>Jason T. Burnette (GA Bar No. 242526)*<br>JONES DAY<br>1221 Peachtree Street, N.E., Suite 400<br>Atlanta, Georgia 30361<br>Telephone: + 1 (404) 521-3939<br>Facsimile: + 1 (404) 581-8330<br>Email: separker@jonesday.com<br>Email: jtburnette@jonesday.com<br><br>William E. Devitt (IL Bar No. 6229133)*<br>John A. Marlott (IL Bar No. 6230613)*<br>JONES DAY<br>110 North Wacker Drive, Suite 4800<br>Chicago, Illinois 60606<br>Telephone: + 1 (312) 782-3939<br>Facsimile: +1 (312) 782-8585<br>Email: wdevitt@jonesday.com<br>Email: jamarlott@jonesday.com<br><br>Emily J. Tait (MI Bar No. P74708)*<br>JONES DAY<br>150 West Jefferson, Suite 2100<br>Detroit, Michigan 48226-4438<br>Telephone: + 1 (313) 733-3939<br>Facsimile: + 1 (313) 230-7997<br>Email: etait@jonesday.com<br><br>Michael S. Quinlan (OH Bar No. 0088386)*<br>JONES DAY<br>901 Lakeside Ave.<br>Cleveland, Ohio 44114<br>Telephone: +1 (216) 586-3939<br>Email: msquinlan@jonesday.com<br><br>*\* Special Appearance Under Local Rule 83.1(d)* |

*Counsel for Defendants and Counterclaim Plaintiffs, R.J. Reynolds Vapor Company and Modoral Brands, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing document to be electronically filed with the Clerk of Court using the CM/ECF system, which will give notice of such filing to all attorneys currently of record in the above-captioned case.

Dated: July 19, 2022

*/s/ John F. Morrow, Jr.*
John F. Morrow, Jr. (NC Bar No. 23382)
WOMBLE BOND DICKINSON (US) LLP
One West Fourth Street
Winston-Salem, NC 27101
Telephone: +1 (336) 721-3584
Facsimile: +1 (336) 733-8429
Email: John.Morrow@wbd-us.com

*Counsel for Defendants and Counterclaim Plaintiffs, R.J. Reynolds Vapor Company and Modoral Brands, Inc.*