**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | | |
|---|---|---|
| ALTRIA CLIENT SERVICES LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| R.J. REYNOLDS VAPOR COMPANY, | ) | 1:20CV472 |
| | ) | |
| Defendant. | ) | |

# FINAL JUDGMENT

**WHEREAS**, on September 7, 2022, the jury returned a verdict by responding to certain questions asked of it on a verdict form [Doc. #458], as follows:

1. Do you find that Altria has proven by a preponderance of the evidence that Reynolds has infringed any of the following claims of the Asserted Patents?

   Answer: U.S. Patent No. 10,299,517
   Claim 1 – Yes
   Claim 9 – Yes
   Claim 10 – Yes

   U.S. Patent No. 10,485,269
   Claim 19 – Yes

   U.S. Patent No. 10,492,541
   Claim 24 – Yes

2. Do you find that Reynolds has proven by clear and convincing evidence that any of the following claims of the Asserted Patents is invalid?

   Answer: U.S. Patent No. 10,299,517
   Claim 1 – No
   Claim 9 – No
   Claim 10 – No

   U.S. Patent No. 10,485,269

Claim 19 – No

U.S. Patent No. 10,492,541
Claim 24 – No

3. Do you find that Altria has proven by a preponderance of the evidence that Altria's licensee JUUL did not make or sell a JUUL device after May 2019 that practiced the Asserted Patents?

   Answer: Yes

4. What sum of money did Altria prove by a preponderance of the evidence would be adequate compensation for Reynolds's past infringement of the Asserted Patents? Provide the amount below in dollars and cents.

   Answer: $95,233,292.00;

**WHEREAS**, on September 30, 2022, the parties entered into a Joint Stipulation [Doc. #470] according to which they agreed that:

1. Reynolds will supplement its financial production for the VUSE Alto from July 1, 2022 through August 31, 2022, by September 30, 2022. Reynolds will supplement its financial production for the VUSE Alto from September 1, 2022 through the date of the judgment within 30 days of the close of the month in which judgment is entered;

2. Reynolds agrees to incorporate as part of the judgment a running royalty of 5.25% on positive net sales of the VUSE Alto pods and power units from July 1, 2022 through the date of the judgment, with positive net sales to be determined quarterly (meaning that where the net sales for pods or power units are not greater than zero over the calendar quarter, the net sales for that component are excluded for the quarter);

3. Reynolds agrees to incorporate as part of the judgment pre-judgement interest at the prime rate, compounded quarterly, from May 28, 2019 through the date of the judgment; and

4. Reynolds agrees that post-judgment interest will be calculated as set forth in 28 U.S.C. § 1961;

NOW THEREFORE, in accordance with the jury's verdict of September 7, 2022 and the parties' stipulation of September 30, 2022, **IT IS HEREBY ORDERED AND ADJUDGED THAT**:

1. Altria's '517, '269, and '541 Patents were not proven invalid;

2. Reynolds infringed and owes damages for its infringement of the '517, '269, and '541 Patents;

3. Altria shall recover from Reynolds $95,233,292.00 for its past infringement through June 30, 2022;

4. Altria shall recover from Reynolds a running royalty of 5.25% on positive net sales of the VUSE Alto pods and power units from July 1, 2022 through the date of the judgment, with positive net sales to be determined quarterly (meaning that where the net sales for pods or power units are not greater than zero over the calendar quarter, the net sales for that component are excluded for the quarter); and

5. Altria shall recover from Reynolds pre-judgment interest at the prime rate, compounded quarterly, from May 28, 2019 through the date of the judgment.

This the 4th day of October, 2022.

/s/ N. Carlton Tilley, Jr.
Senior United States District Judge