IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ALTRIA CLIENT SERVICES LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | 1:20CV472 |
| | ) | |
| R.J. REYNOLDS VAPOR COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are numerous motions to seal documents related to discovery and summary judgment motions. Defendant has moved to seal portions of Exhibits E and G to its brief in support of its motion to strike Plaintiff's expert opinions on secondary considerations [Doc. #130], portions of its motion to strike Plaintiff's expert opinions on marking and accompanying Exhibits D, F, and G [Docs. #158, #159 (sealed)][1], portions of its brief in support of the motion to amend the scheduling order and accompanying Exhibits A and B [Doc. #256], portions of its opposition to Plaintiff's motion for partial summary judgment and accompanying Exhibits 7, 9, and 10 [Doc. #232], portions of its opposition to Plaintiff's supplemental brief and accompanying Exhibit 1 [Doc. #274], and portions of its brief in support of its motion for partial summary judgment and accompanying Exhibit 2 [Doc. #219].

---

[1] This motion amends Doc. #145. That motion is now moot.

Plaintiff has moved to seal portions of its brief in opposition to Defendant's motion to strike [Doc. #153], portions of its brief in opposition to Defendant's motion to strike and accompanying Exhibits 9 and 13 [Doc. #168], portions of its brief in support of its motion to strike [Doc. #175], portions of its reply in support of its motion to strike [Doc. #226], portions of its brief in support of partial summary judgment and accompanying Exhibit 2 [Doc. #196], portions of Exhibit 1 and all of Exhibit 4 to its brief in support of filing a supplemental summary judgment brief [Doc. #264], portions of its reply brief in support of summary judgment [Doc. #280], and portions of its brief in opposition to Defendant's motion for summary judgment [Doc. #237]. Related to Docket No. 153 is Plaintiff's motion to correct the docket [Doc. #161].

The parties were afforded an opportunity to supplement their evidentiary support for sealing if they disagreed with the Court's draft opinion on these motions. Only Plaintiff did so [Docs. #478, 478-1, 478-2], and Plaintiff's only disagreement was with the Court's proposal to deny the motions to seal a product summary chart submitted at Doc. #146-7 at 14, Doc. #159-4 at 14, Doc. #170-1, Doc. #227 at 12, and Doc. #238 at 12.

I.

There is both a common law right and a First Amendment right of access to judicial records and documents, defined as documents that "play a role in the adjudicative process, or adjudicate substantive rights." In re U.S. for an Order Pursuant to 18 U.S.C. Section 2703(d), 707 F.3d 283, 290 (4th Cir. 2013);

accord In re Policy Mgmt. Sys. Corp., 67 F.3d 296 (table), 1995 WL 541623, at *3-4 (4th Cir. Sept 13, 1995) (finding that documents submitted to, but not considered by, the court did "not play any role in the adjudicative process" and "are [therefore] not subject to" the common law or First Amendment right of access).

As for the common law, "the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978) (footnotes omitted). This presumption of access can be rebutted "if competing interests outweigh the interest in access". Stone v. Univ. of Md. Med. Sys. Corp., 855 F.2d 178, 180 (4th Cir. 1988). Factors to weigh "include whether the records are sought for improper purposes . . . ; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records." In re Knight Pub. Co., 743 F.2d 231, 235 (4th Cir. 1984).

On the other hand, "the First Amendment guarantee of access has been extended only to particular judicial records and documents" such as those filed with a summary judgment motion. Id. To overcome such access, there must be "a compelling governmental interest" and "the denial [must be] narrowly tailored to serve that interest." Id. The moving party "must present specific reasons in support of its position." Va. Dep't of State Police v. Washington Post, 386 F.3d 567, 575 (4th Cir. 2004). Documents that "could provide a 'source[] of business

3

information that might harm a litigant's competitive standing'" may, with the proper showing, be restricted from public access. Woven Elecs. Corp. v. Advance Group, Inc., 930 F.2d 913 (Table), 1991 WL 54118, at *6 (4th Cir. Apr. 15, 1991) (quoting Nixon, 435 U.S. at 598).

A court must first determine whether the common law or the First Amendment provides access to documents. Stone, 855 F.2d at 181. Then the court weighs the associated competing interests by giving notice to the public of the request to seal "and a reasonable opportunity to challenge the request", considering "less drastic alternatives to sealing", and, if it decides to seal, stating "the reasons (and specific supporting findings) for its decision and the reasons for rejecting alternatives to sealing." Id.

