IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ALTRIA CLIENT SERVICES LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | 1:20CV472 |
| | ) | |
| R.J. REYNOLDS VAPOR COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

Pending before the Court are numerous motions to seal documents filed in support of or in opposition to the parties' pre-trial motions. R.J. Reynolds Vapor Company has moved to seal (a) portions of its brief in support of excluding McAlexander's opinions and accompanying Exhibits 2 and 6 [Doc. #312]; (b) portions of its brief in support of its omnibus motions in limine and accompanying Exhibits 6-10 [Doc. #318]; (c) portions of its brief in support of excluding Plaintiff's damages experts' opinions and accompanying Exhibits 2-6 [Doc. #323]; (d) portions of its Trial Brief [Doc. #354]; (e) portions of its opposition to Plaintiff's Mody <u>Daubert</u> motion and accompanying Exhibits 1-6 and 8-10 [Doc. #374]; (f) portions of its opposition to Plaintiff's Alarcon <u>Daubert</u> motion and accompanying Exhibits 2-4 [Doc. #378]; (g) portions of its opposition to Plaintiff's Leinsing <u>Daubert</u> motion [Doc. #382]; and (h) portions of its opposition to Plaintiff's motions in limine [Doc. #386].

Altria Client Services LLC has moved to seal (a) portions of its briefs in support of its omnibus motions in limine and its Leinsing Daubert motion [Doc. #330]; (b) portions of its brief in support of its Alarcon Daubert motion and accompanying Exhibits 2-6 [Doc. #335]; (c) its brief in support of its Mody Daubert motion and portions of accompanying Exhibits 1-17 [Doc. #345]; (d) portions of its Trial Brief [Doc. #358]; (e) portions of Exhibit 8 to its opposition to excluding McAlexander's opinions [Doc. #389]; (f) portions of its opposition to excluding its damages experts' opinions and accompanying Exhibit 3 [Doc. #393]; and (g) portions of its opposition to Defendant's motions in limine and accompanying Exhibits 1-4 [Doc. #398]. For the reasons explained below, the motions are granted in part and denied in part.

There is both a common law right and a First Amendment right of access to judicial records and documents, defined as documents that "play a role in the adjudicative process, or adjudicate substantive rights." In re U.S. for an Order Pursuant to 18 U.S.C. Section 2703(d), 707 F.3d 283, 290 (4th Cir. 2013); accord In re Policy Mgmt. Sys. Corp., 67 F.3d 296 (table), 1995 WL 541623, at *3-4 (4th Cir. Sept 13, 1995) (finding that documents submitted to, but not considered by, the court did "not play any role in the adjudicative process" and "are [therefore] not subject to" the common law or First Amendment right of access).

As for the common law, "the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and

2

Case 1:20-cv-00472-NCT-JLW   Document 580   Filed 01/27/23   Page 2 of 5

documents." Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978) (footnotes omitted). This presumption of access can be rebutted "if competing interests outweigh the interest in access". Stone v. Univ. of Md. Med. Sys. Corp., 855 F.2d 178, 180 (4th Cir. 1988). Factors to weigh "include whether the records are sought for improper purposes . . . ; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records." In re Knight Pub. Co., 743 F.2d 231, 235 (4th Cir. 1984).

On the other hand, "the First Amendment guarantee of access has been extended only to particular judicial records and documents" such as those filed with a summary judgment motion. Id. To overcome such access, there must be "a compelling governmental interest" and "the denial [must be] narrowly tailored to serve that interest." Id. The moving party "must present specific reasons in support of its position." Va. Dep't of State Police v. Washington Post, 386 F.3d 567, 575 (4th Cir. 2004). Documents that "could provide a 'source[] of business information that might harm a litigant's competitive standing'" may, with the proper showing, be restricted from public access. Woven Elecs. Corp. v. Advance Group, Inc., 930 F.2d 913 (Table), 1991 WL 54118, at *6 (4th Cir. Apr. 15, 1991) (quoting Nixon, 435 U.S. at 598); see also, e.g., SMD Software, Inc. v. EMove, Inc., No. 5:08-CV-403-FL, 2013 WL 1091054 (E.D.N.C. Mar. 15, 2013) (sealing profit and loss statements, pricing, marketing strategies, expense information, and revenue and revenue growth information); ATI Indus. Automation,

3

Inc. v. Applied Robotics, Inc., 801 F. Supp. 2d 419 (M.D.N.C. 2011) (involving trade secrets).

A court must first determine whether the common law or the First Amendment provides access to documents. Stone, 855 F.2d at 181. Then the court weighs the associated competing interests by giving notice to the public of the request to seal "and a reasonable opportunity to challenge the request", considering "less drastic alternatives to sealing", and, if it decides to seal, stating "the reasons (and specific supporting findings) for its decision and the reasons for rejecting alternatives to sealing." Id.

The Local Civil Rules require that a party claiming confidentiality support the motion to seal with evidence, "including affidavits or declarations". L. Civ. R. 5.4(c)(3). Attorneys' arguments in briefs are not evidence, but their "representation to the Court that documents contain confidential business information can be considered as some evidence" that is "weighed against competing interests." Cochran v. Volvo Group N.A., LLC, 931 F. Supp. 2d 725, 730 (M.D.N.C. 2013).

The common law right of access applies to the sealed documents here. The public has had notice of these motions for months. The earliest was filed July 28, 2022, and the most recent was filed August 11, 2022. Despite a reasonable opportunity to challenge the sealing requests, no objections appear on the record. It is also noted that the parties have commendably and carefully limited the information they request to be sealed with each motion. Often, the parties only

4

request a word or phrase to be redacted. There are rare occasions when the parties request that an exhibit be sealed in its entirety. In the instances in which the Court agrees to seal an entire exhibit, it is determined that there are no alternatives to doing so.

Since the filing of these motions to seal, a jury trial has been held and judgment has been entered. The Court has also addressed post-trial motions and their associated motions to seal (to which the First Amendment right of access applies). To the extent the instant motions to seal identify information to redact that has now been made public, they are denied. Otherwise, it is determined that the business interests outlined in the briefs and declarations in support of sealing outweigh the public's right of access to the information. Each party is to file redacted briefs and exhibits as are necessarily required by this ruling on the motions to seal.

For the reasons stated in this Memorandum Order, IT IS HEREBY ORDERED that the motions to seal [Docs. #312, 318, 323, 330, 335, 345, 354, 358, 374, 378, 382, 386, 389, 393, and 398] are GRANTED IN PART AND DENIED IN PART as explained above.

This the 27th day of January, 2023.

/s/ N. Carlton Tilley, Jr.<br>Senior United States District Judge