IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| **ALTRIA CLIENT SERVICES LLC**,<br><br>Plaintiff,<br><br>v.<br><br>**R.J. REYNOLDS VAPOR COMPANY**,<br><br>Defendant. | Case No. 1:20-cv-00472-WO-JLW |

**MEMORANDUM OF LAW IN SUPPORT OF ALTRIA'S MOTION FOR ISSUANCE OF
<u>HAGUE CONVENTION LETTER OF REQUEST</u>**

# TABLE OF CONTENTS

|  | Page |
|---|---|
| BACKGROUND | 1 |
| LEGAL STANDARD | 3 |
| ARGUMENT | 4 |
| CONCLUSION | 7 |

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Matter of Grace Ocean Priv. Ltd.*,
    2025 WL 2483227 (D. Md. Aug. 28, 2025) ............................................................... 3

*Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct. for S. Dist. of Iowa*,
    482 U.S. 522 (1987) ............................................................................................. 3, 4

**Statutes**

28 U.S.C. § 1781 ............................................................................................. 1, 3, 4

**Other Authorities**

Fed. R. Civ. P. 60(b) ............................................................................... *passim*

Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil
    or Commercial Matters ............................................................................... *passim*

Plaintiff Altria Client Services LLC ("**Altria**") respectfully submits this memorandum of law in support of its Motion for Issuance of Hague Convention Letter of Request ("**Letter of Request**"). The Letter of Request attached as Exhibit A to the Declaration of Mark A. Perry in Support of Altria's Motion for Issuance of Hague Convention Letter of Request respectfully requests international judicial assistance from the appropriate United Kingdom judicial authority to obtain documentary and testimonial evidence pursuant to 28 U.S.C. § 1781 and the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters (the "**Hague Convention**").

## BACKGROUND

This Motion for Issuance of Hague Convention Letter of Request arises from Defendant R.J. Reynolds Vapor Company's ("**Reynolds**") Federal Rule of Civil Procedure 60(b) motion for relief from the ongoing royalty award issued by this Court on January 27, 2023. As described more fully in Altria's October 24, 2025 motion to compel, this unresolved portion of Reynolds's July 3, 2024 Rule 60(b) motion asks the Court to overturn its final order based upon the changed circumstance of a sublicense Reynolds's purportedly obtained from JUUL Labs, Inc. ("**JUUL**") in December 2023 (the "**JUUL-Reynolds Agreement**"), nearly one year after the order was entered. *See* Dkt. 668 at 1.

Reynolds's motion presents factual issues that cannot be entirely explored using the domestic discovery tools available to Altria. Despite putting the timing, foreseeability, and negotiation of this sublicense directly at issue through its Rule 60(b) motion, Reynolds's story of how it acquired this sublicense has changed substantially over the course of the ongoing discovery period. Most significantly for the purposes of this Motion, Reynolds's identification of the relevant *parties* involved in its acquisition of this sublicense recently changed. In "corrected"

interrogatory responses served on September 15, 2025 (the Court's scheduled deadline for responses to fact discovery requests), Reynolds disclosed for the first time that JUUL first approached Reynolds's *affiliated company* British American Tobacco ("**BAT**")—*not* Reynolds—about a potential sublicense to the relevant Altria patents in December 2022. *See* Ex. 5 to Letter of Request at 8.

The significance of BAT's role *throughout* the JUUL-Reynolds Agreement negotiations became evident through Reynolds's and JUUL's later production of documents. *See, e.g.*, Exs. 6-9 to Letter of Request. But these documents only reflect BAT's external communications about this sublicense, and they fail to capture a potentially informative aspect of the story—BAT's role in the sublicense negotiations prior to entry of the ongoing royalty award. Despite the clear relevance of internal BAT evidence on the open issues identified by the Court in its November 27, 2024 opinion and order on Reynolds's Rule 60(b) motion, *see* Dkt. 644 at 28-30, Reynolds says that it will not produce internal BAT documents relating to these negotiations. Likewise, BAT has refused to permit the deposition of an employee who appears to have direct, material knowledge about the negotiations with JUUL.

The positions taken by Reynolds (and BAT) risk leaving the Court with an incomplete picture of critical meetings and events. Of course, since this is Reynolds's motion, any evidentiary deficiencies must go against Reynolds—not Altria. Nonetheless, in an effort to put the whole truth before the Court, Altria is diligently pursuing information from BAT (Reynolds, by contrast, is not). Altria's Motion for Issuance of Hague Convention Letter of Request seeks relevant documentary and testimonial evidence from BAT to further defend against Reynolds's assertion that it is entitled to extraordinary relief under Rule 60(b).

