IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ALTRIA CLIENT SERVICES LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:20-cv-472 |
| | ) | |
| R.J. REYNOLDS VAPOR COMPMANY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

**OSTEEN, JR., District Judge**

Presently before this court are twenty-six (26) motions to seal filed by the parties. The first, interrelated set of four motions, (Docs. 669, 675, 681, 693), seeks to maintain under seal certain portions of Altria Client Services, LLC's ("Altria") unredacted memorandum in support of its motion to compel R.J. Reynolds Vapor Company ("Reynolds") to respond to discovery requests, (Doc. 669); certain exhibits attached to that memorandum; corresponding portions of the parties' unredacted briefings regarding Altria's motion to compel, (Docs. 683, 692); certain portions of Altria's unredacted memorandum in support of its motion for issuance of Hague Convention Letter of Request, (Doc. 673); and certain exhibits attached to that memorandum.

The second, interrelated set of motions, (Docs. 703, 713), seeks to maintain under seal certain portions of the parties'

unredacted trial briefs and proposed findings of fact and conclusions of law, (Docs. 706, 707, 712).

One motion, (Doc. 747), seeks to maintain under seal certain portions of Altria's unredacted opposition to Reynolds' motion to quash and certain supporting materials, (Doc. 764).

The third, interrelated set of motions, (Docs. 728, 761), seeks to maintain under seal certain portions of the parties' unredacted briefings concerning R.J. Reynolds Vapor Company's ("Reynolds") motion to exclude certain expert opinions of James E. Malackowski, (Docs. 730, 757), and certain exhibits attached to those briefings.

The fourth, interrelated set of four motions, (Docs. 734, 739, 752, 756), seeks to maintain under seal certain portions of the parties' unredacted briefings relating to both parties' motions in limine, (Docs. 733, 738, 753, 757), and certain exhibits attached to those briefings.

The fifth, interrelated set of eight motions, (Docs. 775, 779, 796, 798, 803, 809, 831, 835), seeks to maintain under seal certain portions of the parties' unredacted hearing exhibits, testimony, demonstratives, and transcripts, (Docs. 787, 795, 800, 804, 808, 833, 837, 839).

The final, interrelated set of five motions, (Docs. 843, 851, 861, 870, 874), seeks to maintain under seal certain portions of the parties' unredacted post-trial briefs and

proposed findings of fact and conclusions of law, (Docs. 856, 846, 849, 850, 866, 873), and Altria's corrected exhibit, (Doc. 862).

## I. **PROCEDURAL HISTORY**

Following a jury verdict in favor of Plaintiff Altria, Defendant Reynolds moved this court, under Rule 60(b), for relief from (1) the judgment of infringement, damages, pre- and post-judgment interest, and accrued royalties; and (2) the ongoing royalty order. (Doc. 611 at 3.) Following briefing and oral argument by the parties, (Docs. 615, 622, 627, 624; Docket Entry 10/29/2024; Doc. 638), this court issued a Memorandum Opinion and Order, (Doc. 644), denying in part Reynolds' motion as to its request for relief from judgment for infringement, damages, pre- and post-judgment interest, and royalties accrued prior to Reynolds' acquisition of the sublicense, (id. at 43). With respect to Reynolds' request for relief from the ongoing royalty award, this court indicated that the request presented a substantial issue. (Id.)

The parties engaged in discovery limited to the factual issues raised by this court in its first Memorandum Opinion and Order, (Doc. 644), regarding Reynolds Rule 60(b) motion, (see Docs. 662, 665, 690, 699). And a four-day evidentiary hearing on Reynolds' motion was held before this court on April 20 to 23, 2026. (See Docs. 819, 820, 821, 822.) The parties submitted pre-

and post-hearing briefings, (Docs. 706, 712, 827, 829, 866, 867), and post-hearing proposed findings of fact and conclusions of law, (Docs. 828, 830). The 26 motions to seal discussed herein arise from these proceedings.

## II. STANDARD OF REVIEW

The public has a right of access to judicial records. Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978) ("[T]he courts of this country recognize a general right to inspect and copy . . . judicial records and documents."). "[D]ocuments filed with the court are 'judicial records' if they play a role in the adjudicative process, or adjudicate substantive rights." In re U.S. for an Ord. Pursuant to 18 U.S.C. Section 2703(d), 707 F.3d 283, 290 (4th Cir. 2013). Because the documents at issue here were "filed with the objective of obtaining judicial action or relief," they are judicial records. See United States ex rel. Oberg v. Nelnet, Inc., 105 F.4th 161, 171, 173 n.10 (4th Cir. 2024) (citation omitted).

In reviewing a motion to seal, the court "must determine the source of the right of access with respect to each document," and then "weigh the competing interests at stake." Va. Dep't of State Police v. Wash. Post, 386 F.3d 567, 576 (4th Cir. 2004) (cleaned up). The public right of access to judicial records derives from "two independent sources: the common law and the First Amendment." Id. at 575.

First, the common law presumes a right of access to all judicial records and documents, but this presumption can be rebutted if "countervailing interests heavily outweigh the public interests in access." Oberg, 105 F.4th at 171 (quoting Rushford v. New Yorker Mag., Inc., 846 F.2d 249, 253 (4th Cir. 1988)); Syngenta Crop Prot., 2017 WL 6001818, at *3. The burden of establishing such a countervailing interest is on the party seeking to keep the material secret. Rushford, 846 F.2d at 253. In evaluating whether a party has met its burden to overcome the public's right of access, courts should consider "the interests advanced by the parties in light of the public interest and the duty of the courts." Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 602 (1978). Courts should consider: (1) "whether records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage;" (2) "whether release would enhance the public's understanding of an important historical event;" and (3) "whether the public has already had access to the information contained in the records." Oberg, 105 F.4th at 171 (quoting In re Knight Publ'g Co., 743 F.2d at 235 (4th Cir. 1984)).

Courts also analyze whether the First Amendment "provides a right of access to a judicial proceeding or record" by using an "experience and logic" test. Courthouse News Serv. v. Schaefer, 2 F.4th 318, 326 (4th Cir. 2021). This test considers whether

material "has historically been open to the press and general public," and if "public access plays a significant positive role in the functioning of the particular process in question." Id. (cleaned up) (quoting Press-Enterprise Co. v. Superior Court, 478 U.S. 1, 8-10 (1986)). The First Amendment right of access "yields only in the existence of a compelling governmental interest that is narrowly tailored to serve that interest." In limited circumstances, some private interests can also overcome the First Amendment right of access. See United States v. Doe, 962 F.3d 139, 147-48 (4th Cir. 2020).

To determine whether to grant a motion to seal that implicates the First Amendment right of access, courts evaluate (1) whether sealing the information serves a compelling interest, (2) whether in the absence of sealing, (3) there is a substantial probability that the compelling interest will be harmed, and (4) if no alternatives would adequately protect the compelling interest. See id. at 146. The compelling interest must be "narrowly tailored," and the moving party must present "specific reasons that justify restricting access to the information; conclusory assertions are not sufficient." See Syngenta Crop Prot., LLC v. Willowood, LLC, No. 15-CV-274, 2017 WL 6001818, at *3 (M.D.N.C. Dec. 4, 2017) (cleaned up); see also Doe v. Pub. Citizen, 749 F.3d 246, 270 (4th Cir. 2014); Va.

Dep't of State Police, 386 F.3d at 575 (holding moving party must "present specific reasons in support of its position").

## III. **ANALYSIS**

The parties have submitted 26 total motions to seal, (Docs. 669, 675, 681, 693, 703, 713, 728, 734, 739, 747, 752, 756, 761, 775, 779, 796, 798, 803, 809, 831, 835, 843, 851, 861, 870, 874). Each motion requests that this court seal or redact the parties' confidential business information, or the personally identifying information of non-parties.