The Local Civil Rules require that a party claiming confidentiality support the motion to seal with evidence, "including affidavits or declarations". L. Civ. R. 5.4(c)(3). Attorneys' arguments in briefs are not evidence, but their "representation to the Court that documents contain confidential business information can be considered as some evidence" that is "weighed against competing interests." Cochran v. Volvo Group N.A., LLC, 931 F. Supp. 2d 725, 730 (M.D.N.C. 2013).[2]

---

[2] Except for its supplemental filing at Docket No. 478, Plaintiff never supported its instant requests to seal with affidavits or declarations despite the clarity of the Local Rule. Its counsel's arguments were "considered as some evidence", though.

4

II.

The documents submitted in conjunction with the four motions to strike, the motion to amend the scheduling order, and the motion for leave to file a supplemental brief are protected by the common law right of access. The public has had notice of these motions for months. The earliest was filed in September 2021, and the most recent was filed in May 2022. Despite a reasonable opportunity to challenge the sealing requests, no objections appear on the record. It is also noted that the parties have commendably and carefully limited the information they request to be sealed with each motion.[3]

A.

Defendant has moved to seal portions of Exhibits E and G to its brief in support of striking Plaintiff's expert opinions. [Doc. #130.[4]]

Exhibit E is an excerpt of the August 4, 2021 Report of Plaintiff's expert, Joseph McAlexander. Nearly all of the material in Exhibit E that Defendant wants

---

[3] Pursuant to the Local Rules, the party that filed a document under seal (and, therefore, moved to seal) identified the information considered confidential. If it was that party's confidential information, it also filed a brief in support of sealing. On the other hand, if the non-moving party considered the information confidential, that party filed a brief in support of sealing. Because some documents contain information that both parties consider confidential, both parties submitted briefs in support of sealing their respective confidential information.

[4] See Def.'s Mem. in Supp. [Doc. #132]; Decl. of Charles A. Leyes (Sept. 3, 2021) [Docs. #131, 132-1]; Pl.'s Br. in Supp. [Doc. #142]. Plaintiff apparently did not file a replacement brief as it intended, (see Consent Mot. [Doc. #161]), so the arguments in its original brief [Doc. #142] are applied here.

5

sealed is clearly in the public domain and, if not, does not disclose the type of confidential business information appropriate for sealing. See, e.g., SMD Software, Inc. v. EMove, Inc., No. 5:08-CV-403-FL, 2013 WL 1091054 (E.D.N.C. Mar. 15, 2013) (sealing profit and loss statements, pricing, marketing strategies, expense information, and revenue and revenue growth information); ATI Indus. Automation, Inc. v. Applied Robotics, Inc., 801 F. Supp. 2d 419 (M.D.N.C. 2011) (involving trade secrets). And the sales data for 2019, 2020, and 2021 generally could be derived from the jury's verdict, the judgment, and the trial evidence about a hypothetical negotiation. However, paragraphs 432 and 434 are appropriately sealed because their content derives from Defendant's internal documents. The motion to seal portions of Exhibit E, as requested by Defendant, is granted in part and denied in part.

Plaintiff requests that paragraph 429 of Exhibit E be redacted.[5] However, it is unclear how the disclosure of this paragraph would provide competitors with access to any "proprietary, sensitive, and otherwise confidential information" that would harm Plaintiff. The motion to seal Exhibit E, as requested by Plaintiff, is denied.

Exhibit G is Plaintiff's supplemental responses to Interrogatories 5 and 11. Defendant relies on the same general bases for sealing as it did for Exhibit E, but

---

[5] Plaintiff initially requested additional redactions from Exhibit E. But, at Plaintiff's request, Defendant filed a replacement Exhibit E for which Plaintiff now only requests one redaction.

6

this is simply insufficient. Again, some information is already public and other material lacks sufficient support to determine if it should be sealed. Thus, the motion to seal Exhibit G is denied.

B.

Plaintiff moves to seal portions of its brief in opposition to Defendant's motion to strike. [Doc. #153 (asking to seal Doc. #152).[6]] However, later the parties filed a consent motion, [Doc. #161], requesting (a) removal of that opposition brief and (b) leave for Plaintiff "to file a corrected, replacement document redacting" Defendant's confidential business information. The motion to correct the docket is granted, and Docket No. 161-1 should replace Docket No. 152 on the docket.