## **LEGAL STANDARD**

The United States is a signatory to the Hague Convention, which "prescribes certain procedures by which a judicial authority in one contracting state may request evidence located in another contracting state." *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct. for S. Dist. of Iowa*, 482 U.S. 522, 524 (1987). These procedures, as codified in 28 U.S.C. § 1781, authorize this Court to issue letters of request for such evidence to competent authorities in another contracting state. *Id*. at 535; Hague Convention Article 1; 28 U.S.C. § 1781 (permitting "transmittal of a letter rogatory or request directly from a tribunal in the United States to the foreign or international tribunal, officer, or agency to whom it is addressed and its return in the same manner").

The Hague Convention's procedures for gathering foreign evidence are "available" to courts as "one method of seeking evidence" "whenever they will facilitate the gathering of evidence." *Aerospatiale*, 482 U.S. at 523. The burden to justify a request for foreign evidence is not high, and Courts have issued letters of request where such requests timely and properly sought discovery through a mechanism available under the federal rules and the non-moving party did "not demonstrate[] good cause" for denial. *See Matter of Grace Ocean Priv. Ltd*., No. CV JKB-24-0941, 2025 WL 2483227, at *1-2 (D. Md. Aug. 28, 2025) (issuing a "necessary, practical, and appropriate" letter of request that sought testimonial evidence from a non-party with key facts relevant to the central issues in the case and referencing earlier approval of letter of request for documentary evidence from same party). In determining whether principles of international comity warrant use of the Hague Convention procedures in a particular case, courts may consider a variety of factors, including (1) the importance of the requests to the litigation; (2) the degree of specificity of the requests; (3) whether the information originated in the U.S.; (4) the availability

3

of alternative means of securing the information; and (5) the extent to which noncompliance with the request would undermine important interests of the United States, or compliance with the request would undermine important interests of the state where the information is located. *Aerospatiale*, 482 U.S. at 544 n.28.

## ARGUMENT

The Court has authority under 28 U.S.C. § 1781 and the Hague Convention to issue this request for international judicial assistance to the competent authorities of the United Kingdom, a fellow signatory to the Hague Convention. This Letter of Request is properly addressed to the United Kingdom's designated central authority for receiving Hague Convention letters of request, provides all information requested in the Hague Convention's model Letter of Request form, and makes appropriately tailored requests for evidence as permitted by English law. The Court should exercise its discretion to issue this Letter of Request because it timely seeks specific, reasonably required evidence from a foreign non-party with knowledge of key facts underlying Reynolds's Rule 60(b) motion. As demonstrated below, Altria has been unable to secure this highly material information through domestic discovery procedures or voluntary cooperation from BAT.

Immediately after Reynolds's belated disclosure of BAT's involvement in the negotiation of the JUUL-Reynolds Agreement, Altria began a diligent investigation to uncover the extent of this involvement and the extent of BAT's knowledge relating to the open issues this Court identified as critical to resolving Reynolds's Rule 60(b) motion.[1] Since September 15, 2025, Altria

---

[1] In a November 2024 opinion and order, the Court identified multiple open questions relevant to the disposition of Reynolds's motion as it related to the Court's continued enforcement of its January 27, 2023 ongoing royalty award. These questions relevantly included (1) "whether these changes were foreseeable at the time of trial or at the time of the court's [ongoing royalty] order"; (2) "whether any relevant decisionmaker considered the possibility of JUUL issuing a sublicense to Reynolds—or whether this was even a viable option, given the disputed nature of the Altria-

4

has met and conferred with Reynolds multiple times about its willingness and ability to produce BAT documents responsive to Altria's requests for production. In these meetings and in correspondence with Altria, Reynolds has taken the position that it cannot produce internal BAT documents because such documents are not in Reynolds's possession, custody, or control. Ex. B at 3.