Of the 26 motions, 15 seek to seal information either filed in relation to, or orally argued in connection with, Defendant Reynolds' Motion for Relief from Judgment pursuant to Rule 60(b). (Docs. 703, 713, 775, 779, 796, 798, 803, 831, 835, 843, 851, 861, 870, 874.) This motion and the filings in support of and in opposition of it clearly "play a role in the adjudicative process" and have the capacity to affect "substantive rights," because Rule 60(b) motions aim to undo or modify a prior judgment. See In re U.S., 707 F.3d at 290; Fed. R. Civ. P. 60(b). Accordingly, the documents sought to be sealed and/or redacted are "judicial records" subject to the common law's right of access and potentially subject to First Amendment protection. See Oberg, 105 F.4th at 171, 173 n.10.

The 11 remaining motions seek to seal information filed in relation to discovery and evidentiary disputes between the

parties. (Docs. 669, 675, 681, 693, 728, 734, 739, 747, 752, 756, 761.) Because that information is "not [offered] in support of any motions that seek dispositive relief . . . the right of access at issue arises under the common law." Lord Corp. v. S & B Tech. Prods., Inc., No. 09-CV-205-D, 2012 WL 895947, at *1 (E.D.N.C. Mar. 15, 2012).

This court also finds that the threshold notice issue is satisfied. Before sealing judicial records, this court must give the public notice and a reasonable opportunity to challenge the request to seal. Va. Dep't of State Police v. Wash. Post, 386 F.3d 567, 576 (4th Cir. 2004). This notice requirement is satisfied when the court dockets the request to seal "reasonably in advance of deciding the issue." Stone v. Univ. of Md. Med. Syst. Corp., 855 F.2d 178, 181 (4th Cir. 1988) (quoting In re Knight Publishing Co., 743 F.2d 231 (4th Cir. 1984)). Here, each document was publicly filed on the docket, thereby providing sufficient notice of the request to seal and an opportunity to challenge the request. Even the most recent motion has been on the docket for nearly two months. (See Doc. 874 (filed on July 15, 2026)); Stone, 855 F.2d at 181 (explaining that notice to the public may be satisfied by "docket[ing] [the motion] 'reasonably in advance of deciding the issue'" (citation omitted)); see also Branch Banking & Tr. Co. v. Hitachi Vantara Corp., No. 1:19-cv-1168, 2020 WL 13032698, at *1 (M.D.N.C. Apr.

14, 2020) ("The public has had notice of the motion to seal, since it has been on the public docket for over two months.").

### A. **Plaintiff Altria's Claimed Confidential Information**

Across its various motions to seal, Plaintiff Altria claims confidentiality over three categories of information. First, Altria claims confidentiality over any materials that "relate[ ] to sensitive, non-public aspects of a business relationship between Altria and JUUL." (Doc. 717 at 2; see also Doc. 735 at 2; Doc. 762 at 2; Doc. 764 at 2; Doc. 810 at 2; Doc. 814 at 2; Doc. 852 at 2; Doc. 864 at 2.)[1] These materials include "confidential, non-public internal memoranda, correspondence, and draft agreements pertaining to Altria's investment in JUUL." (Doc. 717 at 2; see also Doc. 735 at 2; Doc. 762 at 2; Doc. 764 at 2; Doc. 810 at 2; Doc. 814 at 2; Doc. 852 at 2.) These materials also include "information from confidential term sheets and draft agreements relating to a transaction between Altria and JUUL concerning a licensing arrangement for heated tobacco products." (Doc. 864 at 2.) Altria has submitted declarations supporting its motions to seal that disclosure of these materials "would reveal to competitors Altria's internal business strategies, among other sensitive business information"

[1] All citations in this Memorandum Opinion and Order to documents filed with the court refer to the page numbers located at the bottom right-hand corner of the documents as they appear on CM/ECF.

that competitors "could use . . . against Altria in the marketplace and in future contract negotiations, resulting in harm to Altria." (Doc. 717-1 at 2; see also 735-1 at 2; 762-1 at 2; 764-1 at 2; Doc. 810-1 at 2; Doc. 814-1 at 2; Doc. 852-1 at 2.)

Second, Altria claims confidentiality over any materials that contain information about "compensation relating to an IP license agreement with another third-party entity." (Doc. 762 at 2; see also Doc. 810 at 2.) Altria explains in supporting declarations that this information could likewise be used by competitors "against Altria in the marketplace and in future contract negotiations, resulting in harm to Altria." (Doc. 762-1 at 2; see also Doc. 810-1.)

Third, Altria claims confidentiality over any materials that contain information that "relates to the identities and usernames of . . . Altria employees." (Doc. 740 at 2.) Altria's declaration explains that disclosure of this information "could have detrimental effects on Altria's employees." (Doc. 740-1 at 2.) Affiant also explains that "Altria also stands to face adverse consequences from" the disclosure of this information because "it may lose the trust of its employees and potential employees." (Id.)

## B. Defendant Reynolds's Claimed Confidential Information

Defendant Reynolds claims confidentiality over six categories of information in its motions to seal. First, Reynolds claims confidentiality over any materials that contain information "concerning discussions, negotiations, and diligence among JUUL, BAT, and/or Reynolds that resulted in the intellectual property sublicense between Reynolds and JUUL" or that "discuss or refer to communications concerning negotiations and due diligence of the JUUL-Reynolds Sublicense." (E.g., Doc. 678 at 3; see also Doc. 758 at 3.) Second, Reynolds claims confidentiality over any materials that discuss "the value of the JUUL-Reynolds sublicense." (E.g., id.) Third, Reynolds claims confidentiality over any materials that include information about "the potential and actual confidential terms of the JUUL-Reynolds Sublicense." (E.g., Doc. 678 at 3; see also Doc. 729 at 3) Fourth, Reynolds claims confidentiality over any materials that discuss the "persons at Reynolds involved in discussions regarding the [JUUL-Reynolds] IP sublicense." (E.g., id.; see also Doc. 767 at 4.) Fifth, Reynolds claims confidentiality over "[p]rivilege logs containing confidential strategic information" and "confidential internal . . . decisions related to the litigation." (E.g., Doc. 767 at 23.) And finally, Reynolds claims confidentiality over any materials that contain "information related to . . . financial dollar

figures tied to Reynolds's sales of VUSE Alto." (Doc. 704 at 2; see also Doc. 718 at 2 (including "projections of future potential royalty amounts"); Doc. 836 at 9-11 (referring more broadly to "brand valuations," "operating margins," "market share data," and other financial and sales data related to "Reynolds's product portfolio").)

Reynolds filed declarations that explain that disclosure of these categories of information "could harm Reynolds because it would aid competitors and future business partners in competitive negotiation scenarios and may allow them to leverage this information against Reynolds." (Doc. 678-1 at 4; see also Doc. 682-1 at 4; Doc. 705 at 3.) Reynolds further explains that disclosure of this information would "disadvantage Reynolds in future contract negotiations by revealing its business and patent licensing strategies to the public," (id.), and could "aid competitors in competitive purchasing and sales scenarios and may allow them to undercut Reynolds" and "disrupt Reynolds's supply chain," (Doc. 507-1 at 2). Reynolds' declaration also states that disclosure of "non-public information" could "impact the share price of Reynolds's publicly traded parent company, as analysts and investors scrutinize performance of new product categories, including the VUSE product line." (Doc. 678-1 at 4.) As to the "personal identifying information" like the "email addresses and phone numbers of Reynolds and/or BAT employees,"

Affaint explains that this information is "commercially sensitive, not generally known, and could cause competitive harm or harassment to the individuals or their employers if publicly released." (Id. at 4-5.)