Defendant relies on the same arguments and declaration submitted with its earlier motion to seal Exhibits E and G because the information in Plaintiff's opposition brief that Defendant claims is protected is the same material it sought to redact from Exhibits E and G. For the reasons explained above, supra § II.A., this motion to seal is denied.

C.

Defendant has moved to seal portions of its brief in support of its motion to strike Plaintiff's expert report on marking and accompanying Exhibits D, F, and G.

---

[6] See Def.'s Mem. in Supp. [Doc. #163].

7

[Docs. #158, #159 (Sealed).[7]] This motion amends its previous motion to seal at Docket No. 145; thus, that motion is now moot.

Exhibit D is Plaintiff's Supplemental Objections and Responses to Defendant's Interrogatories Nos. 5 and 11. While information may refer to licensees and a settlement, it does not reveal Plaintiff's licensing strategy or "settlement negotiations", and some information is nearly a decade old. Furthermore, nothing seems to relate to Plaintiff's "investments". Thus, the motion to seal Exhibit D is denied.

Exhibit F is a letter from Plaintiff's counsel to Defendant's counsel. Plaintiff requests to redact a portion of one sentence, and it is the very same statement it seeks to redact in Exhibit D that refers to "licensees". Thus, Plaintiff relies on the same arguments. For the reasons explained above, the motion to seal Exhibit F is denied.

Exhibit G is an excerpt from Plaintiff's expert report on marking. Plaintiff requests to redact paragraph 156 and its product summary chart and paragraph 157. Plaintiff supplemented its arguments in support of sealing the product summary chart with two declarations but has still failed to make a sufficient showing for sealing. Plaintiff acknowledges that "the devices identified in the Product Summary Chart were publicly available and could have been disassembled and inspected by other entities," but contends that the chart "discloses Altria's

---

[7] See Pl.'s Br. in Supp. [Doc. #160].

confidential observations and characterizations of the devices and components therein." (Decl. of Elizabeth O'Hara ¶ 3 (Oct. 14, 2022) [Doc. #478-2].) According to Plaintiff, disclosure "would place Altria at a competitive disadvantage as its competitors would gain insight into Altria's competitive product assessment practices and methodologies." (Id.)

In addition, Plaintiff notes that this product summary chart was part of a larger document (RX-051) that Defendant intended to use as a trial exhibit, causing Plaintiff to move to seal RX-051 prior to trial because "it includes confidential business plans, as well as market and technical intelligence." (Decl. of Anish R. Desai ¶ 7 (Oct. 14, 2022) [Doc. #478-1].) In support of that motion, Plaintiff submitted a declaration generally describing why the entirety of RX-051, along with nine other trial exhibits, should be sealed. (See Decl. of Elizabeth O'Hara ¶ 5 (undated) [Doc. #424-1] (addressing trial exhibits PX-205 to 208, PX-225, RX-044, and RX-051 to 054 in general).) Plaintiff quotes from that declaration here as if the reasons to shield "competitive marketing and technical intelligence, business updates[,] and future plans" in those ten trial exhibits support sealing merely the product summary chart at issue here. (See Decl. of Desai ¶ 7.) Ultimately, Defendant withdrew RX-051 as a trial exhibit, and the product summary chart that was part of that larger document was never used at trial. (Id. ¶ 8.) Nevertheless, the product summary chart was used by the Court to assess motions to strike (and Defendant's motion for partial summary judgment on pre-suit damages as discussed in § III.G.). Therefore, it is a judicial document.

9

Essentially, the product summary chart is comprised of a tear down which a person of ordinary skill in the art ("POSA") could have performed and a straightforward, non-interpretive description of the product's parts.  Even with its supplemental evidentiary support, Plaintiff has simply not met its burden to show that this is proprietary information or procedures in which Plaintiff's interests outweigh the public's right of access.  Therefore, the motion to seal Exhibit G is denied.

Finally, Defendant's brief quotes Exhibits D and F on page 14.  This is the same statement that Plaintiff seeks to redact in the exhibits themselves that merely mentions licensees.  Because Plaintiff has not explained how disclosure of this information would reveal licensing strategies or any other sensitive business information, this statement is not appropriately redacted.  Thus, the motion to seal portions of Defendant's brief is denied.

### D.

Plaintiff has moved to seal portions of its brief in opposition to Defendant's motion to strike and accompanying Exhibits 9 and 13. [Doc. #168.[8]]

Exhibit 9 is the same product summary chart discussed in § II.C.  For the same reasons explained there, the motion to seal Exhibit 9, as requested by Plaintiffs, is denied.