Altria also has reviewed document productions it received from Reynolds and JUUL—including substantive productions from JUUL on October 23, 2025 and Reynolds on October 24, 2025—to determine whether documents available from these U.S. entities could provide sufficient information about BAT's involvement in the JUUL-Reynolds Agreement negotiations and BAT's knowledge of the underlying issues. Unsurprisingly, these productions only underscored the need for direct evidence from BAT. As explained further in Altria's October 24, 2025 motion to compel, documents from Reynolds's production alone exposed the extensive nature of BAT's involvement throughout the JUUL-Reynolds Agreement negotiations, including during the key period of time prior to entry of the ongoing royalty award. *See* Dkt. 668 at 7-9. And JUUL's production revealed further meetings and documents evidencing BAT's entanglement in these negotiations.[2]

These documents demonstrated that personnel at JUUL and BAT began discussing JUUL's ability to sublicense the relevant Altria patents *before* entry of the ongoing royalty award. Evidence of these communications is shown through meeting invites, agendas, minutes and ▮▮▮▮▮▮▮▮▮▮▮▮ from BAT to JUUL throughout December 2022, January 2023, and

---

JUUL relationship"; and (3) "whether the JUUL-Reynolds agreement is the result of arms-length bargaining in a changed market or whether it reflects something else." Dkt. 644 at 28–30.

[2] Pertinent documents from both parties' productions are attached as Exs. 6-13 to Altria's proposed Letter of Request and are described therein.

5

February 2023. Exs. 6-8 and 10-11 to Letter of Request. Necessarily, BAT has in its possession, custody, and control internal documentary evidence material to the key factual issues underlying Reynolds's Rule 60(b) motion. The same documents from Reynolds and JUUL exposed the pervasive role of BAT employee ▇▇▇▇ in the JUUL-Reynolds Agreement negotiations during this time period. *See id*. Accordingly, ▇▇▇▇ has unique knowledge material to the key factual issues underlying Reynolds's motion.

Since Reynolds refused to produce the relevant BAT documents, Altria met and conferred with BAT directly to discuss the scope of its evidentiary needs under the Hague Convention on October 24, 2025. As described in Altria's Motion for Issuance of Hague Convention Letter of Request, Altria and BAT have not reached full agreement on the scope of Altria's Letter of Request. Importantly, while BAT has indicated that it would not oppose a properly narrow request for documents, BAT has not agreed to permit the deposition of ▇▇▇▇. Thus, after evaluating the need to request international judicial assistance in procuring otherwise unobtainable evidence and conferring with BAT, Altria timely files this Motion for Issuance of Hague Convention Letter of Request.

A lack of direct evidence from BAT could impair the Court's ability to fully evaluate how Reynolds obtained a sublicense from JUUL, including the foreseeability of that sublicense prior to the Court's entry of the ongoing royalty award. And it will force Altria to defend against Reynolds's affirmative request for extraordinary relief without fully understanding the perspective of a Reynolds-affiliated entity that discussed this sublicense with JUUL **before** entry of the ongoing royalty award. The document requests and deposition topics contained in Altria's Letter of Request could uncover additional evidence demonstrating Reynolds's inability to justify the

6

relief it seeks. It is presumably for that reason that Reynolds is seeking to hide this information from Altria, and ultimately the Court.

## **CONCLUSION**

For the reasons stated above and in the Letter of Request attached as Exhibit A to the Declaration of Mark A. Perry in Support of Altria's Motion for Issuance of Hague Convention Letter of Request, Altria respectfully requests that the Court grant Altria's Motion for Issuance of Hague Convention Letter of Request.

Dated: November 4, 2025　　　　　　　　　Respectfully submitted,


　　　　　　　　　　　　　　　　　　　　*/s/ Robert C. Van Arnam*

　　　　　　　　　　　　　　　　　　　　/s/ Robert C. Van Arnam
　　　　　　　　　　　　　　　　　　　　Robert C. Van Arnam
　　　　　　　　　　　　　　　　　　　　N.C. Bar No. 28838
　　　　　　　　　　　　　　　　　　　　Caitlin M. Poe
　　　　　　　　　　　　　　　　　　　　N.C. Bar No. 44713
　　　　　　　　　　　　　　　　　　　　WILLIAMS MULLEN
　　　　　　　　　　　　　　　　　　　　301 Fayetteville Street Suite 1700
　　　　　　　　　　　　　　　　　　　　Raleigh, NC 27601
　　　　　　　　　　　　　　　　　　　　Tel: (919) 981-4055
　　　　　　　　　　　　　　　　　　　　Email: rvanarnam@williamsmullen.com
　　　　　　　　　　　　　　　　　　　　Email: cpoe@williamsmullen.com