### C. Application

#### 1. Source of the Right of Access

Some materials the parties seek to seal are governed by the First Amendment right of access, and some are governed by the common law right of access. But even assuming the First Amendment standard applies to all the materials sought to be sealed, movants have put forth compelling interests in sealing the materials, and the proposed sealing is narrowly tailored such that the First Amendment right of access has been overcome. See United States v. Doe, 962 F.3d 139, 146 (4th Cir. 2020) ("Because Defendant's compelling interest in sealing the district court's order outweigh the public's interest in accessing it under either the common law standard or the more rigorous First Amendment standard, we assume without deciding that the First Amendment applies.").

#### 2. Weighing Competing Interests

As explained above, supra Part II, the First Amendment right of access will only be denied "on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest." Va. Dep't of State

Police, 386 F.3d at 575 (citation omitted). But courts in this Circuit have recognized that "private interests might also implicate higher values sufficient to override ... the First Amendment presumption of public access." Duke Energy Carolinas, LLC v. NTE Carolinas II, LLC, No. 19-cv-515, 2022 WL 1127107, at *1 (W.D.N.C. Apr. 14, 2022) (quoting Level 3 Commc'ns, LLC v. Limelight Networks, Inc., 611 F. Supp. 2d 572, 580 (E.D. Va. 2022)). For example, "[i]n the appropriate case, the interest in preserving the confidentiality of sensitive business information can override the public's First Amendment right of access." Natera, Inc. v. NeoGenomics Lab'ys, Inc., No. 23-CV-629, 2024 WL 1464744, at *2 (M.D.N.C. Apr. 4, 2024) (cleaned up) (citation omitted).

Courts in this District have considered the following factors when deciding whether to grant motions to seal based on claims of confidential business information: 1) "whether the party has shown that the information sought to be sealed is confidential," and if so, 2) "whether disclosure would harm the party's competitive standing or otherwise harm its business interests," 3) "whether the motion is narrowly tailored," and 4) "whether the interests in non-disclosure are compelling and heavily outweigh the public's interest in access to the information." Id. (quotation marks and citations omitted).

This court finds that the materials that contain or refer to the three categories of information Altria identifies — its business relationship with JUUL, compensation for a third-party IP licensing agreement, and the personally identifying information of its employees — to be confidential.[2] Altria, as the party claiming confidentiality, argues that the public does not have access to this information, and "disclosure of such information could have detrimental effects on Altria's competitive edge in the market place." (E.g., Doc. 717 at 7-8.) Although "[a]ttorneys' arguments in briefs are not evidence, [ ] their representation to the Court that documents contain confidential business information can be considered as some evidence that is weighed against competing interests." Altria Client Servs. LLC v. R.J. Reynolds Vapor Co., 2023 WL 1069744, at *2 (M.D.N.C. Jan. 27, 2023) (internal quotation marks and citations omitted). Further, Altria has presented a declaration that there is a "very high potential" that this information has not been previously disclosed to the public, and "would be misused by competitors in an attempt to improve their

---

[2] This court has previously determined that materials containing information regarding Altria's licensing agreement with JUUL constitute confidential information which Reynolds has a compelling interest in safeguarding from public access. See Altria Client Servs. LLC v. R.J. Reynolds Vapor Co., No. 1:20-CV-472, 2025 WL 606007, at *4-6 (M.D.N.C. Feb. 25, 2025).

competitive position at the expense of Altria." (Doc. 717-1 at 2-3.)

This court also finds that the materials that contain or refer to the six categories of information that Reynolds identifies – discussions resulting in the Reynolds-JUUL IP sublicense, the value of the Reynolds-JUUL sublicense, the terms of the Reynolds-JUUL sublicense, the identities of individuals working on the Reynolds-JUUL sublicense, privilege logs and other strategic litigation information, and the financial figures related to Reynolds's sales of VUSE Alto – to be confidential.[3] Reynolds, as the party claiming confidentiality, argues that the public does not already have access to this information, and "the most likely reason a person or entity would attempt to obtain [this] information would be for the improper purpose of gaining an unfair competitive advantage." (Doc. 767 at 23-24 (internal quotation marks omitted).) Reynolds submitted a declaration stating that this information has not been publicly disclosed, and that "the most likely reason other would seek such information would be for the improper purpose of gaining an unfair competitive advantage." (Doc. 682-1 at 4.)

---

[3] This court has previously determined that materials containing information regarding Reynolds's licensing agreement with JUUL constitute confidential information which Reynolds has a compelling interest in safeguarding from public access. See Altria Client Servs. LLC v. R.J. Reynolds Vapor Co., No. 1:20-CV-472, 2025 WL 606007, at *4-6 (M.D.N.C. Feb. 25, 2025).

This court further finds that Altria's and Reynolds' interests in keeping their respective information private is compelling. The materials, and references thereto, that contain or reference the parties' confidential information concern complex licensing agreements and business strategies between sophisticated parties. They reveal specific terms that other companies could very well use as leverage against Altria and Reynolds respectively. See Hutton v. Hydra-Tech, Inc., No. 14-cv-888, 2018 WL 1363842, at *9 (M.D.N.C. Mar. 15, 2018) (finding that the interest in "preserving the confidentiality of ... the specific purchase price paid by Altec, LLC for its acquisition of its competitor's assets" to be "sufficiently compelling to overcome the First Amendment presumptive right of access"). And these materials are not usually available to the public. See Silicon Knights, Inc. v. Epic Games, Inc., No. 07-CV-275, 2011 WL 901958, at *2 (E.D.N.C. Mar. 15, 2011) (finding that the First Amendment's right of access was overcome where the information sought to be sealed was "highly sensitive financial and business information ... which is of utmost importance to them but not generally available to the public or bearing importance to any public matters").

Additionally, courts have recognized a compelling interest in "protecting the personal privacy of [parties'] employees" that is "sufficient to overcome . . . the common-law . . . right

of access." Corl v. Burlington Coat Factory of N. Carolina, LLC, No. 10CV406, 2011 WL 2607942, at *3 (M.D.N.C. June 30, 2011). And the email addresses, phone numbers, and other personally identifying information of Altria, Reynolds, and BAT employees are irrelevant to the dispute.

In weighing all of these factors, "courts consider, among other things, whether the public needs access to the evidence or briefing to understand the case and the degree of harm that disclosure would likely cause." Natera, Inc., 2024 WL 1464744, at *2. The public does, of course, have an interest in these documents to the extent that the Rule 60(b) motion and related litigation by the parties revolve in large part around the content of the licensing agreements and business strategies discussed in the materials sought to be sealed. But ultimately, this information does not "bear[ ] importance to any public matters," Silicon Knights, Inc., 2011 WL 901958, at *2, so the public's interest in them is minimal. Yet the parties' interest in safeguarding this information is compelling and the potential harm to the parties is great.

Further, the motions to seal are narrowly tailored. The parties seek to seal only some exhibits in their entirety and otherwise seek to redact discrete references to confidential information throughout the briefs, demonstratives, exhibits, transcripts, testimony, and other filings. Accordingly, the

"public has access to all non-confidential information contained [in the relevant documents] because the [parties] ha[ve] filed appropriately redacted version[s] of the document." See Accreditation Comm'n for Health Care, Inc. v. NextLOGiK, Inc., No. 20-cv-46, 2020 WL 2543787, at *2 (E.D.N.C. May 19, 2020).

Although this court has considered less drastic alternatives to sealing, the parties have already redacted their filings so as to allow public access to as much information as possible without compromising sensitive business information. It is this court's view that the parties' proposed redactions reflect the least drastic alternative at this time.