---

[8] See Pl.'s Mem. in Supp. [Doc. #169]; Def.'s Mem. in Supp. [Doc. #181]; Decl. of Jonathan Short (Oct. 20, 2021) [Doc. #181-1].

10

Plaintiff contends its opposition brief contains "confidential licensing information" that would harm Plaintiff were it disclosed. While this information refers to "licensees", it is unclear how its disclosure would harm Plaintiff. The same is true even for the statement about the JUUL license. The motion to seal a portion of Plaintiff's brief, as requested by Plaintiff, is denied.

Defendant seeks to redact one sentence on page 15 of Plaintiff's opposition brief and, related, Exhibit 13 which is comprised of Schedules 2 and 3 of Plaintiff's expert report. The Court did not use Exhibit 13 in addressing Defendant's motion to strike; therefore, it is not a judicial record subject to the right of public access. It shall remain sealed. However, the redacted figure related to pre-suit damages is not appropriately sealed, as the jury verdict form since docketed reflects Plaintiff's entitlement to pre-suit damages and an award of total damages. It is unclear how disclosure of the redacted figure would reveal anything that could harm Defendant. Thus, the motion to seal a portion of Plaintiff's brief, as requested by Defendant, is denied. The motion to seal Exhibit 13, as requested by Defendant, is granted.

E.

Plaintiff has moved to seal portions of its brief in support of its motion to strike. [Doc. #175.[9]]

The redacted material is the same information about the JUUL-Altria license agreement discussed in § II.D. For the reasons stated there, the motion to seal, as

---

[9] See Pl.'s Mem. in Supp. (incorporating earlier-filed brief) [Doc. #176]; Def.'s Mem. in Supp. (relying on earlier-filed Decl. of Short) [Doc. #184].

11

requested by Plaintiff, is denied.  Defendant also seeks to redact the same statement about pre-suit damages discussed in § II.D.  For the reasons stated there, the motion to seal, as requested by Defendant is denied.

F.

Plaintiff has also moved to seal portions of its reply brief in further support of its motion to strike [Doc. #226] and relies on arguments made in an earlier-filed memorandum.

Specifically, Plaintiff has redacted from the brief the same product summary chart discussed in § II.C.  For the reasons explained there, the motion to seal is denied.

G.

Defendant has moved to seal portions of its brief in support of its motion to amend the scheduling order and accompanying Exhibits A and B. [Doc. #256.]

The material redacted from the brief and the exhibits is considered confidential sensitive material by third-party JUUL Labs, Inc. ("JUUL").  Later, though, Defendant, with the consent of Plaintiff and JUUL, moved to withdraw Exhibit A (a deposition transcript sealed in its entirety) and replace it with a "narrowed version" of the transcript, [Doc. #260], and that request was granted, [Doc. #267].  It is presumed that Defendant intended the narrowed version of the transcript to be sealed in its entirety.  JUUL had fourteen days from the date of the motion to seal (May 3, 2022) to submit a brief in support of maintaining the seal on Defendant's brief and Exhibits A and B, but it failed to do so.  However,

12

because JUUL is not a party to this litigation, it is unclear and nothing on the record shows how JUUL would have notice of the Local Rules and its obligation to file a supporting brief. Therefore, under these circumstances, the motion to seal JUUL's confidential information is granted.

H.

Plaintiff has moved to seal Exhibits 1 and 4 filed in support of its motion for leave to file a supplemental summary judgment brief. [Doc. #264.]

Exhibit 4 is a deposition transcript that contains information that JUUL considers confidential and is sealed in its entirety, and Exhibit 1 is the proposed supplemental brief that discusses the contents of Exhibit 4. As above, supra § II.G., although JUUL did not file a supporting brief, the motion to seal its confidential information in Exhibits 1 and 4 is granted.

III.