　　　　　　　　　　　　　　　　　　　　Elizabeth S. Weiswasser*
　　　　　　　　　　　　　　　　　　　　Anish R. Desai*
　　　　　　　　　　　　　　　　　　　　PAUL, WEISS, RIFKIND, WHARTON &
　　　　　　　　　　　　　　　　　　　　GARRISON LLP
　　　　　　　　　　　　　　　　　　　　1285 Avenue of the Americas
　　　　　　　　　　　　　　　　　　　　New York, NY 10019
　　　　　　　　　　　　　　　　　　　　Tel: (212) 373-3243
　　　　　　　　　　　　　　　　　　　　Email: eweiswasser@paulweiss.com
　　　　　　　　　　　　　　　　　　　　Email: adesai@paulweiss.com

　　　　　　　　　　　　　　　　　　　　W. Sutton Ansley*
　　　　　　　　　　　　　　　　　　　　Amanda K. Branch*

7

Priyata Y. Patel*
Matthew D. Sieger*
Eric C. Westerhold*
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
2001 K ST. NW
Washington, DC 20006
Tel: (202) 223-7300
Email: sansley@paulweiss.com
Email: mbranch@paulweiss.com
Email: ppatel@paulweiss.com
Email: msieger@paulweiss.com
Email: ewesterhold@paulweiss.com

Mark A. Perry*
WEIL, GOTSHAL & MANGES LLP
2001 M Street, NW, Suite 600
Washington, DC 20036
Tel: (202) 682-7000
Email: mark.perry@weil.com

*Counsel for Plaintiff Altria Client Services LLC*

*\* Special Appearance Under Local Rule 83.1(d)*

**CERTIFICATE OF WORD COUNT**

Pursuant to Local Rule 7.3(d), I certify that this document contains 1,879 words, excluding the parts of the document that are exempted by Rule 7.3(d). This certificate was prepared in reliance on the word count feature of the word processing software used to prepare this document.

/s/ *Robert C. Van Arnam*
Robert C. Van Arnam

**CERTIFICATE OF SERVICE**

I hereby certify that I caused the foregoing document to be electronically filed with the Clerk of Court using the CM/ECF system, which will give notice of such filing to all attorneys currently of record in the above-captioned case. I also certify that a true and complete copy of the foregoing document was served via electronic mail on the attorneys listed below on November 4, 2025.


John F. Morrow, Jr.
(NC Bar No. 23382)
WOMBLE BOND DICKINSON (US) LLP
One West Fourth Street
Winston-Salem, North Carolina 27101
Tel: (336) 721-3584
Email: John.Morrow@wbd-us.com

Stephanie E. Parker *
Jason T. Burnette*
Jack Williams*
Emily C. Baker*
Jones Day
1221 Peachtree Street, N.E., Suite 400 Atlanta, Georgia 30361
Tel: (404) 521-3939
Email: separker@jonesday.com
Email: jtburnette@jonesday.com
Email: jmwilliams@jonesday.com
Email: ecbaker@jonesday.com

William E. Devitt*
John A. Marlott*
Jones Day
110 North Wacker Drive, Suite 4800 Chicago, Illinois 60606
Tel: (312) 782-3939
Email: wdevitt@jonesday.com
Email: jamarlott@jonesday.com

Emily J. Tait*
JONES DAY
150 West Jefferson, Suite 2100
Detroit, Michigan 48226-4438

Tel: (313) 733-3939
Email: etait@jonesday.com

David M. Maiorana*
Michael S. Quinlan*
JONES DAY 901 Lakeside Ave.
Cleveland, Ohio 44114 Tel: (216) 586-3939 Email: dmaiorana@jonesday.com
Email: msquinlan@jonesday.com

*Counsel for R.J. Reynolds Vapor Company*

*\* Special Appearance Under Local Rule 83.1(d)*


Nicholas P. Mouton
Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
3580 Carmel Mountain Road, Suite 300
San Diego, CA 92130
Tel: (858) 314-2791
Email: NPMouton@mintz.com

*Counsel for Third-Party JUUL Labs, Inc.*


Gregory Loss
Joseph Falcone
Herbert Smith Freehills Kramer LLP
1177 6th Avenue
New York, NY 10036
Tel: (917) 542-7802
Email: Gregory.Loss@hsfkramer.com
Email: Joseph.Falcone@hsfkramer.com

*Counsel for Third-Party British American Tobacco P.L.C.*

 

        /s/ *Robert C. Van Arnam*
        Robert C. Van Arnam