### 3. Application of Findings to the Motions to Seal

#### i. Parties' Motions to Seal Regarding Altria's Motion to Compel

This set of four motions to seal, (Docs. 669, 675, 681, 693), regard confidential materials filed in relation to Altria's motion to compel discovery. In the first motion, (Doc. 669), Altria seeks to seal certain portions of its memorandum in support of its motion to compel, (Doc. 668), and certain exhibits attached to that motion, (Docs. 668-4, 668-5, 668-7 to 668-11, 668-13 to 668-15, 668-17 to 668-23). Altria filed on the public docket redacted versions of its memorandum, (Doc. 667), and some of the exhibits, (Docs. 667-4, 667-13 to 667-15, 667-17 to 667-23), with the allegedly confidential information blacked

out or otherwise redacted. Altria filed the remaining documents entirely under seal. (Docs. 667-5, 667-7 to 667-11.) The unredacted versions are currently under seal. (Doc. 668; Docs. 668-4, 668-5, 668-7 to 668-11, 668-13 to 668-15, 668-17 to 668-23.) Altria does not claim confidentiality as to these materials. (See Doc. 669 at 1-2.)

Reynolds, the party claiming confidentiality, does not seek to seal all of these materials. In its response to the motion to seal, Reynolds states that it "does not request that Exhibits 6 or 14 remain sealed." (Doc. 678 at 2.) But Reynolds "supports Altria's motion to seal portions of its Unredacted Memorandum in Support of Altria's Motion to Compel, as well as Exhibits 3-4, 7-10, 12-13 and 16-22." (Id. at 1.) According to Reynolds, these exhibits and corresponding references thereto contain "communications concerning negotiations and due diligence of the JUUL-Reynolds Sublicense, the potential and actual confidential terms of the . . . Sublicense, and persons at Reynolds involved in discussions regarding the IP sublicense" that "could be misused by Reynolds's competitors." (Id. at 3.)

For the reasons explained above, this court will maintain under seal the unredacted versions of Altria's memorandum in support of its motion to compel and Exhibits 3, 12, 13, 21, and 22 attached thereto, (Docs. 668, 668-4, 668-13, 668-14, 668-22, 668-23), that contain confidential business information. This

court will also maintain under seal the unredacted versions of Exhibits 4, 7-10, and 16-20, (Docs. 668-5, 668-8 to 668-11, 668-17 to 668-21), that contain personal information of Reynolds and BAT employees. However, this court will deny Altria's motion to seal as to Exhibits 6 and 14, (Docs. 668-7, 668-15), because no party claimed confidentiality over these materials. LR 5.4(c)(3). Altria also filed Exhibits 1, 2, 5, 11, 14, and 23 under seal, (Docs. 668-2, 668-3, 668-6, 668-12, 668-24), but Altria did not move this court to maintain those documents under seal. As such, this court will direct the Clerk to unseal these documents. See LR 5.4(c)(2).

In the second motion, (Doc. 675), Altria seeks to seal certain portions of its memorandum in support of its motion for issuance of Hague Convention Letter of Request, (Doc. 673), and certain exhibits attached to a declaration supporting that motion, (Docs. 674, 674-1, 674-2). Altria filed on the public docket redacted versions of its memorandum, (Doc. 671), and some of the exhibits supporting the declaration (Doc. 672, 672-1 at 1-104), with the allegedly confidential information blacked out or otherwise redacted. Altria filed the remaining exhibits entirely under seal. (See Doc. 672-1 at 105-12.) The unredacted versions are currently under seal. (Doc. 673; Docs. 674, 674-1, 674-2.) Altria does not claim confidentiality as to these materials. (See Doc. 675 at 1-2.)

Reynolds, the party claiming confidentiality, responds that it only "supports Altria's motion to seal Exhibit No. 11." (Doc. 694 at 1-2.) Reynolds asserts that the information in Exhibit 11 to Exhibit A, (Doc. 674-1 at 120-21), "is coextensive with material previously submitted under seal," and "contains information related to details concerning diligence among BAT and Reynolds that resulted in the intellectual property sublicense between Reynolds and JUUL." (Doc. 694 at 3 n.1). But Reynolds states that it "does not take a position regarding whether" Altria's "Unredacted Memorandum in Support of Letter of Request, Exhibit A, Exhibit B, and Exhibits 1, 2, 6, 7, 8, 9, 10, 12, and 13" should remain sealed. (Id. at 1-2). For the reasons explained above, supra Part III.C.2, this court will maintain under seal the unredacted version of Exhibit 11 to Exhibit A, (Doc. 674-1 at 120-21), that contain confidential business information. However, this court will deny Altria's motion to seal as to the remaining materials, (Docs. 673, 674, 674-1 at 1-119, 122-25, 674-2), because no party claims confidentiality over these materials. LR. 5.4(c)(3). As such, this court will direct Altria to file on the public docket unsealed versions of its Unredacted Memorandum in Support of Letter of Request, Exhibit A, Exhibits 1, 2, 6, 7, 8, 9, 10, 12, and 13 to Exhibit A, and Exhibit B.

In the third motion, (Doc. 681), Reynolds seeks to seal certain portions of its response brief in opposition to Altria's motion to compel, (Doc. 683). Reynolds filed on the public docket a redacted version of its brief, (Doc. 680), with the allegedly confidential information blacked out or otherwise redacted. The unredacted version is currently under seal. (Doc. 683.) Reynolds is the party claiming confidentiality, (Doc. 681 at 1), and explains that the redacted portions of its response contain "[d]etails concerning discussions, negotiations, and diligence among JUUL, BAT, and/or Reynolds that resulted in the intellectual property sublicense between Reynolds and JUUL." (Doc. 682-1 at 3-4.) For the reasons explained above, supra Part III.C.2, this court will maintain under seal the unredacted version of the response brief, (Doc. 683), that contains confidential business information.

In the fourth motion to seal, (Doc. 693), Altria seeks to seal certain portions of its reply brief in support of its motion to compel, (Doc. 692), and certain exhibits attached to that brief, (Docs. 692-3, 692-7). Altria filed on the public docket a redacted version of its brief, (Doc. 691), and one of the exhibits, (Doc. 691-7), with the allegedly confidential information blacked out or otherwise redacted. The unredacted version is currently under seal, (Docs. 692, 692-3, 692-7 (See id. at 1.)

Reynolds, the party claiming confidentiality, seeks to seal all of these materials. (Doc. 695 at 1.) The exhibits Reynolds seeks to seal include meeting minutes and summaries of interrogatory requests between the parties that Reynolds explain are "coextensive with the information previously addressed" related to the Reynolds-JUUL intellectual property sublicense, (Doc. 695 at 2-3 n.1.) For the reasons explained above, supra Part III.C.2, this court will maintain under seal the unredacted versions of the reply brief, (Doc. 692), and the Exhibits 2 and 6, (Docs. 692-3, 692-7), that contain confidential business information.

**ii. Parties' Motions to Seal Regarding Pre-Hearing Briefs**

This pair of motions to seal, (Docs. 703, 713), regard the same or interrelated confidential materials. In the first motion, (Doc. 703), Reynolds seeks to seal certain portions of its trial brief in support of relief from ongoing royalty, (Doc. 706), and proposing findings of fact and conclusions of law, (Doc. 707). Reynolds filed on the public docket redacted versions of the brief, (Doc. 701), and proposed findings of fact and conclusions of law, (Doc. 702), with the allegedly confidential information blacked out or otherwise redacted. The unredacted versions are currently under seal. (Docs. 706, 707.) Reynolds claims confidentiality over these materials. (Doc. 703

at 2-3; Doc. 704 at 2-3.) Reynolds alleges that the redacted portions of the brief and proposed findings of fact and conclusions of law contain information related to "a confidential intellectual property sublicense between Reynolds and JUUL" and "Reynolds's sales of VUSE Alto." (Doc. 704 at 2.) Altria also claims confidentiality over information in this brief, alleging that it "relates to sensitive, non-public aspects of a business relationship between Altria and JUUL." (Doc. 717 at 2.)