Access to the documents submitted in support of the parties' motions for partial summary judgment is protected by the First Amendment.[10] These motions

---

[10] Inexplicably, Plaintiff contends that these motions for partial summary judgment are non-dispositive, pre-trial motions to which the common law right of access applies. While it cites Washington Post, 386 F.3d 580 for the proposition that the common law right of access applies to non-dispositive, pre-trial motions, that case does not find that a partial summary judgment motion is among them. Courts in this circuit apply the First Amendment right of access to documents filed in conjunction with motions for partial summary judgment. See, e.g., Spring Nextel Corp. v. Wireless Buybacks Holdings, LLC, 938 F.3d 113, 120 n.2 (4th Cir. 2019) (reviewing the district court's grant of the plaintiff's motion for partial summary judgment, noting that much of the record was sealed, and encouraging the district court on remand to review the public's access to those records under the First Amendment); Precision Fabrics Group, Inc. v. TieTex Int'l, Ltd., No. 1:13-cv-645,

13

have also been available on the docket as early as November 2021 and as recently as May 2022, affording the public a reasonable opportunity to object, and no such objections are on the record. And, as with the earlier motions to seal, the parties have thoughtfully and narrowly tailored their requested redactions to allow the public the greatest possible access to the substance of the documents before the Court.

A.

Plaintiff has moved to seal a portion of Karl Leinsing's reply report, attached as Exhibit 2 to Plaintiff's brief in support of its motion for partial summary judgment. [Doc. #196.[11]]

Defendant considers the computer-aided design ("CAD") image of the internal components of the VUSE Alto product in paragraph 82 of the report confidential. Although competitors may gain "insight into" the design of the VUSE Alto, so, too, can a POSA when he tears down the product and identifies the same internal components. Defendant has not made a sufficient showing to support redacting the image. The motion to seal, as requested by Defendant, is denied.

---

1:13-cv-650, 2016 WL 6810931, at *3 (M.D.N.C. Sept. 30, 2016) (applying the First Amendment right of access to materials submitted with motions for partial summary judgment).

[11] See Def.'s Mem. in Supp. [Doc. #224]; Decl. of Jonathan M. Short (Nov. 16, 2021) [Doc. #224-1].

B.

Defendant has moved to seal portions of its brief in opposition to Plaintiff's motion for partial summary judgment and accompanying Exhibits 7, 9, and 10. [Doc. #232.[12]]

Defendant has redacted another CAD image of the internal components of the VUSA Alto on pages 23 and 24 of its brief that is also redacted from Attachment 2 to Exhibit 7.[13]  For the same reasons as explained above, supra § III.A., the motion to seal the image, as requested by Defendant, is denied.

Plaintiff has redacted a portion of page 25 of Defendant's brief that pertains directly to Exhibits 9 and 10.  Exhibit 9 is an email exchange among Plaintiff's employees including Dr. Lau, one of the inventors of the Pod Patents, and Exhibit 10 is a one-page excerpt, with only one question and one answer, from Dr. Lau's deposition testimony.  Although Plaintiff contends the email and deposition excerpt contain "proprietary and confidential competitive research", the author of the April 13, 2015 email merely briefly discussed the content of the V2 product's website and then provided the website address.  It is unclear how the content of this email

---

[12] See Def.'s Mem. in Supp. [Doc. #233]; Decl. of Jonathan M. Short (Dec. 7, 2021) [Doc. #233-1]; Pl.'s Br. in Supp. [Doc. #240].
[13] Oddly, in addition to claiming this image is protected product design, Defendant describes the CAD image as "contain[ing] and/or referenc[ing] product level sales, . . . consumer research activities, and internal strategy discussions regarding consumer research, marketing, . . . and product distribution", [Doc. #233 at 6], apparently a remnant from another supporting brief.

15

or the excerpt of Dr. Lau's deposition would disclose anything to competitors that would harm Plaintiff. The motion to seal, as requested by Plaintiff, is denied.

C.

Plaintiff filed a supplemental brief in support of summary judgment as an exhibit under seal when it moved for leave to file a supplemental brief. Its motion to seal that proposed brief has been granted, supra § II.H. After Plaintiff's request for leave to file a supplemental summary judgment brief was granted, Plaintiff separately docketed that brief under seal at Docket No. 270. However, it does not appear from the docket that Plaintiff filed a publicly accessible redacted brief. Plaintiff should do so and should maintain the redactions of JUUL's confidential information.

D.

Defendant has moved to seal portions of its supplemental opposition brief and accompanying Exhibit 1. [Doc. #274.] Defendant's brief and Exhibit 1 contain information that JUUL considers confidential. As explained above, the motion to seal JUUL's confidential information is granted.

E.

Plaintiff has moved to seal limited portions of its supplemental reply brief. [Doc. #280.] The reply discusses deposition testimony that JUUL considers confidential. As explained above, the motion to seal JUUL's confidential information is granted.

16

F.