In the second motion, (Doc. 713), Altria seeks to seal certain portions of its trial brief in opposition to Reynolds' brief in support of relief from ongoing royalty, (Doc. 712). Altria filed on the public docket a redacted version of this brief, (Doc. 714), with the allegedly confidential information blacked out or otherwise redacted. The unredacted version is currently under seal. (Doc. 712.) Altria does not claim confidentiality over these materials. (Doc. 713 at 1.) Reynolds, the party claiming confidentiality over these materials, alleges that the redacted portions of the brief contain information relating to "a confidential intellectual property sublicense and its confidential terms, financial dollar figures tied to Reynolds's sales of VUSE Alto, and projections of future potential royalty amounts." (Doc. 718 at 2.)

For the reasons explained above, supra Part III.C.2, this court will seal the portions of Reynolds' trial brief, (Doc. 706), Reynolds' proposed findings of fact and conclusions of law, (Doc. 707), and Altria's trial brief (Doc. 712) that correspond to the parties' confidential information.

**iii. Altria's Motion to Seal Regarding Motion to Quash**

Altria seeks to maintain under seal its unredacted memorandum in opposition to Reynolds' motion to quash, (Doc. 746), and certain unredacted exhibits attached to the memorandum, (Docs. 746-1 to 746-9). The unredacted versions are currently under seal. (Docs. 746, 746-1 to 746-9). Altria does not claim confidentiality over these materials. (See Doc. 747 at 1.) Reynolds, the party claiming confidentiality, responds and seeks to seal certain portions of Exhibits 4, 5, 6, 7, and 10 because they allegedly contain information regarding the "discussions, negotiations, and diligence" that resulted in the "JUUL-Reynolds Sublicense." (Doc. 781 at 4-6.) But Reynolds states that it "does not request to seal any portion of Exhibit 2," and it "takes no position on Altria's request to seal Exhibits 1, 3, and 8." (Id. at 6.) Reynolds has also provided targeted redactions to Exhibit 5 — which is currently filed entirely under seal, (see Doc. 745-6) — and proposes that this

court order that exhibit to be refiled on the public docket with the proposed redactions, (Doc. 781 at 5; see Doc. 781-1).

For the reasons explained above, supra Part III.C.2, this court will maintain under seal the unredacted versions of those documents, (Docs. 746, 746-4 to 746-7. 746-9), that contain confidential business information. This court will also direct Altria to file on the public docket the redacted version of Exhibit 5 that reflects Reynolds's targeted redactions. However, this court will deny Altria's motion to seal as to the remaining exhibits, (Docs. 746-1 to 746-3, 746-8), because no party claiming confidentiality over these materials has shown why sealing is necessary. LR 5.4(c)(3).

#### iv. Parties' Motions to Seal Regarding Motions to Exclude Expert Opinions

This set of motions, (Docs. 728, 761), seeks to seal certain portions of the parties' briefs regarding Reynolds' motion to exclude expert opinions of witness James E. Malackowski, (Docs. 730, 757), and certain exhibits attached to those briefs. In the first motion, (Doc. 728), Reynolds seeks to maintain under seal its unredacted brief in support of its motion to exclude, (Doc. 730). Reynolds filed on the public docket a redacted version of this brief, (Doc. 727), with the allegedly confidential information blacked out or otherwise redacted. The unredacted version is currently under seal. (Doc.

730.) Reynolds claims confidentiality over portions of the brief that discuss "confidential terms of a confidential intellectual property sublicense." (Doc. 729 at 3.) Altria also claims confidentiality over portions of the brief that relate to "sensitive, non-public aspects of a business relationship between Altria and JUUL." (Doc. 764 at 2.)

In the second motion, (Doc. 761), Altria seeks to maintain under seal its unredacted memorandum in opposition to Reynolds' motion to exclude, (Doc. 757), and certain exhibits attached to that memorandum, (Docs. 757-1 to 757-3). Altria filed on the public docket a redacted copy of this memorandum, (Doc. 757), and one of the exhibits, (Doc. 755-5), with the allegedly confidential information blacked out or otherwise redacted. The unredacted versions are currently under seal. (Docs. 757, 757-1 to 757-3.) Altria claims confidentiality over Exhibits 1 and 2 and references thereto, (Doc. 762 at 2), and Reynolds claims confidentiality over Exhibits 1, 2, and 4 and references thereto, (Doc. 790 at 4-5).

For the reasons explained above, supra Part III.C.2, this court will maintain under seal the unredacted versions of the parties' briefs, (Docs. 730, 757), and Exhibits 1, 2, and 4 attached to Altria's brief, (Docs. 757-1 to 757-3), that contain confidential business information.

v. **Parties' Motions to Seal Briefs Regarding Motions in Limine**

This set of motions, (Docs 734, 739, 752, 756), seeks to maintain under seal certain portions of the parties' filings related to Altria's motions in limine, as well as certain portions of exhibits attached to those filings.

In the first motion, (Doc. 734), Altria seeks to maintain under seal its motion in limine to preclude Reynolds from eliciting or advancing certain evidence or arguments regarding the accounting for its transaction with JUUL, (Doc. 733), and certain exhibits attached to its motion. Altria filed on the public docket redacted versions of its motion, (Doc. 732), and two of the exhibits, (Docs. 732-7, 732-8), with the allegedly confidential information blacked out or otherwise redacted. The unredacted versions are currently under seal. (Doc. 733; Docs. 733-1 to 733-3.) Altria claims confidentiality over these materials, (Doc. 734 at 1), and states that the materials contain information regarding "confidential, non-public internal memoranda pertaining to Altria's investment in JUUL." (Doc. 735 at 2.) Accordingly, for the reasons explained above, supra Part III.C.2, this court will maintain under seal the unredacted versions of Altria's motion in limine, (Doc. 733), and exhibits attached thereto, (Docs. 733-1 to 733-3.), that contain confidential business information.

In the second motion, (Doc. 739), Altria seeks to seal certain portions of its memorandum in support of its motion in limine to preclude Reynolds from eliciting or advancing certain evidence or arguments as to which privilege has been asserted, (Doc. 738), and certain exhibits attached to that motion. Altria filed on the public docket redacted versions of some of the exhibits, (Docs. 737-1, 737-4, 737-10, 737-11, 737-14, 737-16, 737-17, 737-23 to 737-25, 737-28 to 737-39), with the allegedly confidential information blacked out or otherwise redacted. The unredacted versions are currently under seal. (Doc. 738; Docs. 738-1 to 738-24.)