Defendant has moved to seal portions of its brief in support of partial summary judgment and accompanying Exhibit 2. [Doc. #219.[14]]

Because this information is "coextensive with material previously submitted under seal (see Dkts. 170, 170-2, 177, 181, 184)," Defendant relies on the prior declaration of Jonathan M. Short at Docket No. 181-1 in support of the instant motion. Not only is this redacted information not nearly as detailed and substantive as Short declares, but, as explained above, supra § II.D., it is unclear how, considering the jury's verdict, this disclosure could harm Defendant. The motion to seal portions of the brief, as requested by Defendant, is denied.

Plaintiff also seeks to redact portions of Defendant's brief that refer to Plaintiff's JUUL license. Not only is it unclear how disclosure of this information could harm Plaintiff, but the jury was instructed that JUUL did not mark its products with the asserted patents and a consumer could look at the JUUL device and see it is not marked with Plaintiff's patents, which reasonably implies that Plaintiff did not require JUUL to so mark. Additionally, the jury found that JUUL did not practice Plaintiff's patents. The motion to seal portions of Defendant's brief, as requested by Plaintiff, is denied.

Exhibit 2 is an excerpt from the deposition testimony of Steven Schroeder, Plaintiff's 30(b)(6) witness for financial matters. Plaintiff requests to seal the

---

[14] Def.'s Mem. in Supp. [Doc. #220]; Pl.'s Br. in Supp. [Doc. #229].

exhibit in its entirety. Indeed, during this portion of the deposition, counsel quotes and otherwise discusses with Schroeder terms of the JUUL-Altria license agreement. Not only is this sensitive business information appropriately protected from public disclosure, but there is no alternative to sealing the exhibit in its entirety because the unredacted portions would provide no insight to the public on the remainder of testimony. The motion to seal Exhibit 2, as requested by Plaintiff, is granted.

G.

Plaintiff has moved to seal portions of its brief in opposition to Defendant's motion for partial summary judgment, [Doc. #237], and relies on memoranda supporting earlier motions to seal the same material.

Plaintiff requests to seal the same product summary chart discussed in § II.C.[15] Plaintiff also seeks to redact information related to the JUUL license agreement and marking discussed in § III.F. For the reasons explained in §§ II.C. and III.F., the motion to seal portions of Plaintiff's brief is denied.

---

[15] Section II.C. examined the propriety of sealing the product summary chart under the common law. Having failed that standard, Plaintiff cannot overcome the First Amendment right of access to this summary judgment brief.

18

IV.

For the reasons explained in this Memorandum Opinion, IT IS HEREBY ORDERED that

1. The motion to seal, [Doc. #130], (a) portions of Exhibit E, as requested by Defendant, is GRANTED IN PART AND DENIED PART, (b) portions of Exhibit G, as requested by Defendant, is DENIED, and (c) portions of Exhibit E, as requested by Plaintiff, is DENIED;

2. The motion to seal, [Doc. #145], is DENIED AS MOOT;

3. The motion to seal, [Doc. #153], is DENIED;

4. The motion to seal, [Docs. #158, 159], is DENIED;

5. The motion to seal, [Doc. #168], Exhibit 13, as requested by Defendant, is GRANTED, otherwise the motion is DENIED;

6. The motion to seal, [Doc. #175], is DENIED;

7. The motion to seal, [Doc. #196], is DENIED;

8. The motion to seal, [Doc. #219], (a) portions of Defendant's brief, as requested by Plaintiff and Defendant, is DENIED, and (b) Exhibit 2, as requested by Plaintiff, is GRANTED;

9. The motion to seal, [Doc. #226], is DENIED;

10. The motion to seal, [Doc. #232], is DENIED;

11. The motion to seal, [Doc. #237], is DENIED;

12. The motion to seal, [Doc. #256], is GRANTED;

13. The motion to seal, [Doc. #264], is GRANTED;

14. The motion to seal, [Doc. #274], is GRANTED;

15. The motion to seal, [Doc. #280], is GRANTED;

16. The consent motion to correct the docket, [Doc. #161], is GRANTED, and Docket No. 161-1 should replace Docket No. 152 on the docket; and

17. The Clerk's Office is to unseal Docket Nos. 155, 159, 177, 197, 227, 234, 235, and 238; and

18. Each party is to file redacted briefs and exhibits as ordered above.

This the 24th day of October, 2022.

/s/ N. Carlton Tilley, Jr.<br>Senior United States District Judge