Altria asserts that Exhibit 31 to its motion in limine contains confidential information that "relates to the identities and usernames of several Altria employees." (Doc. 740 at 2.) Reynolds also claims confidentiality as to some of these materials. In its response to the motion to seal, Reynolds claims confidentiality over the materials related to "discussions, negotiations, and diligence," "discovery responses and communications between the parties," "[p]rivilege logs containing confidential strategic information" and "identities," and "[c]onfidential internal financial planning." (Doc. 767 at 3-5.) But "Reynolds does not request to seal any portion of Exhibits 13, 28, 31, and 33." (Id. at 13.) Reynolds has also provided targeted redactions to Exhibits 34, 37, and 38 — which

are currently filed entirely under seal – and proposes that this court order those exhibits to be re-filed on the public docket with the proposed redactions. (Doc. 767-4 at 2; see Docs. 767-1 to 767-3)

For the reasons explained above, supra Part III.C.2, this court will maintain under seal the unredacted versions of the memorandum in response, (Doc. 738), the Declaration of Mark A. Perry, (Doc. 738-1), and Exhibits 3, 9, 10, 15, 16, 18, 22 to 24, 27, 29, 30 to 32, 34 to 38 attached thereto, (Docs. 738-2 to 738-4, 738-6 to 738-12, 738-15 to 738-18, 738-20 to 738-24), that contain confidential business information. This court will also direct Altria to re-file under seal the highlighted versions of Exhibits 34, 37, and 38, (Docs. 738-20, 738-23, 738-24), that reflect Reynolds's more targeted redactions, and to re-file on the public docket the redacted versions of Exhibits 34, 37, and 38 that Reynolds has proposed, (Docs. 737-35, 737-38, 737-39). But because no party claiming confidentiality over Exhibits 13, 28, or 33, (Docs. 738-5, 738-14, 738-19), has shown why sealing is necessary, (Doc. 739), Altria's motion will be denied as to those exhibits. See LR 5.4(c)(3). Altria also filed Exhibit 25 under seal, (Doc. 738-12), but Altria did not move this court to maintain those documents under seal, (see Doc. 739 at 1-2). Reynolds' response states that it "supports [Altria's] request to seal or redact from the publicly filed version

certain portions" of Exhibit 25, (Doc. 767 at 5, 9), but Reynolds did not separately move this court to seal Exhibit 25. Because no party filed a motion seeking to seal Exhibit 25, this court will direct the Clerk that this document, (Doc. 738-12), need not remain under seal. See LR 5.4(c)(2).

In the third motion, (Doc. 752), Reynolds seeks to seal certain portions of its response in opposition to Altria's motion in limine to preclude Reynolds from eliciting or advancing certain evidence or arguments regarding the accounting for the Altria-JUUL transaction, (Doc. 753), and certain exhibits attached to that motion, (Docs. 753-1 to 753-5). Reynolds filed on the public docket redacted versions of its response in opposition, (Doc. 751), and some of the exhibits, (see Docs. 751-1 to 751-5), with the allegedly confidential information blacked out or otherwise redacted. The unredacted versions are currently under seal. (Doc. 753; Docs. 753-1 to 753-5.) Reynolds does not claim confidentiality over these materials. (See Doc. 752 at 1-4.) And no other party filed a response seeking to seal these materials. Because no party claiming confidentiality over these materials, (Doc. 753; Docs. 753-1 to 753-5), or made a showing as to why sealing is necessary Reynolds's motion to seal, (Doc. 752), will be denied. See LR 5.4(c)(3).

In the fourth motion, (Doc. 756), Reynolds seeks to seal certain portions of its response in opposition to Altria's motion in limine to preclude Reynolds from eliciting or advancing certain evidence or arguments as to which privilege has been asserted, (Doc. 760), and certain exhibits attached to that motion, (Docs. 760-1 to 760-2, 760-5 to 760-10, 760-13 to 760-15, 760-17 to 760-18). Reynolds filed on the public docket redacted versions of its response in opposition, (Doc. 754), and some of the exhibits, (Docs. 758-1 to 758-2, 758-5 to 758-10, 758-13 to 758-15, 758-17 to 758-18), with the allegedly confidential information blacked out or otherwise redacted. The unredacted versions are currently under seal. (Doc. 760; Docs. 760-1 to 760-2, 760-5 to 760-10, 760-13 to 760-15, 760-17 to 760-18.)

Reynolds claims confidentiality as to certain portions of its response in opposition, portions of Exhibit 6, and the entirety of Exhibits 1, 9, and 10 attached to Reynolds's response. (See id. at 2-3; Docs. 760-1, 760-6, 760-9, 760-10) The exhibits in question contain allegedly confidential information regarding the JUUL-Reynolds sublicense, including a copy of the sublicense, deposition testimony, and meeting minutes. (Doc. 758 at 3-4). For the reasons explained above, supra Part III.C.2, this court will maintain under seal the unredacted versions of the response, (Doc. 760), Exhibit 6,

(Doc. 760-6), and the entirety of Exhibits 1, 9, and 10, (Doc. 760-1, 760-9, 760-10), that contain confidential business information. But because no party claiming confidentiality over Exhibits 2, 5, 7, 8, 13, 14, 15, 17, and 18, (Docs. 760-2, 760-5, 760-7, 760-8, 760-13 to 760-15, 760-17, 760-18), has shown why sealing is necessary, Reynolds's motion to seal, (Doc. 756), will be denied as to those exhibits. See LR 5.4(c)(3). And because no party moved to maintain under seal Exhibits 3, 4, 11, 12, 16, 19, 20, 21, or 22, this court will direct the clerk to unseal the versions of these documents currently filed under seal, (Docs. 760-3, 760-4, 760-11, 760-12, 760-16, 760-19 to 760-22).

**vi. Parties' Motions to Seal Regarding Hearing Exhibits, Testimony, Demonstratives, and Transcripts**

The next set of motions, (Docs. 775, 779, 796, 798, 803, 831, 835), concern several of the parties' hearing exhibits, testimony, demonstratives, and transcripts.

The first two motions to seal, (Docs. 775, 779), are the parties' pre-hearing motions to seal hearing exhibits and to close the courtroom. These motions were filed to preserve the parties' rights to move to seal any exhibits, testimony, demonstratives, or transcripts introduced at the evidentiary hearing. (See Doc. 776 at 8; Doc. 780 at 1). However, prior to the evidentiary hearing, the parties stipulated that "use of an

exhibit in open court without sealing the courtroom does not in any way waive a party's right to seek to seal or redact that testimony or document," and that they would "meet and confer regarding sealing and potential redactions to hearing transcripts and exhibits following the conclusion of the hearing" and "file post-hearing motions to seal" after the hearing. (Doc. 789 at 3-4). Following the evidentiary hearing the parties filed several motions to seal regarding exhibits, testimony, demonstratives, and transcripts that were introduced at, or filed after, the hearing. (See Docs. 796, 798, 803, 831, 835). As such, Reynolds's motion to seal hearing exhibits and close the courtroom, (Doc. 775), and Altria's motion to seal hearing exhibits, (Doc. 779), will be denied pursuant to the parties' stipulations.

The parties filed three motions seeking to seal their hearing demonstratives. In the first, (Doc. 796), Altria seeks to maintain under seal certain demonstratives it used during the evidentiary hearing, (Docs. 795-1 to 795-5). Altria filed on the public docket redacted versions of some of the exhibits, (see Docs. 794-1, 794-3 to 794-5), with the allegedly confidential information blacked out or otherwise redacted. The unredacted versions are currently under seal. (Docs. 795-1 to 795-4).

In its response to the motion to seal, Reynolds states that the demonstratives contain information about "discussions,

negotiations, and diligence" and "potential and actual terms of the JUUL-Reynolds Sublicense," as well as "financial dollar figures," "projections of future potential royalty amounts," and "market share data." (Doc. 811 at 5-6.)

In support of its motion to seal, Altria requests that this court "maintain under seal certain material[s] in Exhibits C and D" because those materials relate to a "confidential, non-public internal memorandum pertaining to Altria's investment in JUUL," and "Altria's licensing policies." (Doc. 814 at 1-2.) However, Altria opposes maintaining under seal the remaining information in Reynolds' demonstratives. (See Doc. 813 at 2-3.) Because this court has determined that Reynolds has a compelling interest in safeguarding this information, the public's interest is minimal, and the motion to seal is narrowly tailored, see supra Part III.C.2, this court will maintain under seal the unredacted versions of Altria's hearing demonstratives, (Docs. 795-1 to 795-5), that contain the parties' confidential business information.

In the second motion regarding demonstratives, (Doc. 798), Reynolds seeks to seal certain portions of its hearing demonstratives, (Docs. 800-1 to 800-5). Reynolds filed on the public docket redacted versions of its demonstratives, (Docs. 797-1 to 797-5), with the allegedly confidential information blacked out or otherwise redacted. The unredacted versions are

currently under seal. (Docs. 800-1 to 800-5.) Reynolds claims confidentiality as to these demonstratives and states that the demonstratives contain information about "discussions, negotiations, and diligence" and "potential and actual terms of the JUUL-Reynolds Sublicense," as well as "financial dollar figures," "projections of future potential royalty amounts," and "market share data". (Doc. 799 at 2.) Altria also claims confidentiality over some of these demonstratives but does not seek to seal all of these materials. For the reasons explained above, supra Part III.C.2, this court will maintain under seal the unredacted versions of Reynolds's hearing demonstratives, (Docs. 800-1 to 800-5), that contain the parties' confidential business information.

In the third motion regarding demonstratives, (Doc. 809), Altria seeks to seal certain additional portions of a hearing demonstrative, (Doc. 808). Altria filed on the public docket redacted versions of its demonstrative, (Doc. 807-1), with the allegedly confidential information blacked out or otherwise redacted. The unredacted version is currently under seal. (Doc. 808.) The demonstrative contains information about "non-public internal memoranda pertaining to Altria's investment in JUUL and compensation relating to an IP license agreement with another third-party entity." (Doc. 810 at 2.) For the reasons explained above, supra Part III.C.2, this court will maintain under seal

the unredacted version of Altria's additional hearing demonstrative, (Doc. 808), that contains Altria's confidential business information.

Next, parties filed two motions seeking to seal their hearing exhibits. First, (Doc. 831), Altria seeks to seal certain portions of its and Reynolds' exhibits admitted at the evidentiary hearing, (Docs. 833, 833-1 to 833-9). Altria filed on the public docket redacted versions of some of the exhibits, (Docs. 832-3 to 832-12), with the allegedly confidential information blacked out or otherwise redacted. The unredacted versions are currently under seal. (Docs. 833, 833-1 to 833-9.) The exhibits are documents that contain Altria's "business strategy documents," "business structure documents," and a "licensing document." (Doc. 832 at 1, 4.) For the reasons explained above, supra Part III.C.2, this court will maintain under seal the unredacted versions of Altria's hearing exhibits, (Docs. 833, 833-1 to 833-9), that contain Altria's confidential business information.

Second, (Doc. 835), Reynolds seeks to seal certain portions of its and Altria's exhibits admitted at the evidentiary hearing, (Docs. 837, 837-1 to 837-32, 839, 839-1 to 839-3). Reynolds filed on the public docket redacted versions of some of the exhibits, (Docs. 838, 838-1 to 838-32, 840, 840-1 to 840-3), with the allegedly confidential information blacked out or

otherwise redacted. The unredacted versions are currently under seal. (Docs. 837, 837-1 to 837-32, 839, 839-1 to 839-3). Reynolds, the party claiming confidentiality over the exhibits, states that the exhibits contain information regarding contract terms, financial projections and data, negotiations concerning the JUUL-Reynolds sublicense, reports about "potential merger and acquisition activity," and privilege logs. (Doc. 836 at 11). For the reasons explained above, supra Part III.C.2, this court will maintain under seal the unredacted versions of the parties' hearing exhibits, (Docs. 837, 837-1 to 837-32, 839, 839-1 to 839-3), that contain the parties' confidential business information.

Finally, (Doc. 803), Reynolds seeks to seal certain portions of the transcripts of video depositions played at the evidentiary hearing, (Docs. 805-1 to 805-5). Reynolds filed on the public docket redacted versions of the transcripts, (Docs. 802-1 to 802-5), with the allegedly confidential information blacked out or otherwise redacted. The unredacted versions are currently under seal. (Docs. 805-1 to 805-5.)

Reynolds claims confidentiality over these transcripts and states that they contain information about "discussions, negotiations, and diligence" that led to the JUUL-Reynolds sublicense, as well as "the potential and actual terms of the JUUL-Reynolds Sublicense." (Doc. 803 at 2.) Altria also claims

confidentiality over the transcripts but only "requests that the Court maintain under seal certain material in . . . Exhibit C." (Doc. 814 at 1-2.) Altria opposes sealing the remaining materials. (See Doc. 813 at 2-3.) Because this court has determined that Reynolds has a compelling interest in safeguarding this information, the public's interest is minimal, and the motion to seal is narrowly tailored, see supra Part III.C.2, this court will maintain under seal the unredacted versions of the transcripts of the video depositions played at the hearing, (Docs. 805-1 to 805-5), that contain the parties' confidential business information.

**vii. Parties' Motions to Seal Regarding Post-Hearing Briefs**

The final set of five motions to seal, (Docs. 843, 851, 861, 870, 874), concern the parties' post-hearing briefs, proposed findings of fact and conclusions of law, and certain exhibits attached thereto.

In the first motion, (Doc. 843), Reynolds seeks to seal certain portions of its trial brief and proposed findings of fact and conclusions of law, (Docs. 845, 846). Reynolds filed on the public docket redacted versions of these materials, (Docs. 841, 842), with the allegedly confidential information blacked out or otherwise redacted. The unredacted versions are currently under seal. (Docs. 845, 846.) Reynolds claims confidentiality

over portions of these materials that regard "a confidential intellectual property sublicense between Reynolds and JUUL and financial dollar figures tied to Reynolds's sales of VUSE Alto." (See Doc. 843 at 2; Doc. 844 at 2.)

In its response to the motion to seal, Altria states that it "supports Reynolds' motion to seal" because Reynolds trial brief and proposed findings of fact and conclusions of law "contains information from a confidential, non-public internal memorandum pertaining to Altria's investment in JUUL, as well as information form confidential term sheets and draft agreements relating to a transaction between Altria and JUUL." (Doc 864 at 2.) For the reasons explained above, supra Part III.C.2, the court will maintain under seal the unredacted versions of Reynolds's post-hearing brief and proposed findings of fact and conclusions of law, (Docs. 845, 846), that contain the parties' confidential business information.

In the second motion, (Doc. 851), Altria seeks to seal certain portions of its post-hearing brief and proposed findings of fact and conclusions of law, (Docs. 849, 850). Altria filed on the public docket redacted versions of these materials, (Docs. 847, 848), with the allegedly confidential information blacked out or otherwise redacted. The unredacted versions are currently under seal. (Docs. 849, 850.) Altria claims confidentiality over portions of these materials that correspond

to "confidential, non-public internal memoranda pertaining to Altria's investment in JUUL." (See Doc. 852 at 2.)

Reynolds also claims confidentiality over portions of Altria's brief and proposed findings of fact and conclusions of law. In its response to the motion to seal, Reynolds states that it "supports Altria's motion to seal" as to "confidential intellectual property sublicense, internal competitive intelligence, financial dollar figures tied to Reynolds's sales of VUSE Alto, projections of future potential royalty amounts, and privilege log descriptions." (Doc. 858 at 1-2.) For the reasons explained above, supra Part III.C.2, this court will maintain under seal the unredacted versions of Altria's post-hearing brief and proposed findings of fact and conclusions of law, (Docs. 849, 850), that contain Altria's confidential business information.

In the third motion, (Doc. 861), Altria seeks to seal its "corrected Exhibit A to its Proposed Findings of Fact and Conclusions of Law." (Id. at 1). Altria filed on the public docket redacted versions of its exhibit, (Doc. 860), with the allegedly confidential information blacked out or otherwise redacted. The unredacted version is currently under seal. (Doc. 862). The exhibit contains information designated by Reynolds as confidential. (Doc. 861 at 1.) Altria does not claim confidentiality over this exhibit. (See id.). Reynolds did not

file a response seeking to seal the exhibit. Because the party claiming confidentiality over this material, (Doc. 862), failed to show why sealing is necessary, (Doc. 861), will be denied. LR 5.4(c)(3).

In the fourth motion, (Doc. 870), Reynolds seeks to seal certain portions of its response to Altria's post-hearing brief, (Doc. 866). Reynolds filed on the public docket redacted versions of its response, (Doc. 865), with the allegedly confidential information blacked out or otherwise redacted. The unredacted version is currently under seal. (Doc. 866.) In its support for the motion to seal, Reynolds states that the document contains information related to "a confidential intellectual property sublicense and its actual and potential confidential terms, financial dollar figures tied to Reynolds's sales of VUSE Alto, and projections of future potential royalty amounts." (Doc. 871 at 1.) For the reasons explained above, supra Part III.C.2, this court will maintain under seal the unredacted version of Reynolds's post-hearing response brief, (Doc. 866), that contains Reynolds's confidential business information.

In the final motion, (Doc. 874), Altria seeks to seal certain portions of its response to Reynolds's post-hearing brief and findings of fact and conclusions of law, (Doc. 873). Altria filed on the public docket redacted versions of its

response, (Doc. 875), with the allegedly confidential information blacked out or otherwise redacted. The unredacted version is currently under seal. (Doc. 873.) Altria does not claim confidentiality as to these materials. (See id. at 1.) Reynolds, the party claiming confidentiality, "supports Altria's motion to seal." (Doc. 878 at 1.) In its response to the motion to seal, Reynolds states that the proposed sealed information pertains to "confidential intellectual property sublicense, internal competitive intelligence, financial dollar figures tied to Reynolds's sales of VUSE Alto, projections of future potential royalty amounts, and privilege log descriptions." (Id. at 1-2.) For the reasons explained above, supra Part III.C.2, this court will maintain under seal the unredacted version of Altria's post-hearing response brief, (Doc. 873), that contains the parties' confidential business information.

## IV. CONCLUSION

For the foregoing reasons,

**IT IS THEREFORE ORDERED** that Reynolds's' Motion to Seal its Response Brief in Opposition to Altria's Motion to Compel, (Doc. 681); Altria's Motion to Seal its Reply Brief in Support of its Motion to Compel and Certain Exhibits, (Doc. 693); Reynolds's Motion to Seal its Trial Brief, (Doc. 703); Altria's Motion to Seal its Pre-Hearing Brief, (Doc. 713); Reynolds's Motion to Seal its Brief in Support of its Motion to Exclude, (Doc. 728);

Altria's Motion to Seal its Memorandum of Law and Certain Exhibits in Opposition to Motion to Exclude, (Doc. 761); Altria's Motion to Seal its Motion in Limine, (Doc. 734); Altria's Motion to Seal Certain Demonstratives, (Doc. 796); Reynolds's Motion to Seal Certain Portions of its Demonstratives, (Doc. 798); Reynolds's Motion to Seal Portions of Transcripts, (Doc. 803); Altria's Motion to Seal Corrected Exhibit to Notice of Filing of Altria's Evidentiary Hearing Demonstratives, (Doc. 809); Altria's Motion to Seal Certain Exhibits, (Doc. 831); Reynolds's Motion to Seal Confidential Exhibits and Transcripts, (Doc. 835); Reynolds's Motion to Seal its Trial Brief and Proposed Findings of Fact and Conclusions of Law, (Doc. 843); Altria's Motion to Seal its Post-Hearing Brief and Proposed Findings of Facts and Conclusions of Law, (Doc. 851); Reynolds's Motion to Seal its Response to Altria's Post-Hearing Brief, (Doc. 870); and Altria's Motion to Seal its Response to Reynolds's Post-Hearing Brief and Proposed Findings of Fact and Conclusions of Law, (Doc. 874), are **GRANTED IN FULL**. The Clerk **SHALL** maintain under seal the materials filed at Doc. 683; Docs. 692, 692-3, 692-7; Docs. 706, 707; Doc. 712; Doc. 730; Docs. 757, 757-1 to 757-3; Docs. 733, 733-1 to 733-3; Docs. 795-1 to 795-5; Docs. 800-1 to 800-5; Docs. 805-1 to 8-5-5; Doc. 808; Docs. 833, 833-1 to 833-9; Docs. 837, 837-1 to 837-32, 839,

839-1 to 839-3; Docs. 845, 846; Docs. 849, 850; Doc. 866; Doc. 873.

**IT IS FURTHER ORDERED** that Reynolds's Motion to Seal its Response in Opposition to Altria's Motion in Limine, (Doc. 752); Reynolds's Motion to Seal Exhibits and Close the Courtroom, (Doc. 775); Altria's Motion to Seal Certain Exhibits and Testimony, (Doc. 779); and Altria's Motion to Seal its Correct Exhibit from its Proposed Findings of Fact and Conclusions of Law, (Doc. 861), are **DENIED IN FULL**. The Clerk **SHALL NOT** maintain under seal the documents filed at Docs. 753, 753-1 to 753-5; Doc. 862.

**IT IS FURTHER ORDERED** that Altria's Motion to Seal its Motion to Compel and Certain Exhibits, (Doc. 669); Altria's Motion to Seal its Memorandum in Support of its Motion for Issuance of Hague Convention Letter and Certain Exhibits, (Doc. 675); Altria's Motion to Seal its Opposition to Reynolds's Motion to Quash, (Doc. 747); Altria's Motion to Seal its Memorandum in Support of its Motion in Limine, (Doc. 739); Reynolds's Motion to Seal its Response in Opposition to Altria's Motion in Limine, (Doc. 752); and Reynolds's Motion to Seal its Response in Opposition to Altria's Motion in Limine, (Doc. 756), **ARE GRANTED IN PART AND DENIED IN PART**. The Clerk **SHALL** maintain under seal the documents filed at Docs. 668, 668-4, 668-5, 668-8 to 668-11, 668-13, 668-14, 668-17 to 668-23; Doc. 674-1; Docs.

746, 764-4 to 746-7, 746-9; Docs. 738, 738-1 to 738-4, 738-6 to 738-13, 738-15 to 738-18, 738-20 to 738-24; Docs. 760, 760-1, 760-6, 760-9, 760-10. The Clerk **SHALL NOT** maintain under seal the documents filed at Docs. 668-2, 668-3, 668-6, 668-7, 668-12, 668-15, 668-16, 668-24; Doc. 673; Docs. 674, 674-2; Doc. 745; Docs. 746-1 to 746-3, 746-8; Doc. 737; Docs. 738-5, 738-12, 738-14, 738-19; Docs. 760-2 to 760-5, 760-7, 760-8, 760-11 to 760-22.

**IT IS FURTHER ORDERED** that within thirty (30) days of the entry of this Order, Altria **SHALL** file on the public docket copies of its Exhibits 1, 2, 6, 7, 8, 9, 10, 12, and 13 to Exhibit A – currently filed under seal at Doc. 674-1 – that reflect this Order.

**IT IS FURTHER ORDERED** that within thirty (30) days of the entry of this Order, Altria **SHALL** file on the public docket copies of the documents filed at Docs. 737-35, 737-38, and 737-39 that are redacted to reflect this Order, and Altria **SHALL** also file under seal unredacted copies of the documents filed at Docs. 738-20, 738-23, and 738-24 that are highlighted to reflect this Order.

**IT IS FURTHER ORDERED** that within thirty (30) days of the entry of this Order, Altria **SHALL** file on the public docket copies of the documents filed at Docs. 745-2 to 745-4, and 754-9 that are currently filed under seal. Altria **SHALL** also file on

the public docket a copy of the document filed at Doc. 745-6 that is redacted to reflect this Order.

This the 30th day of September, 2026.

William L. Osteen, Jr.
United States District Judge